UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>Defendant. | Case No.:  18cv1927 JM (MSB)<br><br>**ORDER ON OBJECTION TO MAGISTRATE JUDGE'S ORDER** |
| PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>WORKPLACE TECHNOLOGIES RESEARCH, INC., and DOES 1-15,<br><br>Counter-Defendants. | |

Plaintiff and Counter-Defendant Workplace Technologies Research, Inc. ("WTR") object under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Michael S. Berg's order (Doc. No. 78) extending the deadline to serve request for written discovery. (Doc. No. 80.)  Plaintiff Project Management Institute, Inc. ("PMI") opposes. (Doc. No. 90.)  For the below reasons, the objection is **OVERRULED**.

## I. BACKGROUND

The deadline in the scheduling order to serve written discovery requests expired on August 3, 2020. (*See* Doc. No. 57.) Due to an "inadvertent and unintentional calendaring mistake," PMI did not serve its second set of requests for production of documents, second set of interrogatories, and first set of requests for admission by the deadline. (Doc. No. 90 at 6.) When PMI asked WTR to agree to extend the deadline for 30 days, WTR refused. (Doc. No. 80-1 at 2.) On August 17, 2020, PMI filed an ex parte motion to extend the August 3, 2020 deadline (Doc. No. 68), which WTR opposed (Doc. No. 69). On August 25, 2020, Judge Berg granted the motion and extended the deadline to August 31, 2020. (Doc. No. 78.) Judge Berg also ordered counsel for PMI to reimburse WTR for up to $1,500 in attorneys' fees that WTR accrued in opposing PMI's motion. (*Id.*) On August 28, 2020, PMI served WTR with requests for production, interrogatories, and admissions. (Doc. No. 80-1 at 5.) On September 8, 2020, WTR timely filed the instant objection. (Doc. No. 80.) On October 5, 2020, PMI filed its opposition. (Doc. No. 90.)

## II. LEGAL STANDARDS

Rule 72(a) provides that a party may object to a non-dispositive pretrial matter decided by a magistrate judge. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Accordingly, the district judge must afford some deference to the magistrate judge's ruling. *See Hill v. Alpine Sheriff Dep't*, Case No.: 18cv2470-CAB-MDD, 2020 WL 5891570, at *2 (S.D. Cal. Oct. 2, 2020) (citations omitted); *United States v. RAJMP, Inc.*, Case No.: 17-CV-515-AJB-DEB, 2020 WL 5752938, at *2 (S.D. Cal. Aug. 25, 2020).

Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Similarly, Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . . on motion made after the time has expired if the party failed to act because of excusable neglect." These rules are to be "liberally construed to effectuate the general purpose of

seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, quotation marks, and alterations omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

## III.   DISCUSSION

For two main reasons, WTR objects to Judge Berg's order extending the deadline for PMI to serve requests for written discovery. Neither reason is availing. First, WTR argues that Judge Berg erroneously found that WTR would not suffer prejudice in responding to additional discovery requests because "[i]t is self-evident that [WTR] would be prejudiced by needing to respond to such additional written discovery requests[.]" (Doc. No. 80-1 at 5.) In making this argument, WTR conflates the inherent burden of responding to any ordinary and timely discovery request with the potential prejudice resulting from requiring a party to respond to an *untimely* discovery request. Nothing in the record or Judge Berg's order suggests that WTR was prejudiced by allowing PMI to make an untimely discovery request. To the contrary, during the hearing Judge Berg specifically inquired with WTR as to why it allegedly suffered prejudice, and WTR failed to provide a reason other than the typical burden any party would face in responding to additional discovery requests. (*See* Doc. No. 80-4 at 14:13-15 ("[A]side from the fact that you have to respond to them, and I get that, how would you be prejudiced if I put this out a week or so?"); 26:4-9 ("I don't see the real prejudice to you at this time . . . . because, I understand you're still getting ready in other aspects for trial and responding to other requests, but had these requests been timely made, you still would have needed to respond to them nonetheless.").) Additionally, PMI contacted WTR four days after the deadline expired to request an extension, but WTR refused for no other reason than "the deadline had passed." (Doc. No. 80-1 at 2.) Judge Berg also gave WTR the opportunity to file

additional written discovery requests of its own.  (Doc. No. 80-4 at 27:16-18.)  Finally, to the extent that WTR was unnecessarily burdened by PMI's motion to file an untimely discovery request, Judge Berg ordered PMI to pay up to $1,500 of WTR's attorneys' fees.  (*See* Doc. No. 78.)  Accordingly, Judge Berg's reliance on the lack of prejudice to WTR was not erroneous.

Second, WTR argues that Judge Berg's order is contrary to law because it does not address or distinguish the cases WTR cites in support of its argument that failure to calendar a scheduling order does not constitute good cause or excusable neglect.  (Doc. No. 80-1 at 6.)  In ruling on the motion, however, Judge Berg was not required to address and distinguish every case cited in WTR's papers.  Moreover, the cases cited by WTR are readily distinguishable and not controlling.  *See*, *e.g.*, *Steinmeier v. Cty. of San Diego*, Case No.: 18cv1603 JM (WVG), 2020 WL 248984, at *5 (S.D. Cal. Jan. 16, 2020) (disallowing plaintiff to amend her complaint after the defendant moved for summary judgment and trial was only a few months away).  Moreover, at the hearing, Judge Berg specifically referenced the applicable standards for determining whether to amend a scheduling order after a deadline has already expired, including excusable neglect under Rule 6(b).  (Doc. No. 80-4 at 7-8; *see also id.* at 8:12-14 ("[Y]ou understand that the standard is not merely good cause, as you stated, but it's excusable neglect, correct?").  Judge Berg also cited and discussed the following factors upon which he relied on in reaching his decision:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

(*Id.* at 7-8 (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)).)  Although WTR argues that Judge Berg made no findings with respect to the last three factors, especially PMI's diligence, the record shows otherwise.  At the hearing,

Judge Berg and counsel for PMI discussed, at some length, PMI's diligence. (*Id.* at 9-12.) PMI explained that delay occurred because it thought the case would settle at an early stage, because of the COVID-19 pandemic, and because it did not receive responses from WTR to its discovery requests. (*Id.*) Judge Berg also specifically inquired as to the need for additional discovery, to which PMI provided some reasonably specific answers, including that PMI is seeking "targeted interrogatories . . . . to explain the current use of [WTR's] product in the field of project management." (*See id.* at 12-13.) Based on the record, the court agrees that sufficiently good cause and excusable neglect warranted the relatively brief extension to the deadline for PMI to request an additional round of written discovery.

## IV. CONCLUSION

For the forgoing reasons, WTR has not shown that Judge Berg's order (Doc. No. 78) extending the deadline to serve written discovery requests is clearly erroneous or contrary to law. Accordingly, WTR's objection (Doc. No. 80) under Rule 72(a) is **OVERRULED**. With respect to any outstanding discovery issues related to his order,[1] Judge Berg will direct the parties as he deems appropriate and necessary.

IT IS SO ORDERED.

DATED: October 7, 2020

JEFFREY T. MILLER
United States District Judge

---

[1] As part of the instant objection, WTR did not request that Judge Berg's order be stayed, and WTR did not request leave to disregard PMI's most recent request for written discovery, while WTR's objection to Judge Berg's order was being decided. *See Alvarez v. Larose*, Case No.: 3:20-cv-00782-DMS-AHG, at *1 (S.D. Cal. Sept. 21, 2020) ("Filing an objection pursuant to Rule 72 does not automatically stay the magistrate judge's order. If that were the case, 'parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection.'") (internal citations omitted). To the extent WTR did not timely respond PMI's most recent request for written discovery, and did not seek leave to do so or otherwise notify the court it would not respond to the request, Judge Berg may wish to inquire as to the basis for WTR's conduct and consider appropriate remedies.