UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC., <br><br>                    Plaintiff, <br><br> v. <br><br> PROJECT MANAGEMENT INSTITUTE, INC., <br><br>                    Defendant. | Case No.:  18cv1927 JM (MSB) <br><br> **ORDER ON MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |
| PROJECT MANAGEMENT INSTITUTE, INC., <br><br>                    Counter-Claimant, <br><br> v. <br><br> WORKPLACE TECHNOLOGIES RESEARCH, INC., <br><br>                    Counter-Defendant. | |

Workplace Technologies Research, Inc. ("WTRI") moves for leave to file a Fourth Amended Complaint under Federal Rules of Civil Procedure 16(b) and 15(a). (Doc. No. 97.) Project Management Institute, Inc. ("PMI") opposes. (Doc. No. 99.) The motion has been briefed and is suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **DENIED**.

1

## I. BACKGROUND

As discussed in the court's prior orders, this action arises out of an unsuccessful endeavor to jointly develop software. On September 8, 2015, PMI and WTRI executed a "Development Agreement" providing that WTRI would develop software in collaboration with PMI for a payment to WTRI of up to $4,000,000. The Agreement envisioned five initial stages of software development – "Alpha 1" through "Alpha 5." If the final Alpha 5 version met all "Acceptance Criteria" and PMI accepted the Alpha 5 software, WTRI agreed to develop a "Charlie" software.

After allegedly failing to perform its obligations under the Development Agreement, PMI demanded a pilot study to assess the marketability of the software before it would move forward with its development. On November 30, 2016, the parties amended the Development Agreement to provide that if PMI rejected the Alpha 5 software and retained ownership of the software, the parties would execute a Services Agreement in lieu of monetary payment to WTRI. On December 2, 2016, PMI informed WTRI it would exercise its right to reject the Alpha 5 software and retain ownership. On December 15, 2016, the parties executed the Services Agreement memorializing the parties' agreement to perform a pilot study of the software. WTRI alleges PMI then failed to perform its obligations under the Services Agreement.

WTRI filed this action on August 20, 2018. On three separate occasions, this court previously dismissed WTRI's fraud claims. (Doc. Nos. 24, 32, 42.) The first time, the court found WTRI's claim for fraudulent misrepresentation failed to satisfy Rule 9(b) because, under <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003), WTRI failed to allege the "who, what, when, where, and how" of the alleged misrepresentations that (1) "PMI promised to accelerate development of the Alpha software toward completion," and (2) PMI "intentionally misrepresent[ed] its intent to perform under the Development Agreement and Service Agreement." (Doc. No. 24 at 23.) The second time, the court found that WTRI again failed to provide specificity as to the alleged misrepresentations, and that WTRI's mixed references to alleged

misrepresentations, concealment, and inducement left the court guessing at the precise conduct WTRI alleged was fraud. (Doc. No. 32 at 14.)

The third and final time, the court found that WTRI provided some additional specificity as to when the fraudulent statements were made, who made the statements, and what was said, but failed to clarify whether the allegedly fraudulent conduct constituted fraudulent misrepresentation, concealment, or inducement. (Doc. No. 42 at 5.) The court also found that WTRI failed to plead that PMI had a duty to disclose the information it allegedly concealed, and that PMI had intent to defraud. (Id. at 5.) The court therefore dismissed, without leave to amend, WTRI's fraud claim. (Id. at 9.)

## II.   LEGAL STANDARDS

The granting or denial of leave to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, courts may grant leave to amend whenever "justice so requires." Fed. R. Civ. P. 15(a)(2). Prior to the cutoff date for the amendment of pleadings, requests for leave to amend should be granted with "extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Reasons for denying a motion for leave to amend include undue delay, bad faith, futility of amendment, and undue prejudice to the opposing party. Foman, 371 U.S. at 182. When a party seeks to amend a pleading after the cutoff date, however, the liberal standard of Rule 15 no longer governs. See Johnson v. Mammoth Recreations, 975 F.2d 604, 607-08 (9th Cir. 1992). Instead, the moving party must satisfy the good cause requirement of Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)(4)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.

## III.   DISCUSSION

WTRI has not shown good cause under Rule 16(b)(4) to amend the scheduling order based on its desired amendment to its Third Amended Complaint ("TAC"). WTRI seeks

to amend its TAC by adding claims for fraudulent misrepresentation and fraudulent inducement. (Doc. No. 97-5 at ¶¶ 208-33.) As noted above, on multiple occasions, the court previously dismissed WTRI's fraud claims under Rule 12(b)(6). (Doc. Nos. 24, 32, 42.) Most recently, the court dismissed WTRI's fraud claims without leave to amend, but stated "[a]fter discovery commences . . . . WTRI is free to request leave to amend its Complaint, as consistent with the Federal Rules of Civil Procedure and Local Rules, based on evidence obtained through discovery." (Doc. No. 42 at 9.)

WTRI argues that fact discovery in this case has "confirmed" the basis for its fraud claims. (Doc. No. 97-1 at 4.) In its motion, however, WTRI does not identify the evidence in the record that "confirmed" the basis for its fraud claims, and WTRI does not explain why the fraud claims it seeks to bring now are distinguishable from those it previously brought. Rather, WTRI merely states that its allegations regarding PMI's fraudulent misrepresentation were "garnered from deposition testimony of Messrs. Carter-Bey, Weiss, and Labrador, as well as PMI internal communications produced shortly before the end of fact discovery."[1] (Doc. No. 97-1 at 4.) Instead of citing, or even discussing, the specific deposition testimony or documents upon which it relies to support its desired amendments, WTRI cites the amendments themselves. (See Doc. No. 97-1 at 8.)

---

[1] The specific deposition testimony and the document upon which WTRI relies to support its fraud claims was identified, for the first time, in WTRI's reply. (Doc. No. 103 at 3.) New information provided in a reply is "improper" and should be struck. See Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); see also Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence raised in a reply should not be considered without giving the non-moving party an opportunity to respond). Moreover, WTRI does not explain, nor is it obvious from the evidence itself, why the testimony or document suggests a "new" basis for WTRI's previously dismissed fraud claims. Accordingly, PMI moves the court to strike and disregard the evidence as untimely and irrelevant. (Doc. No. 108.) Because the court has reviewed and considered the testimony and document upon which WTRI replies, and the evidence not determinative of the instant order, PMI's Motion to Strike (Doc. No. 108) is DENIED AS MOOT.

As pointed out by PMI, however, these "new" allegations are materially the same as WTRI's previous allegations that, prior to signing the Services Agreement, PMI decided that WTRI would not be involved in future development of the software. (See Doc. No. 99 at 14-15.) Although WTRI argues in its reply that its new fraud allegations are not materially "identical" to its previously dismissed fraud allegations because it now alleges that "PMI lied to WTRI while negotiating the Services Agreement, telling WTRI that WTRI would be involved in future development of the PAL product and that work on the Proteum portion of the PAL project would continue," WTRI does not explain why this allegation differs from its previously dismissed allegations. (See Doc. No. 103 at 4.) For example, in its TAC, WTRI alleged that "[p]rior to signing the Services Agreement, PMI had already decided that it would not allow WTRI to participate in the development of the Agile product despite telling WTRI that it would be involved." (Doc. No. 37 ¶ 197.) Now, WTRI alleges that "[p]rior to signing the Services Agreement, PMI had already decided that it would not allow WTRI to participate in the source code development of the PAL product despite telling WTRI that it would be involved." (Doc. No. 97-5 ¶¶ 211, 222.)

Based on the argument made by WTRI in its motion, as well as the court's previous dismissals of WTRI's fraud claims, WTRI has not shown good cause under Rule 16(b)(4) to amend the scheduling order. Although the good cause standard "primarily" considers the diligence of the party seeking the amendment, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. To the extent WTRI was diligent in bringing the instant motion after the close of discovery, its reason for seeking amendment is essentially that discovery has occurred, not that newly uncovered evidence or a new admission by PMI confirms facts that were not previously alleged to support claims that were not previously rejected. For the same reason, PMI has made a strong showing that leave to amend under Rule 15(a) would be futile. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (holding that a "strong showing" of any of the Foman factors,

including futility of amendment, may overcome the presumption in favor of granting leave under Rule 15(a)); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted."); see also Foman, 371 U.S. at 182 (noting that the "repeated failure to cure deficiencies by amendments previously allowed" is appropriate grounds for denial of leave to amend under Rule 15(a)).

### IV.   CONCLUSION

For the forgoing reasons, WTRI's Motion for Leave to File Fourth Amended Complaint (Doc. No. 97) is **DENIED**.

IT IS SO ORDERED.

DATED: January 25, 2021

JEFFREY T. MILLER
United States District Judge