UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>                      Defendant. | Case No.: 18cv1927 JM (MSB)<br><br>**ORDER ON MOTIONS TO SEAL** |
| PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>                      Counter-Claimant,<br><br>v.<br><br>WORKPLACE TECHNOLOGIES RESEARCH, INC., et al.,<br><br>                      Counter-Defendants. | |

      Presently before the court is Plaintiff Workplace Technologies Research, Inc. ("WTRI")'s (Doc. No. 125) and Defendant Project Management Institute, Inc. ("PMI")'s (Doc. Nos. 130, 133, 141, 147, 159) Motions to Seal, filed in connection with the Parties' Motions for Summary Judgment (Doc. Nos. 126 and 158) and *Daubert* Motions (Doc.

1

18cv1927 JM (MSB)

Nos. 128, 132, 134, 136, 137, 146). For the reasons set forth below, the Parties' Motions are **DENIED WITHOUT PREJUDICE.**

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1097-99. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

"Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected." *Wasito v. City of San Diego*, No. 19-CV-2395 JLS (JLB), 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Ervine v.*

*Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). Here, instead of narrowly tailoring their requests, the Parties have sought to seal an unjustifiably broad swath of material, encompassing over seventy documents and totaling well over two thousand pages of materials.

As just one example, WTRI seeks to seal the expert report of Dr. Ricardo Valerdi (Penner Decl., Ex. 2, Doc. No. 127-1) because the report "contains a listing of WTRI's customers"—citing to ¶¶ 77-83 of Dr. Valerdi's report. (Doc. No. 125 at 3). Even if, for the sake of argument, WTRI's stated reason was sufficient to seal this limited portion of Dr. Valerdi's report, it would not present a compelling reason why the *entirety* of the report, including numerous pages of academic qualifications, should be sealed. *See Whitewater W. Indus. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118-BEN-BLM, 2019 WL 1590470, at *2 (S.D. Cal. Apr. 12, 2019) (denying request to seal expert report in its entirety as excessive).

This failure is repeated throughout the Parties' Motions to Seal. For example, WTRI seeks to seal an excerpt of Dr. Lia DiBello's deposition testimony (Penner Decl., Ex. 6, Doc. No. 127-5) because portions of the testimony identify "names of WTRI's customers and distribution channels" and "pricing and revenue information for WTRI's products." (Doc. No. 125 at 3). This does not set forth a compelling reason why the entirety of this exhibit, including portions where counsel are discussing whether to break for lunch, should be sealed. *See In re GEICO Gen. Ins. Co.*, No. 19-cv-03768-HSG, 2021 WL 411239, at *2 (N.D. Cal. Feb. 5, 2021) ("In filing motions to seal, the burden is on the parties to justify, in detail, *each* proposed fact that they want to seal.") (emphasis in original). Similarly, PMI requests that an excerpt of Dr. Alicia Sanchez's deposition testimony (Bakewell Decl, Ex. 10, Doc. No. 161-4 at 84-98) be sealed (Doc. No. 159 at

3

18cv1927 JM (MSB)

4), but provides no compelling reason why the court should seal the entire exhibit—including a discussion among counsel regarding the amount of time left on the record.[1]

The Parties have also failed to sufficiently tie their stated reasons for sealing to each individual exhibit. As examples, WTRI seeks to seal Exhibits 1-7 to the Patiño Declaration because they are "all expert reports" that rely on "information designated confidential by WTRI or third parties" including "customer names, financial information, as well as internal WTRI documents describing its technology and game design efforts." (Doc. No. 125 at 3). Similarly, PMI seeks to seal "Exhibits 10, 33, 35 and 36" to the Bakewell Declaration because these exhibits include "product-specific financial information, trade secret information, customer information, internal reports, and confidential information regarding third-party witnesses." (Doc. No. 159 at 4).

Not only are these requests not narrowly tailored, the Parties' assertions these groups of documents contain sensitive business information are "in the vein of a legal conclusion and [are] not specific facts showing a compelling reason to seal." *PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2014 WL 4722326, at *3 (D. Ariz. Sep. 23, 2014). Based on the Parties' filings, the court is left attempting to decipher how the Parties' stated rationale applies to each individual exhibit. However, it is the Parties' responsibility to provide specific facts in support of their requests *to each exhibit*. The court declines to take on this responsibility. *See Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021) ("At a minimum, the party moving to seal multiple documents 'must demonstrate specific prejudice or harm flowing from the disclosure of [each] specific document.'") (quoting *Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *3 (S.D. Cal. Nov. 21, 2019)).

---

[1] The Parties are reminded that "a party must file a redacted version of any document that it seeks to file under seal." (Doc. No. 62 at 19).

The court further notes the only declarations the Parties have attached in support of their motions to seal are from outside counsel in this case. However, "declarations by counsel who lack[] personal knowledge of or the foundation for the alleged harm from disclosure . . . cannot constitute factual evidence that supports a 'compelling reason.'" *Mendell*, 2021 WL 398486, at *2.

Finally, it is clear the Parties did not meaningfully meet and confer prior to filing their motions. As the court already previously advised the Parties, once protected discovery documents are made part of a dispositive motion, "'they lose their status of being raw fruits of discovery,'" and "no longer enjoy protected status 'without some overriding interests in favor of keeping the discovery documents under seal.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Despite this, the Parties only stated rationale for sealing numerous documents is because they were designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the other side. This is not sufficient to justify sealing. Nor is an agreement to treat information designated by third parties as confidential sufficient to justify sealing. *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *8 (S.D. Cal. Apr. 20, 2020).

In light of the deficiencies identified above, the Parties' Motions to Seal are **DENIED WITHOUT PREJUDICE.** The Parties may re-apply for a sealing order on or before **July 16, 2021**. Should the Parties elect to do so, they are directed to meet and confer to coordinate their request and agree on the narrowest possible sealing order.

Any renewed motion must be made jointly by both Parties. The renewed motion must include, for each item sought to be sealed, in a table format: (1) the docket number of the provisionally sealed version of the document; (2) the declaration and exhibit number; (3) the name of the document; (4) the specific portion(s) of the documents sought to be filed under seal, identified by page and line numbers where possible; and (5) the filer's reasons for seeking sealing of the material. The reasons provided must be specific and tailored to the portion(s) of the documents sought to be sealed. The Parties

to this case should also file, concurrent with this renewed motion, all necessary declarations establishing that the information sought to be sealed is sealable.

**IT IS SO ORDERED.**

DATED: July 6, 2021

JEFFREY T. MILLER
United States District Judge