1
2
3
4
5
6
7         UNITED STATES DISTRICT COURT
8         SOUTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  WORKPLACE TECHNOLOGIES<br>11  RESEARCH, INC.,<br>12                                    Plaintiff,<br>13  v.<br>14  PROJECT MANAGEMENT INSTITUTE,<br>   INC.,<br>15                                    Defendant. | Case No.:  18cv1927 JM (MSB)<br><br>**ORDER ON MOTIONS TO SEAL** |
| 16  PROJECT MANAGEMENT INSTITUTE,<br>17  INC.,<br>18                             Counter-Claimant,<br>19  v.<br>20  WORKPLACE TECHNOLOGIES<br>   RESEARCH, INC., et al.,<br>21                          Counter-Defendants. | |

23        Presently before the court is Plaintiff Workplace Technologies Research, Inc.
24  ("WTRI") and Defendant Project Management Institute, Inc. ("PMI")'s "Joint Motion to
25  Seal Documents." (Doc. No. 166).  For the reasons set forth below, the Parties' Joint
26  Motion is **GRANTED IN PART** and **DENIED IN PART.**
27        The Parties previously filed numerous separate Motions to Seal in connection with
28  their Motions for Summary Judgment and *Daubert* Motions.  (Doc. Nos. 125, 130, 133,

1

141, 147, 159).  On July 6, 2021, the court denied the Parties' motions without prejudice, finding the Parties had failed to provide compelling reasons to justify their sealing requests.  (Doc. No. 165 at 3).  As it was evident the Parties had not sufficiently met and conferred prior to filing their separate motions, the court directed the Parties to renew their requests in a joint motion.   *Id.* at 5-6.  On July 16, 2021, in accordance with the court's order, the Parties filed the instant Joint Motion to Seal.  (Doc. No. 166).

Here, the Parties are generally seeking to seal portions of expert reports, deposition transcripts, and other exhibits that contain, reference or discuss non-public business information.  *Id.* at 2-, 9-11.  WTRI also seeks to seal its "confidential communications" with a third-party, the National Science Foundation ("NSF"), regarding a funding proposal.  *Id.* at 6.   In support of their Joint Motion to Seal, the Parties submitted the declarations of: (1) Dr. Lia DeBello, the CEO, President and Director of Research of WTRI (Doc. No. 166-2); (2) Karen Holloway, a Content Developer at PMI (Doc. No. 166-3); and (3) Christopher Mancus, a Technical Manager for Cloud Integration and Core Services at PMI (Doc. No. 166-4).  The Parties have not opposed each other's sealing requests.  (*See* Doc. No. 166).

 "Documents containing commercially sensitive information have been held sealable in  this Circuit."  *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021) (collecting cases); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could  result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of public access to court records); *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) ("Courts have long acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents.").

18cv1927 JM (MSB)

1      "Even where records do not include trade secrets, they may still be sealed where

2 they could be a source of business information that might harm a litigant's competitive

3 standing." *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-CV-02109-

4 BEN-LL, 2021 WL 1821376, at *2 (S.D. Cal. Mar. 15, 2021) (quotations omitted).

5 Courts have "routinely found" that "non-public financial, pricing, and strategy

6 information could harm litigants' competitive standing and grant motions to seal such

7 information." *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV181882JGBSHKX,

8 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) (collecting cases).

9      In this case, the court finds the Parties have presented compelling reasons to justify

10 sealing limited portions of the Parties' exhibits.   Specifically, the exhibits contain

11 confidential, non-public information, including alleged trade secrets regarding PMI's

12 Flows, the identities of customers, pricing information, internal marketing research, and

13 source code.   The court is satisfied the Parties have submitted sufficient factual support

14 that they would be placed at a competitive disadvantage if this information was publicly

15 released.   (*See* Doc. Nos. 166-2 at ¶¶ 2-3; 166-3 at ¶ 8; 166-4 at ¶ 6).

16      The court also finds there are compelling reasons to justify sealing confidential

17 communications between WTRI and NSF.   As Dr. DiBello states in her declaration, "[i]f

18 such information was released to the public, potential clients could use the reasoning

19 discussed in those communications as a negotiating tool in potential business transactions

20 with WTRI, to WTRI's competitive disadvantage."   (Doc. No. 166-2 at ¶ 4).   Courts have

21 found such communications with third-parties to be sealable where they could "present a

22 threat of competitive harm" if the terms of these negotiations were disclosed publicly. *See*

23 *Aya Healthcare Servs. v. Amn Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 WL

24 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (agreement reflected terms upon which

25 defendant was willing to do business with its associate vendors); *Icon-IP Pty Ltd. v.*

26 *Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3

27 (N.D. Cal. Mar. 4, 2015) (disclosing terms of agreement between Defendant and third-

28

party "would result in an invasion of the third-party's privacy" and "put [Defendant] at a disadvantage in future negotiations for similar agreements.").

Despite this, as articulated below, the court notes a number of the Parties' requests are still not narrowly tailored. *Wasito v. City of San Diego*, No. 19-CV-2395 JLS (JLB), 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) ("Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected.").

The court has considered and ruled on each of the exhibits the Parties designated for sealing as set forth in the following table:

| Document | Portions | Order |
|---|---|---|
| Expert Report of Dr. Ricardo Valerdi, dated December 11, 2020 (Penner Decl., Ex. 2) (Doc. No. 127-1) | ¶¶ 25-27; 62-70; 78; 81 | **GRANTED** |
| Excerpts from the Deposition Transcript of Ricardo Valerdi, dated April 26, 2021 (Penner Decl., Ex. 3) (Doc. No. 127-2) | 260:12-263:20 | **GRANTED** |
| Excerpts from the Deposition Transcript of Karen Holloway, dated October 2, 2020 (Penner Decl., Ex. 4) (Doc. No. 127-3) | 38:2-41:2; 54:1-55:15; 56:13-58:14 | **GRANTED** |
| Excerpts from the Deposition Transcript of Lia DiBello, Ph.D., Vol. II, dated October 6, 2020 (Penner Decl., Ex. 6) (Doc. No. 127-5) | 359:24; 360:3; 346:24-349:18; 351:11-353:15 | **GRANTED IN PART** and **DENIED IN PART.** WTRI's request to seal Dr. DiBello's testimony on pricing and revenue information (359:24 and 360:3) is **GRANTED.**<br><br>PMI's remaining request to seal testimony "discussing and describing" it's trade secrets (346:24-349:18; 351:11-353:15) is **DENIED** as not being narrowly tailored. The portions |

4

| Document | Portions | Order |
|---|---|---|
| | | of Dr. DiBello's deposition transcript PMI seeks to seal largely consist of testimony where Dr. DiBello is simply asked if she recognizes a document to which she responds in the negative.  PMI has not adequately explained how this is a "discussion" or "description" of its alleged trade secrets. |
| Excerpts from the Rebuttal Expert Report of Dr. Rajeev Surati, dated April 7, 2021 (Penner Decl., Ex. 10) (Doc. No. 127-6) | ¶¶ 169-170; 175; 180 | **GRANTED** |
| PMI00000898 (Penner Decl., Ex. 13) (Lodged) | Entirety | **GRANTED** |
| PMI00000944 (Penner Decl., Ex. 14) (Doc. No. 127-10) | Entirety | **GRANTED** |
| PMI00000917 (Penner Decl., Ex. 15) (Doc. No. 127-11) | Entirety | **GRANTED** |
| PMI00133485 (Penner Decl., Ex. 17) (Doc. No. 127-13) | Entirety | **GRANTED** |
| PMI00090670 (Penner Decl., Ex. 19) (Doc. No. 127-15) | Entirety | **GRANTED** |
| PMI00061342 (Penner Decl., Ex. 21) (Doc. No. 127-17) | Entirety | **GRANTED** |
| Expert Rebuttal Report of Clark Aldrich served on April 7, 2021 (Patiño Decl., Ex. 1) (Doc. No. 129-1) | Section F.a | **GRANTED** |
| Expert Report of Mickey A. Ferri, Ph.D. served on December 11,  2020 (Patiño Decl., Ex. 2) (Doc. No. 129-2) | Page 61, footnote 339; Page 85, ¶ 105(e) | **GRANTED** |
| Expert Report of Carlyn Irwin served on December 11, 2020 | Page 20, footnote 80; Page 27, ¶ 63, | **GRANTED** |

18cv1927 JM (MSB)

| Document | Portions | Order |
|---|---|---|
| (Patiño Decl., Ex. 4) (Doc. No. 129-4) | first sentence that cites to footnote 111. | |
| Expert Report of Dr. Ricardo Valerdi served on December 11, 2020 (Patiño Decl., Ex. 6) (Doc. No. 129-6) | ¶¶ 25-27; 62-70; 78; 81 | **GRANTED** |
| Excerpts from the Deposition Transcript of Jeremiah Stepan taken on May 6, 2021 (Patiño Decl., Ex. 12) (Doc. No. 129-12) | 195:19-204:22; 276:13-22; 295:18-326:1 | **GRANTED IN PART** and **DENIED IN PART.** PMI seeks to seal 295:18-326:1, but the excerpt of Mr. Stepan's deposition transcript submitted to the court does not include pages 301-304 or 313-324.  The court, therefore, construes PMI's request as a request to seal 195:19-204:22; 276:13-22; 295:18-300:25; 305:1-312:25; and 325:1-326:1 of the Stepan Deposition Transcript.<br><br>PMI's request is **GRANTED** as to 195:19-204:22; 295:18-300:25; 305:1-312:25; and 325:1-326:1.  It is **DENIED** as to 276:13-22, which is merely a discussion of the number of files on the source code computer, including generic file and directory names. It is not a discussion of the content of the source code itself. |
| Excerpts from the Deposition Transcript of Ricardo Valerdi, taken on April 26, 2021 (Patiño Decl., Ex. 13) (Doc. No. 129-13) | 99:10-109:12; 185:7-188:25; 241:13-248:25 | **GRANTED** |
| Excerpts from the Deposition Transcript of Chris Mancus, taken on March 11, 2021 | 74:11-79:20; 97:3-104:2; 153:1-155:25 | **GRANTED** |

18cv1927 JM (MSB)

| Document | Portions | Order |
|---|---|---|
| (Patiño Decl., Ex. 16) (Doc. No. 129-15) | | |
| Expert Rebuttal Report of Dr. Rajeev Surati (Bakewell Decl., Ex. 1) (Doc. No. 131-3) | ¶¶ 169-170; 175; 180 | **GRANTED** |
| Expert Report of Dr. Ricardo Valerdi served on December 11, 2020 (Bakewell Decl., Ex. 5) (Doc. No. 131-7) | ¶¶ 25-27; 62-70; 78; 81 | **GRANTED** |
| Rebuttal Report of Nick Ferrara (Bakewell Decl., Ex. C) (Doc. No. 138-5) | Entirety | **DENIED.** Per the court's prior order (Doc. No. 165), PMI's request to seal the entirety of this report, including numerous pages of qualifications and Mr. Ferrara's CV, is not narrowly tailored. |
| Rebuttal Report of Philip Greenspun (Bakewell Decl., Ex. D) (Doc. No. 138-6) | Entirety | **DENIED.** Per the court's prior order (Doc. No. 165), PMI's request to seal the entirety of this report, including numerous pages of qualifications, Dr. Greenspun's CV, and pages of general technical background information, is not narrowly tailored. |
| Expert Report of Ryan LaMotta dated December 11, 2020 (King Decl., Ex. 1) (Doc. No. 142-3) | ¶¶ 20; 25; 79; 82; 91-93; 95-96; 102; Footnote 192; ¶¶ 103; 105; 112-114 Attachment 4.1, note (3); Attachment 6.0, note (1) and note (2) | **GRANTED** |
| LaMotta Rebuttal Report (King Decl., Ex. 2) (Doc. No. 142-4) | ¶¶ 31; 60; 161 | **GRANTED** |
| Excerpts of Mr. Ryan LaMotta Deposition Transcript (King | 268:16-19; 284:9-12; | **GRANTED** |

18cv1927 JM (MSB)

| Document | Portions | Order |
|---|---|---|
| Decl., Ex. 3) (Doc. No. 142-5) | 284:16-21; 284:25-285:19 | |
| Excerpts from the Expert Report of Ryan LaMotta, dated December 11, 2020 (Bakewell Decl., Ex. 23) (Doc. No. 161-4 at 169-175) | ¶¶ 82; 102; Footnote 192 | **GRANTED** |
| Excerpts from the Expert Report of Ricardo Valerdi, dated December 11, 2020 (Bakewell Decl., Ex. 33) (Doc. No. 161-4 at 207-224) | ¶¶ 25-27 | **GRANTED.** Paragraph 25 is not included in this excerpt.  In addition, only a portion of Paragraph 26 appears. Accordingly, the court construes PMI's request as one to seal this portion of Paragraph 26 and the entirety of Paragraph 27.  This request is **GRANTED.** |

The Parties also seek to redact portions of their summary judgment and *Daubert* motions, and PMI's statement of material facts, that quote, cite to, or otherwise rely on the exhibits above. (Doc. No. 166 at 7).  The court notes however, that the current public versions of these documents have proposed redactions that are not narrowly tailored to seal only the limited portions of the exhibits set forth above.

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' Joint Motion to Seal.

1.  Within **ten days** of the electronic docketing of this Order:

   a.  The Parties are **ORDERED** to publicly file: (1) revised versions of the Parties' motions and PMI's statement of material facts; and (2) revised versions of the the exhibits identified in the table above with only the permitted, limited redactions described above.  The Parties' filings should clearly identify each document and which document it replaces.

18cv1927 JM (MSB)

b.      The Parties are further **ORDERED** to publicly file full, unredacted copies of all other documents previously lodged under seal.

2.      The Clerk of Court shall **FILE** the following currently lodged documents under seal: (Doc. Nos. 127; 127-1; 127-2; 127-3; 127-5; 127-6; 127-10; 127-11; 127-13; 127-15; 127-17; 129; 129-1; 129-2; 129-4; 129-6; 129-12; 129-13; 129-15; 131-1; 131-3; 131-7; 138-1; 142-1; 142-3; 142-4; 142-5; 148; 161; 161-1; 161-4).

**IT IS SO ORDERED.**

DATED: August 10, 2021

_____
JEFFREY T. MILLER
United States District Judge

9

18cv1927 JM (MSB)