UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROJECT MANAGEMENT INSTITUTE, INC., <br><br> Defendant. | Case No.: 18cv1927 JM (MSB) <br><br> **ORDER ON MOTIONS TO SEAL** |
| PROJECT MANAGEMENT INSTITUTE, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> WORKPLACE TECHNOLOGIES RESEARCH, INC., et al., <br><br> Counter-Defendants. | |

Presently before the court are Plaintiff Workplace Technologies Research, Inc. ("WTRI") and Defendant Project Management Institute, Inc. ("PMI")'s Motions to Seal. (Doc. Nos. 177, 186, 196, 198, 208). Having considered the Parties' Motions, the court rules as follows.

///

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1097-99. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

**ANALYSIS**

**I.    WTRI's Motions to Seal**

  **a.    WTRI's August 16, 2021 Motion to Seal (Doc. No. 177)**

In WTRI's August 16, 2021 Motion to Seal, WTRI requests that the court seal three categories of documents. (*See* Doc. No. 177).

First, WTRI requests that the court seal portions of Dr. Lia DiBello and Ryan LaMotta's deposition testimony that discuss or reference WTRI pricing and revenue information, WTRI's work for one of its customers, and communications between WTRI and the National Science Foundation ("NSF"). (Doc. Nos. 177 at 2-3, 5-9; 177-1 at 2).

As to this first category, the court finds WTRI has presented compelling reasons to seal the identified excerpts of Dr. DiBello and Mr. LaMotta's depositions. The limited portions of these transcripts that WTRI identifies contain confidential, non-public information regarding WTRI's financials, including revenue, pricing, and profit margins, WTRI's confidential work with one of its customers, and WTRI's communications with the NSF. *See e.g.*, *Orthopaedic Hosp. v. Encore Med.*, L.P., No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021) ("Documents containing commercially sensitive information have been held sealable in this Circuit.") (collecting cases); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (disclosing terms of agreement between defendant and third-party "would result in an invasion of the third-party's privacy" and "put [defendant] in a disadvantage in future negotiations for similar agreements."). WTRI has submitted sufficient factual support it would be placed at a competitive disadvantage if this information was publicly released. (Doc. No. 177-2 at ¶¶ 2-4).

Second, WTRI requests that the court seal various documents PMI marked as "CONFIDENTIAL" under the Protective Order. (Doc. Nos. 177 at 3-4; 177-1 at 2). In PMI's Statement of Non-Opposition, however, PMI states it is not requesting these documents be sealed. (Doc. No. 211 at 3). For these reasons, the court **DENIES** WTRI's Motion with respect to this second category.

Finally, WTRI requests that the court seal: (1) the Supplemental Expert Report of Nick Ferrara; and (2) the Second Supplemental Rebuttal Report of Phillip Greenspun, Ph.D. in their entirety. (Doc. Nos. 177 at 2; 177-1 at 2). Here, neither Party has taken a position on whether sealing these reports in their entirety is appropriate. In its Motion to Seal, WTRI states these reports were "sealed pursuant to the Protective Order" and that

WTRI "takes no position regarding the correctness of this designation." (Doc. No. 177-1 at 2). PMI, in turn, merely states it does not oppose WTRI's request, but "takes no position on whether WTRI" has satisfied the court's requirements on sealing documents. (Doc. No. 211 at 2). The court is unwilling to presume sealing is justified in the absence of any argument by either Party that these reports should be sealed. For these reasons, the court **DENIES** WTRI's Motion with respect to this third category.

For convenience, the court's rulings on WTRI's August 10, 2021 Motion to Seal is outlined in the table below:

| Name of Document | Order |
|---|---|
| Excerpts from Deposition Transcripts of Dr. Lia DiBello dated September 28, 2020 (Penner Decl, Ex. 1) (Doc. No. 183-2) | **GRANTED** as to 47:8-15; 88:15; 89:6; 89:13; 90:7; 90:10; 91:1-2; 91:3-4; 131:10; 153:6-7; 153:12; 154:6; 155:2; 155:14-15; 155:17-19; 155:21; 155:24; 156:13; 156:17; 251:3; 253:18; 253:20; 254:1; 254:6-7; 254:10; 254:13-14; 254:16; 254:23-24; and 255:3.<br><br>**DENIED** as to 145:8-12. This request appears to be a typographical error. To the extent WTRI is seeking to seal 154:8-12 of Dr. DiBello's deposition transcript because it contains confidential WTRI revenue information, this request is **GRANTED**. |
| Excerpts from Deposition Transcript of Dr. Lia DiBello, dated October 6, 2020 (Penner Decl., Ex. 4) (Doc. No. 183-3) | **GRANTED** as to 288:4-5; 289:7; 290:24; and 359:24. |
| Excerpts from the Deposition Transcript of Victor Carter-Bey, dated September 23, 2020 (Penner Decl., Ex. 5) (Doc. No. 183-4) | **DENIED.** |

| Name of Document | Order |
|---|---|
| Excerpts from the Deposition Transcript of Brian Weiss, dated September 30, 2020 (Penner Decl., Ex. 6) (Doc. No. 183-5) | **DENIED.** |
| Excerpts from the Deposition Transcript of Chris Mancus, dated March 11, 2021 (Penner Decl., Ex. 7) (Doc. No. 183-6) | **DENIED.** |
| Excerpts from the Deposition Transcript of Karen Holloway, dated October 2, 2020 (Penner Decl., Ex. 10) (Doc. No. 183-7) | **DENIED.** |
| PMI00405602 (Penner Decl., Ex. 14) (Doc. No. 183-8) | **DENIED.** |
| Excerpts from a document produced by PMI in this litigation bearing Bates numbers PMI00509082 (Penner Decl., Ex. 16) (Doc. No. 183-9) | **DENIED.** |
| Excerpts from the Deposition Transcript of Richard Fincher, dated April 30, 2021 (Penner Decl., Ex. 17) (Doc. No. 183-10) | **DENIED.** |
| Excerpts from the Deposition Transcript of Jesse Sardina, dated October 2, 2020 (Penner Decl., Ex. 18) (Doc. No. 183-11) | **DENIED.** |
| Excerpts from the Deposition Transcript of Jeremiah Stepan, dated May 6, 2021 (Penner Decl., Ex. 19) (Doc. No. 183-12) | **DENIED.** |
| Excerpts from a document produced by PMI in this litigation bearing Bates numbers PMI00009539 (Penner Decl., Ex. 20) (Doc. No. 183-13) | **DENIED.** |
| Excerpts from the Deposition Transcript of Misael Labrador, dated October 30, 2020 (Penner Decl., Ex. 21) (Doc. No. 183-14) | **DENIED.** |
| PMI00266439 (Penner Decl., Ex. 22) (Doc. No. 183-15) | **DENIED.** |
| Excerpts from the Deposition Transcript of Misael Labrador, dated October 29, 2020 (Penner Decl., Ex. 23) (Doc. No. 183-16) | **DENIED.** |

| Name of Document | Order |
|---|---|
| Supplemental Report of Nick Ferrara dated August 12, 2021 (Worley Decl., Ex. 1) (Doc. No. 181) | **DENIED.** |
| Second Supplemental Rebuttal Report of Philip Greenspun, Ph.D. dated August 12, 2021 (Worley Decl., Ex. 2) (Doc. No. 181-1) | **DENIED.** |
| Excerpts from the Deposition Transcript of Ryan LaMotta, dated April 27, 2021 (Gray Decl., Ex. A) (Doc. No. 179-1) | **GRANTED** as to 267:2-3; 268:18-19; 283:11-12; 284:6; and 284:18. |

b.  **WTRI's August 23, 2021 Motion to Seal (Doc. No. 196)**

WTRI requests that the court seal portions of WTRI's Reply in Support of its Motion for Summary Judgment. (Doc. No. 196 at 2). Specifically, WTRI seeks to seal portions of its Reply that excerpt or reference limited sections of Karen Holloway and Dr. Ricardo Valerdi's deposition testimony. *Id.* As WTRI notes, the court already granted the Parties' Motions to Seal the limited portions of Ms. Holloway and Dr. Valerdi's testimony at issue here. (*See* Doc. No. 167). For these reasons, the court **GRANTS** WTRI's August 23, 2021 Motion to Seal.

II.   **PMI's Motions to Seal**

a.  **PMI's August 17, 2021 Motion to Seal (Doc. No. 186)**[1]

PMI requests that the court seal portions of PMI's Opposition to WTRI's Motion for Summary Judgment. (Doc. No. 186 at 2). Specifically, PMI seeks to seal limited portions of its Response that reference PMI's alleged trade secrets. *Id.* at 4, 7. The court agrees compelling reasons exist to seal these portions of PMI's Response. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that

---

[1] The court notes PMI's August 17, 2021 Motion indicates *both* WTRI and PMI are making this sealing request. (Doc. No. 186 at 2). This appears to be a typographical error. PMI is the only signatory on the August 17, 2021 Motion. *Id.* at 5.

would overcome [the] strong presumption" in favor of public access to court records); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) ("[P]ossible infringement of trade secrets outweighs the general public interest in understanding the judicial process."). For these reasons, the court **GRANTS** PMI's August 17, 2021 Motion to Seal.

### b.     PMI's First August 23, 2021 Motion to Seal (Doc. No. 198)

PMI requests that the court seal any portion of its Reply in support of its *Daubert* Motion to exclude the testimony of Nick Ferrara and Phillip Greenspun that discuss: (1) the Supplemental Expert Report of Nick Ferrara; and (2) the Second Supplemental Rebuttal Report of Phillip Greenspun. (Doc. No. 198 at 2). PMI makes this request in light of WTRI's August 10, 2021 Motion to Seal (Doc. No. 177), but takes no position on the merits of WTRI's sealing request. (Doc. No. 198 at 20). As noted above, because neither Party has taken a position as to why these reports should be sealed in their entirety, PMI's request is **DENIED**.

### c.     PMI's Second August 23, 2021 Motion to Seal (Doc. No. 208)

PMI requests that the court seal portions of PMI's Response to WTRI's Statement of Facts. (Doc. No. 208 at 2). Specifically, PMI requests that the court seal portions of PMI's Response that reference certain sections of Ryan LaMotta's expert report. *Id.* As PMI notes, the court already granted the Parties' Joint Motion to Seal the limited portions of Mr. LaMotta's report that are at issue here. (*See* Doc. No. 167). For these reasons, PMI's request is **GRANTED.**

## CONCLUSION

In light of the foregoing, the court **ORDERS** as follows:

1.     Within **ten days** of the electronic docketing of this Order, the Parties are **ORDERED** to publicly file revised versions of any briefings, supporting documents, and/or exhibits, as necessary, in a manner consistent with this Sealing Order. The Parties' filings should clearly identify each document and which document it replaces.

2. The Clerk of Court shall **FILE** the following currently lodged documents under seal: (Doc. Nos. 179; 179-1; 183, 183-1; 183-2; 183-3; 187; 202; and 209).

**IT IS SO ORDERED.**

DATED: October 20, 2021

JEFFREY T. MILLER
United States District Judge