UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>                  Defendant. | Case No.:  18cv1927 JM (MSB)<br><br>**ORDER ON JOINT MOTION TO RESCHEDULE PRETRIAL DEADLINES** |
| PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>                  Counter-Claimant,<br><br>v.<br><br>WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>                  Counter-Defendant. | |

Presently before the court is Plaintiff/Counter-Defendant Workplace Technologies Research, Inc. ("WTRI")'s and Defendant/Counter-Claimant Project Management Institute, Inc. ("PMI")'s "Joint Motion to Reschedule Certain Pretrial Deadlines." (Doc. No. 245 at 1).  The Parties request that the court extend certain deadlines set at: (1) the January 21, 2022 telephonic status conference (Doc. No. 239) and (2) the court's

1  February 24, 2022 order on the Parties' Motions to Exclude (Doc. No. 240).  In support,
2  PMI's counsel, Mr. Eric Bakewell, submitted a declaration stating that he has
3  "preplanned and unrelated personal work obligations" from April 4, 2022 through
4  April 10, 2022 and that a majority of the attorneys representing PMI in this litigation
5  have supplemental briefing in an unrelated case in the Central District of California due
6  on April 7, 2022, with a summary judgment motion hearing currently set for April 11,
7  2022 at 1:30 p.m.  (Doc. No. 254-1 at ¶ 4).

8      A scheduling order entered before a final pretrial conference may be modified only
9  upon a showing of good cause.  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608
10 (9th Cir. 1992) ("Orders entered before the final pretrial conference may be modified
11 upon a showing of 'good cause[.]'") (citing Fed. R. Civ. P. 16(b)).  The good cause
12 standard "primarily considers the diligence of the party seeking the amendment."  *Id.* at
13 609.  If the moving party fails to demonstrate diligence, "the inquiry should end."  *Id.*

14     Here, the court does not find good cause to extend the deadlines as requested.
15 While PMI's counsel points to an "emergent" briefing obligation in an unrelated case and
16 other "preplanned and unrelated work obligations," the deadlines for the Parties to file
17 their Motions in Limine and consolidated *Daubert* Motions have been set for *months*
18 now.  (*See* Doc. Nos. 239, 240).  In addition, the deadlines with respect to the Parties'
19 Motions in Limine deadlines were agreed to, without objection, by the Parties at the
20 January 21, 2022 status conference.

21     As sensitive as the court is to the demands faced by PMI's counsel, the court is
22 mindful that every litigation counsel in every case is laboring under multiple deadlines
23 and commitments.  Despite this, the court will **GRANT-IN-PART** and **DENY-IN-**
24 **PART** the Parties' request for limited relief as follows:
25 ///
26 ///
27 ///
28 ///

| Event | Current Deadline | Revised Deadline |
|---|---|---|
| Lodging of Final Pretrial Conference Order | April 15, 2022 | April 18, 2022 |
| Final Pretrial Conference | April 22, 2022 at 10:00 a.m. | April 25, 2022 at 10:00 a.m. |
| Motions in Limine and *Daubert* Motions | April 8, 2022 | April 12, 2022 |
| Oppositions or Statements of Non-Oppositions | April 22, 2022 | April 19, 2022 |
| Replies | April 29, 2022 | April 26, 2022 |
| Motion in Limine Hearing | May 6, 2022 at 10:00 a.m. | Unchanged |

All other deadlines and requirements remain as set. (*See* Doc. No. 240 at 2).

**IT IS SO ORDERED.**

DATED: April 7, 2022

_____
JEFFREY T. MILLER
United States District Judge