JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
REGIS WORLEY, Jr., CA Bar No. 234401
   RegisWorley@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Plaintiff and Counter-Defendant
WORKPLACE TECHNOLOGIES RESEARCH, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROJECT MANAGEMENT INSTITUTE, INC. <br><br> Defendant. | Case No. 3:18-cv-01927-JO-MSB <br><br> **NOTICE OF FAILURE TO COMPLY WITH CIVIL LOCAL RULE 16.1** <br><br> Judge:   Hon. Jinsook Ohta <br> Place:   Courtroom 4C |
| PROJECT MANAGEMENT INSTITUTE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> WORKPLACE TECHNOLOGIES RESEARCH, INC.; and DOES 1-15 inclusive, <br><br> Counterdefendants. | |

18cv1927

47319493.2

## I. INTRODUCTION

Plaintiff and Counter-Defendant Workplace Technologies Research, Inc. ("WTRI") files this Notice to alert the Court that Defendant and Counter-Claimant Project Management Institute, Inc. ("PMI") has not complied with its duties pursuant to Civil Local Rule 16.1(b), which has prevented WTRI from being able to lodge a Joint Proposed Final Pretrial Conference Order, as required by D.I. 291.

## II. REQUIREMENTS OF THE JOINT PROPOSED FINAL PRETRIAL CONFERENCE ORDER

The minimum required inclusions of the Joint Proposed Pretrial Conference Order are set forth in Civil Local Rule 16.1(f)(6)(c), which includes a statement of all facts to which the parties stipulate. Additionally, when asked how to address admitted allegations in the pleadings, Judge Miller stated that they should also be included in the Joint Proposed Pretrial Conference Order:

> **MR. PATIÑO**: And that's -- we have a number of allegations in our very lengthy complaint that were admitted in the answer by PMI. And so what we thought to do was we made them stipulations in the draft of the pretrial order that we submitted to P -- PMI. PMI objected to using them as stipulations in the pretrial order.
>
> And so we wanted to ask the Court, is there – does the Court have a certain way that it brings to the attention of the jury admitted allegations in the pleadings? Or should we work further to try to get those into the pretrial order?
>
> **THE COURT**: Well, I always think it's good to include them in the pretrial order, in a separate section of the pretrial order.

December 17, 2021 Hearing Transcript at 18:6-18.

## III. EFFORTS TO PREPARE THE JOINT PROPOSED FINAL PRETRIAL CONFERENCE ORDER

After the Joint Proposed Pretrial Conference Order was lodged on November 24,

2021, the parties worked together to prepare the Joint Proposed Final Pretrial Conference Order. Pertinent to this Notice, the parties engaged in extensive meet-and-confer sessions to agree upon the stipulated facts. During this process, WTRI identified a number of admissions PMI made in its Answer to the Third Amended Complaint (D.I. 46), as well as a number of judicial admissions made in its counterclaims (D.I. 47). Pursuant to Judge Miller's request, WTRI proposed adding those admissions in a separate section. On April 1, 2022, after continued communication between the parties on this issue, PMI provided a response to WTRI's proposed admissions and provided its own section of proposed admissions. Those responses also included a number of proposed stipulated facts to which PMI agreed were acceptable. *See* Declaration of Jose L. Patiño in Support of Notice of Failure to Comply With Local Rule 16.1 ("Patiño Declaration") Exhibit A (Horak email of April 1). Thus, WTRI understood that the parties had reached a compromise that would include the admissions in the Joint Proposed Final Pretrial Conference Order.

A week later, on April 8, 2022, WTRI sent to PMI a response in which WTRI: (i) incorporated a number of admissions that PMI proposed into the section of stipulated facts, (ii) further agreed to a number of PMI's proposed revisions to the stipulated facts, and (iii) proposed revisions for other stipulated facts. Hearing no response for ten days on an essentially agreed to Joint Pretrial Order, WTRI submitted a draft of the Joint Proposed Final Pretrial Conference Order to PMI on the morning of Monday, April 18, 2022 (the day the document was due to be lodged pursuant to the then-controlling scheduling order of D.I. 246) seeking PMI's approval on what the parties had essentially previously agree to submit to the Court. At 1:05 p.m. that same day, PMI responded and provided "significant" revisions to the stipulated facts section – including deleting a number of facts on which both parties previously agreed – and PMI further deleted the section where each party could include admissions made by the other party which Judge Miller had required. WTRI reached out to PMI to raise its concerns about the last minute changes and deletion of the admissions section requested by Judge Miller, as well as the previously agreed upon facts. PMI dug in and refused to agree to the inclusion of the admission section, and

justified its deletion of previously agreed upon stipulations "to ensure the document is fair and balanced."

That evening, the parties were informed that the Final Pretrial Conference scheduled for April 25 was moved to April 27, 2022. The parties agreed to reach out to the Court to confirm their understanding that the deadline for lodging the Joint Proposed Final Pretrial Conference Order would also be shifted by two days in accordance with the local rules. The Court clarified its minute order and stated it would accept the lodging of the document by 5:00 p.m. on April 20, 2022. D.I. 291.

The parties continued to reach resolution of their disputes. On the morning of April 20, 2022, WTRI's counsel email PMI's counsel with a version of the joint proposed order that accepted most of PMI's requested edits, identified several minor areas of disagreement, and revised the "admissions" section into a "party positions" section in which each party could provide its position relating to the judicial admissions without the endorsement or consent of the other party, in hopes that this would address PMI's concerns. *See* Patiño Declaration Exhibit B (Worley email of April 20). PMI refused to agree to the proposals and flat-out refused to sign the joint filing. *See* Patiño Declaration Exhibit C (Bakewell email of April 20). WTRI asked if – other than the admission section – the Proposed Final Pretrial Conference Order circulated that morning was otherwise acceptable to PMI, and PMI's counsel agreed that it was. *See* Patiño Declaration Exhibit D (Horak email of April 20). Realizing that the parties appeared to be at an impasse on the admissions only, and as the clock to the deadline continued to draw down, WTRI informed PMI's counsel that (i) WTRI's counsel was required to lodge the document on April 20 and (ii) WTRI could not accept PMI's invitation to ignore Judge Miller's request to include the admissions section. PMI's counsel maintained its refusal to comply with the directions set forth by Judge Miller, even if addressed in separate disputed portions of the Proposed Final Pretrial Conference Order. *See* Patiño Declaration Exhibit E (Bakewell email of April 20).

47319493.2

## IV. PMI'S NON-COMPLIANCE WITH THE LOCAL RULES

Civil Local Rule 16.1(b) states:

> **Counsels Duty of Diligence**. All counsel and parties, if they are proceeding pro se, must proceed with diligence to take all steps necessary to bring an action to readiness for trial. In doing so they should be mindful of the requirements of Rule 16(c), Fed. R. Civ. P., following subparagraph (11) thereto, and the sanctions contained in Rule 16(f) Fed. R. Civ .P., for failure to prepare for and participate in good faith in the pretrial conference process.

CivLR 16.1(b).

PMI's decision to wait until the final hours before the expected deadline to lodge the Joint Proposed Final Pretrial Conference Order before springing its significant revisions to the stipulated facts section and its unilateral decision to delete the admission section requested by Judge Miller do not demonstrate good faith in the pretrial conference process. As the Court is aware, the parties were both working to complete oppositions to motions *in limine* and *Daubert* motions on an expedited schedule (with a 7-day deadline rather than a 14-day deadline), which were due April 19, 2022, the day after PMI revealed its significant revisions to the joint document. In addition, even after the Court provided two additional days for the parties to finalize the document, PMI refused to engage in a routine submission of opposing positions addressing a disputed subject or offer any other compromise by which WTRI could both (i) obey Judge Miller's direction to include the judicial admissions and (ii) submit a jointly-signed document. This failure to cooperate cannot be countenanced. CivLR 16.1(f)(8) ("Failure of counsel for any party to appear before the Court at pretrial proceedings or to complete the necessary preparations therefor may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or on the entire case."); *Schudel v. Searchguy.com, Inc.*, No. 07cv0695 BEN (BLM), 2010 U.S. Dist. LEXIS 47125, at *3 (S.D. Cal. May 12, 2010) (default judgment entered against party that violated CivLR 16.1(f)(8) and other court orders).

47319493.2

With insufficient sand left in its hourglass before the deadline for WTRI to lodge the Joint Proposed Final Pretrial Conference Order, and with PMI's refusal to proceed with the addition of the Court-requested admissions section, WTRI provides notice to the Court that it will lodge a copy of the Proposed Final Pretrial Conference Order unsigned by PMI, which PMI agreed to earlier today in all respects with the exception only regarding the admissions that Judge Miller required in the proposed order. Specifically, WTRI will lodge the version of the Joint Proposed Final Pretrial Conference sent to PMI this morning, which PMI acknowledged was acceptable other than the admissions section, as well as a copy of this Notice, the accompanying declaration, and all exhibits.

Dated:  April 20, 2022

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Jose L. Patiño*
JOSE L. PATIÑO, CA Bar No. 149568
  JosePatino@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
  JustinGray@eversheds-sutherland.com
REGIS WORLEY, Jr., CA Bar No. 234401
  RegisWorley@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Plaintiff and Counter-Defendant
WORKPLACE TECHNOLOGIES RESEARCH, INC.

47319493.2