**EXHIBIT E**

**Worley, Regis**

| | |
|---|---|
| **From:** | Bakewell, Eric <EBakewell@willkie.com> |
| **Sent:** | Wednesday, April 20, 2022 3:05 PM |
| **To:** | Worley, Regis; Horak, Emily; McMeans, Hannah; Yu, Benita |
| **Cc:** | WTRI-PMI |
| **Subject:** | RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order |

[EXTERNAL]

Regis,

That is a nonsensical solution.

We have made clear (numerous times at this point) that: (1) this is supposed to be a "joint" order; (2) we are in agreement with the rest of the order other than the admissions section; and (3) you have not been able to identify a Federal Rule of Civil Procedure, a Local Rule, a written order entered in this case, or any orders of Judge Ohta or Judge miller that even contemplate (much less require) an admissions section.  Moreover, you have provided no explanation (presumably because none exists) regarding how Judge Ohta would be able to enter a proposed pretrial order that either: (1) is not signed by both parties; or (2) contains a lengthy section with a substantial amount of argument (and no agreement) about "admissions" especially against the backdrop of there being no actual order requiring such a section (you keep referring to your understanding of Judge Miller's directions at the December hearing, but: (1) clearly, we have a difference of opinion about what those directions were; and (2) it is indisputable that there is no actual written order from Judge Miller at any point after the conference about the issue which is not very surprising given that this all arose in off the cuff discussion at a hearing where the main thrust of the discussion was talking about scheduling – and not substantive – issues).

If you insist on proceeding down your path; we obviously will object which will just result in more briefing, more delay, and more ire from our new judge who had nothing to do with whatever was said at the December hearing.  That seems like a very, very bad idea which is not going to be very helpful in showing our new judge that we are organized, attempting to work together, or even know what the word "joint" means.

Why wouldn't the better approach and solution be: (1) lodge a joint pretrial order signed by both parties that omits the admissions section; and (2) file (today or whenever you want) a separate document relating just to the admissions issue?  Then, the proposed pretrial order is signed by both parties and can be entered by Judge Ohta (or not if she finds any other issues in it), the admissions issue would be before her to resolve/give directions about as she wants, and there is no unnecessary delay or sniping relating to the pretrial order itself.

**Eric Bakewell**
**Willkie Farr & Gallagher LLP**
2029 Century Park East  | Los Angeles, CA 90067-2905
Direct: +1 310 855 3070 | Fax: +1 310 855 3099
ebakewell@willkie.com | vCard | www.willkie.com bio

---

**From:** Worley, Regis <regisworley@eversheds-sutherland.com>
**Sent:** Wednesday, April 20, 2022 2:52 PM
**To:** Horak, Emily <EHorak@willkie.com>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <wtri-pmi@eversheds-sutherland.com>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

<div align="center">*** EXTERNAL EMAIL ***</div>

Emily,

Thank you for your email. Given what Judge Miller told Joe on the record at the last pretrial conference, we have to address the admissions. At the same time, we agree we can't file something as "joint" that you do not agree to. So what WTRI intends to do if PMI does not reconsider is file a Notice of Failure to Agree, and lodge the attached Pretrial Conference Order (identical to what we sent earlier, other than fixing a numbering issue in the admissions in WTRI's Portion) that PMI agreed to, and note the dispute regarding the admissions and the reasons therefore. It will be lodged unsigned by PMI. PMI is then free to respond to the Notice, and lodge whatever you would like to lodge. We hope you will reconsider, though, as what we are proposing allows you to say everything you want to say in PMI's admissions section. But given that this is due today, we have no other option than to proceed in this way.

We will proceed as stated above if we don't hear from you by 4:00 p.m.

Regards,
Regis

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T: +1.858.252.6458

Email
www.eversheds-sutherland.com

**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

**From:** Horak, Emily <EHorak@willkie.com>
**Sent:** Wednesday, April 20, 2022 1:16 PM
**To:** Worley, Regis <RegisWorley@eversheds-sutherland.us>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <WTRI-PMI@eversheds-sutherland.us>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

[EXTERNAL]

Yes, with the exception of the disputed admissions section, we are in agreement on the remainder of the Joint Proposed Pretrial Order.

Thanks,
Emily

**Emily Horak**
**Willkie Farr & Gallagher LLP**
2029 Century Park East | Los Angeles, CA 90067-2905
Direct: +1 310 855 3026 | Fax: +1 310 855 3099
ehorak@willkie.com | vCard | www.willkie.com bio

**From:** Worley, Regis <regisworley@eversheds-sutherland.com>
**Sent:** Wednesday, April 20, 2022 12:02 PM
**To:** Bakewell, Eric <EBakewell@willkie.com>; Horak, Emily <EHorak@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <wtri-pmi@eversheds-sutherland.com>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

**\*\*\* EXTERNAL EMAIL \*\*\***

Eric, are we in agreement on everything in the Joint Proposed Pretrial Order other than the admissions issue?

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T:  +1.858.252.6458

Email
www.eversheds-sutherland.com

**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

**From:** Bakewell, Eric <EBakewell@willkie.com>
**Sent:** Wednesday, April 20, 2022 11:35 AM
**To:** Worley, Regis <RegisWorley@eversheds-sutherland.us>; Horak, Emily <EHorak@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <WTRI-PMI@eversheds-sutherland.us>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

[EXTERNAL]

Regis,

Again, we are not going to sign a "joint" document that includes a section that is nowhere in the rules or procedures, that seems against the weight of authority we have been able to find, that simply does not make sense in a proposed pretrial order that the Court is supposed to review and enter (after all, how would the Court be able to enter an order that contains a bunch of disputes about purported "admissions" and the effect of those purported "admissions"?), and that (contrary to your assertion) was not an "express order" by a judge who is no longer presiding over the case.

And, again, we are not disputing or precluding WTRI's ability to make a separate WTRI-only filing or file some other type of motion or work on some other "joint" filing or raise in some other forum whatever issue it is that WTRI wants to raise regarding these purported "admissions."  The only thing we have said is that it does not belong in the "joint" proposed pretrial order, and we do not intend to sign a "joint" proposed pretrial order containing that section.

**Eric Bakewell**
**Willkie Farr & Gallagher LLP**
2029 Century Park East  | Los Angeles, CA 90067-2905
Direct:  +1 310 855 3070 | Fax: +1 310 855 3099
ebakewell@willkie.com | vCard | www.willkie.com bio

**From:** Worley, Regis <regisworley@eversheds-sutherland.com>
**Sent:** Wednesday, April 20, 2022 11:24 AM
**To:** Bakewell, Eric <EBakewell@willkie.com>; Horak, Emily <EHorak@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <wtri-pmi@eversheds-sutherland.com>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

**\*\*\* EXTERNAL EMAIL \*\*\***

Eric,

3

Thank you for your email, and please accept my sincere sympathy for your family situation. I agree it's best to focus on the second issue in your email, which presumably is the sticking point that may preclude agreement regarding this document.

WTRI's approach here is no different than how parties routinely address a disputed item in a joint filing. Each side simply puts forth their own position in the document and the judge is free to decide for herself the best solution. And we again reiterate that PMI is welcome to note in its section PMI's belief that the inclusion of the "party positions" section is inappropriate and does not belong in a joint filing. Further, while Judge Ohta's Chamber's Rules apply, the SILENCE of her Chamber's Rules cannot override an express order given by a judge that remains law of the case until the order is rescinded or countermanded. WTRI dos not accept PMI's invitation to disobey the law of the case and will not lodge the joint document without that admissions section currently in WTRI's Position.

Please let us know whether it would be useful to meet and confer regarding any of these issues.

Regards,
Regis

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T: +1.858.252.6458

Email
www.eversheds-sutherland.com

**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

**From:** Bakewell, Eric <EBakewell@willkie.com>
**Sent:** Wednesday, April 20, 2022 11:05 AM
**To:** Worley, Regis <RegisWorley@eversheds-sutherland.us>; Horak, Emily <EHorak@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <WTRI-PMI@eversheds-sutherland.us>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

[EXTERNAL]

Regis,

We will review the draft and get back to you as quickly as possible. But, two points I did want to say now:

- It is neither helpful to getting this task accomplished nor factually true to say there "PMI's last minute revisions." I am happy to walk through with you the history of trying to put this proposed order together and all the places where we were waiting for days (or weeks) for WTRI's revised versions if you have forgotten those times or want to have a discussion about "last minute revisions." Moreover, as I am sure you now know given that I informed Joe and the Court about my personal family emergency, I obviously was not in a position to be dealing with WTRI's prior revision to the proposed order last week or early this week (and, unsurprisingly, my associates thought it best to run the remaining issues/current status by me before we approve the proposed order). Presumably, we can just move beyond the issue and continue to work cooperatively to try to get this order finished and lodged by the Court's deadline.

- As for the "admissions": (1) this is a "joint" document which we are only going to sign if are fine with the document; (2) we see nothing in the Federal Rules of Civil Procedure, the Local Rules, Judge Ohta's rules, Judge Miller's rules, or any order entered in this case that contemplates or requires an "admissions" section (and you have not pointed us to any such rule or order); and (3) our read of the December hearing transcript and recollection of the entire conversation with Judge Miller is far different than what you seem to believe happened. Moreover: (1) it presumably is Judge Ohta's rules and procedures that now govern the case; and (2) our research does show that "disputed" admissions (as opposed to actual agreed upon admissions which presumably could be converted to stipulations) are improper for a pretrial order and would likely lead to rejection of the order. So, again, we are not stopping WTRI from raising whatever issue it wants

to raise with respect to admissions in some court filing, but it simply is not going to be something that is part of a "joint" filing that has our name on it as we do believe it is highly inappropriate and improper – a position that should not be particularly controversial (after all, as your email below demonstrates, there are certain things that WTRI is not willing to include in the "joint" document because it believes those things are not properly placed within a "joint" document).

**Eric Bakewell**
**Willkie Farr & Gallagher LLP**
2029 Century Park East  | Los Angeles, CA 90067-2905
Direct: +1 310 855 3070 | Fax: +1 310 855 3099
ebakewell@willkie.com | vCard | www.willkie.com bio

---

**From:** Worley, Regis <regisworley@eversheds-sutherland.com>
**Sent:** Wednesday, April 20, 2022 10:52 AM
**To:** Horak, Emily <EHorak@willkie.com>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <wtri-pmi@eversheds-sutherland.com>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel,

Attached is a revised version of the joint proposed order in clean and redlined versions.  Please note the following:

- In an effort to be as accommodating as possible, and in an effort to meet the deadline to lodge the proposed order, WTRI has accepted nearly all of PMI's last-minute revisions.
- The remaining rejections of PMI's edits should not be controversial.  WTRI does not accept PMI's new proposal of adding "and elements of its intellectual property related to project management training and instruction" to the statement of facts, as it is overly slanted in favor of PMI's trade secret claim.  Likewise, as WTRI has repeatedly stated, the "if so" clause in the statement of facts is entirely neutral, whereas PMI's suggested removal of that clause implies that PMI does in fact have trade secrets, which WTRI adamantly disputes.  The third edit, in the stipulation section, is intended to address PMI's concern that it does not want to stipulate that Dr. Carter-Bey was a Vice President, and simply identifies with which party Dr. DiBello and Dr. Carter-Bey are associated.
- Regarding the admission section, WTRI maintains that regardless of any legal research your team may have conducted, Judge Miller made it abundantly clear that admissions from the pleadings that the parties could not agree to include in the stipulation section should be included in a separate section.  As WTRI understands that PMI may have a different view of Judge Miller's request, we have revised the "admissions" section to a "party positions" section where each party may present its position without any endorsement of the other party.  As such, we moved PMI's lengthy footnote responding to WTRI's inclusion of PMI's judicial admissions into PMI's portion of that section.  Obviously, PMI may add, delete, or edit its own section as it wishes.  To the extent that PMI believes that additional clarifying language should be included in the opening paragraph of the "party positions" section to disclaim PMI's endorsement of WTRI's position, WTRI is willing to work with PMI.  However, WTRI is not willing to disregard Judge Miller and delete this portion from the joint filing.

Please let us know by 1:00 p.m. whether these changes are acceptable to PMI.

Regards,

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T:  +1.858.252.6458

Email

5

www.eversheds-sutherland.com
**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

**From:** Horak, Emily <EHorak@willkie.com>
**Sent:** Monday, April 18, 2022 6:52 PM
**To:** Worley, Regis <RegisWorley@eversheds-sutherland.us>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <WTRI-PMI@eversheds-sutherland.us>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

==[EXTERNAL]==

Counsel,

We have no objections to jointly contacting the Court tomorrow to ask to lodge the proposed pretrial order on April 20 if acceptable to the Court.

Best,
Emily

**Emily Horak**
**Willkie Farr & Gallagher LLP**
2029 Century Park East | Los Angeles, CA 90067-2905
Direct: +1 310 855 3026 | Fax: +1 310 855 3099
ehorak@willkie.com | vCard | www.willkie.com bio

**From:** Worley, Regis <regisworley@eversheds-sutherland.com>
**Sent:** Monday, April 18, 2022 6:42 PM
**To:** Horak, Emily <EHorak@willkie.com>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <wtri-pmi@eversheds-sutherland.com>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

==*** EXTERNAL EMAIL ***==

Counsel,

In light of the fact the Court just pushed the Final Pretrial Conference back to April 27, we suggest the parties use this additional time to meet and confer concerning the remaining disputed issues and then lodge the Joint Final Pretrial Conference Order on April 20, consistent with the local rules.

As the Court is now closed, we also suggest jointing emailing Mr. Chen in the morning to confirm that lodging the Joint Final Pretrial Conference Order on April 20 is acceptable to the Court.

Please let us know if you agree to the above.

Regards,
Regis

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T: +1.858.252.6458

6

Email
www.eversheds-sutherland.com

**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

**From:** Horak, Emily <EHorak@willkie.com>
**Sent:** Monday, April 18, 2022 4:20 PM
**To:** Worley, Regis <RegisWorley@eversheds-sutherland.us>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <WTRI-PMI@eversheds-sutherland.us>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

[EXTERNAL]

Counsel,

**Statement of the Case**
PMI added the intellectual property language to ensure the statement of the case was balanced.  The statement of the case provides that WTRI contributed two skills (experience with virtual worlds and research) and that PMI contributed two skills (expertise in project management and IP).  Moreover, Exhibit A (pp. 9-10) attached to the Development Agreement explicitly states that the software will use PMI's intellectual property, so this statement should not be controversial.  To reach a compromise, PMI is amenable to WTRI's change at 2:26 if WTRI is amenable to PMI's change at 2:13-14.

**Proposed Stipulations**
PMI has maintained in every email returning edits to WTRI and in every meet and confer over the past four months that we are examining the document holistically.  PMI emphasized that agreement with a stipulation could change if WTRI removed other stipulations.  That is exactly what happened after WTRI's most recent version was sent to us.  WTRI stripped out any stipulations they did not agree to and PMI in turn removed stipulations to ensure the document is fair and balanced.

Moreover, WTRI's use of Judge Miller's statement is misleading. PMI made no unqualified admissions.  The parties did not explain to Judge Miller the ways in which the alleged admissions were cherry-picked to craft a narrative that will only confuse and mislead the jury.  And, Judge Miller did not instruct the parties to include a **disputed** admissions section for the Court to referee.

Ultimately, we will stipulate to what we returned this morning.  We take no issue with WTRI seeking to bring the admissions issue to the Court but we will not sign a proposed pretrial order with the admissions section.

**Next Steps**
Please send the finalized PDFs of the document for us to review and approve, and please advise of whether WTRI plans to lodge PMI's general objections or if PMI should plan to lodge separately.

Thanks,
Emily

**Emily Horak**
**Willkie Farr & Gallagher LLP**
2029 Century Park East  | Los Angeles, CA 90067-2905
Direct: +1 310 855 3026 | Fax: +1 310 855 3099
ehorak@willkie.com | vCard | www.willkie.com bio

**From:** Worley, Regis <regisworley@eversheds-sutherland.com>
**Sent:** Monday, April 18, 2022 3:46 PM
**To:** Horak, Emily <EHorak@willkie.com>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>

**Cc:** WTRI-PMI <wtri-pmi@eversheds-sutherland.com>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

*** EXTERNAL EMAIL ***

Counsel,

Thank you for your email and your observations that the exhibits to the joint proposed order require updated captions.

As an initial observation, PMI's proposed edits to Section I, Statement to Be Read to the Jury of the Nature of the Case and Claims and Defenses, appear acceptable to WTRI, with the following exceptions:

> Page 2, lines 13-14 ("and elements of its intellectual property related to project management training and instruction")
> Page 2, line 26 (deletion of "if so")

If PMI is agreeable to removing its proposed addition to page 2, lines 13-14, as well as keeping the "if so" language at page 2, line 26, then the parties can be in agreement on Section I.

PMI's proposed edits that appear at pages 3-33 also appear acceptable, as do the edits to the "Jury Instructions" section on pages 59-60.

Regarding Section V, Statement of Facts to Which the Parties Stipulate, in addition to reordering a number of paragraphs, PMI deleted a number of paragraphs in which the parties previously agreed. Given that the parties had worked together for many months to reach as much agreement as possible with these statement of facts, WTRI does not understand why PMI would now make such changes to the statement of facts. Please let us know whether PMI would agree to either keep the statement of facts that PMI currently marked for deletion.

During the December 17, 2021 hearing, the following exchange occurred:
Mr. Patino: There is one issue I wanted to raise to the Court
today for some guidance that could impact the document that
we're looking at for the final pretrial conference.
And that's -- we have a number of allegations in our
very lengthy complaint that were admitted in the answer by PMI.
And so what we thought to do was we made them stipulations in
the draft of the pretrial order that we submitted to P -- PMI.
PMI objected to using them as stipulations in the pretrial
order.
And so we wanted to ask the Court, is there -- does
the Court have a certain way that it brings to the attention of
the jury admitted allegations in the pleadings? Or should we
work further to try to get those into the pretrial order?
THE COURT: Well, I always think it's good to include
them in the pretrial order, in a separate section of the
pretrial order.

See transcript of 12/17/2021 hearing at 18:6-18.

Given Judge Miller's express guidance on this issue, WTRI maintains that it is proper for the admissions to be included as part of the pretrial order, in a separate section as WTRI had submitted earlier today. While it is possible that our new judge may strike this section of the proposed order before adopting all, some, or none of the remaining sections, WTRI believes it would be improper for the parties to ignore Judge Miller's request to include the admissions in the joint proposed order.

Given the above, please let us know whether PMI will maintain its position as to the admissions section and whether PMI will agree to the other proposals set forth above by 5 p.m. today.  If PMI will not agree to include the admissions section and the previously agreed-to stipulations, WTRI will proceed accordingly.

Regards,
Regis

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T: +1.858.252.6458

Email
www.eversheds-sutherland.com

**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

**From:** Horak, Emily <EHorak@willkie.com>
**Sent:** Monday, April 18, 2022 1:05 PM
**To:** Worley, Regis <RegisWorley@eversheds-sutherland.us>; Bakewell, Eric <EBakewell@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <WTRI-PMI@eversheds-sutherland.us>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

[EXTERNAL]

Counsel,

Thank you for preparing the attached documents.

As for the exhibits, it appears the case number still needs to be updated to JO rather than JM.

Attached are finalized PDFs of the PMI general objections you lodged in November. We made a few non-substantive changes (adding Benita Yu and I to the caption, updating the judge and case number, updating the dates, and reflecting the new docket numbers of PMI's pending motions). Please let us know if you plan to lodge these documents with the revised pretrial order as you did in November or if you prefer for us to lodge them separately.

Also attached is a redline and clean version of PMI's proposed changes to proposed pretrial order. We made a few more substantive changes, particularly:
- It appears that the statement of the case revisions Hannah McMeans sent on March 31 were not incorporated into the proposed order so we implemented those changes in redline.
- We had not yet returned our revisions to the proposed stipulations so our edits are incorporated in redline.
- Lastly, we researched the legal issue of including disputed admissions (rather than stipulations agreed to by both parties) in the proposed pretrial order and reading such admissions to the jury. Our research and examination of the Federal Rules of Civil Procedure and Local Rules suggest that the disputed admissions section is procedurally improper. Moreover, the admissions section will make it difficult for Judge Otah to sign the joint proposed pretrial order if the order is not truly joint and needs more re-working. Instead, let us know if you would like to meet and confer about a proper way to jointly bring this issue before the Court. To be clear, we are not debating whether WTRI can bring the admissions issue before the Court but find the proposed pretrial order is the improper vehicle to raise this issue. We do not plan to sign a proposed pretrial order with an admissions section.

Best,
Emily

**Emily Horak**

Willkie Farr & Gallagher LLP
2029 Century Park East | Los Angeles, CA 90067-2905
Direct: +1 310 855 3026 | Fax: +1 310 855 3099
ehorak@willkie.com | vCard | www.willkie.com bio

---

**From:** Worley, Regis <regisworley@eversheds-sutherland.com>
**Sent:** Monday, April 18, 2022 10:39 AM
**To:** Bakewell, Eric <EBakewell@willkie.com>; Horak, Emily <EHorak@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <wtri-pmi@eversheds-sutherland.com>
**Subject:** RE: WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel,

Pursuant to the scheduling order, attached is a copy of the joint proposed pretrial order in clean and redlined versions, along with the exhibits. Please let us know whether we have your permission to add your signature to the joint order and, if so, whose signature to add.

Regards,
Regis

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T: +1.858.252.6458

Email
www.eversheds-sutherland.com

**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

**From:** Worley, Regis
**Sent:** Friday, April 8, 2022 9:08 PM
**To:** Bakewell, Eric <EBakewell@willkie.com>; Horak, Emily <EHorak@willkie.com>; McMeans, Hannah <HMcMeans@willkie.com>; Yu, Benita <BYu@willkie.com>
**Cc:** WTRI-PMI <WTRI-PMI@eversheds-sutherland.us>
**Subject:** WTRI v PMI - input and exhibits to the Joint Proposed Pretrial Order

Counsel,

Attached are revised versions of the exhibits to the Joint Proposed Pretrial Order, to include revised trial dates, as well as WTRI's response to PMI's proposed revisions to the stipulations and admissions/disputed facts. We will circulate the joint proposed order once we consolidate the revisions into that document.

Regards,
Regis

Regis Worley | Counsel

Eversheds Sutherland (US) LLP
12255 El Camino Real, Suite 100, San Diego, CA 92130, US
T: +1.858.252.6458

Email
www.eversheds-sutherland.com

**Eversheds Sutherland**
Helping our clients, our people and our communities to thrive

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit **www.eversheds-sutherland.com**.

This e-mail message, together with any attachments, is intended only for the above named recipient(s) and may contain privileged and/or confidential information. If you are not an intended recipient, you must not review, copy or show the message and any attachments to anyone. Please reply to this e-mail and highlight the mistaken transmission to the sender, and then immediately delete the message.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error,

please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.