JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
REGIS C. WORLEY, JR., CA Bar No. 234401
   RegisWorley@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:   858.252.6502
FACSIMILE:   858.252.6503

Attorneys for Plaintiff and Counter-Defendant
WORKPLACE TECHNOLOGIES RESEARCH, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PROJECT MANAGEMENT INSTITUTE, INC.<br><br>    Defendant.<br><br>PROJECT MANAGEMENT INSTITUTE, INC.<br><br>    Counterclaimant,<br><br>    v.<br><br>WORKPLACE TECHNOLOGIES RESEARCH, INC.; and DOES 1-15 inclusive,<br><br>    Counterdefendants. | Case No. 3:18-cv-01927-JO-MSB<br><br>**WORKPLACE TECHNOLOGIES RESEARCH, INC.'S OBJECTIONS TO EVIDENCE IN SUPPORT OF PROJECT MANAGEMENT INSTITUTE INC.'S OPPOSITION TO WORKPLACE TECHNOLOGIES RESEARCH, INC.'S MOTIONS *IN LIMINE***<br><br>Judge:  Hon. Jinsook Ohta<br>Date:   May 11, 2022<br>Time:  9:00 a.m.<br>Place:  Courtroom 4C |

47339693.1

I.  **INTRODUCTION**

Plaintiff and Counter-Defendant Workplace Technologies Research, Inc. ("WTRI") hereby objects to the following evidence submitted by Defendant and Counter-Claimant Project Management Institute, Inc. ("PMI") in support of PMI's Opposition to WTRI's Motions *in Limine* ("Opposition" or "Opp.") D.I. 298.

II. **THE SARDINA DECLARATION LACKS A VALID SIGNATURE AND DEMONSTRATES HE LACKS PERSONAL KNOWLEDGE.**

PMI's Opposition relies on the Declaration of Jesse Sardina in Support of Defendant and Counterclaimant Project Management Institute Inc.'s Opposition to Workplace Technologies Research, Inc.'s Motions *in Limine* (D.I. 298-16, "Sardina Declaration" or "Sardina Decl."). The Sardina Declaration is fatally flawed, lacking a valid signature and demonstrating a lack of personal knowledge necessary to authenticate the KMS Report. The Sardina Declaration should be excluded in its entirety.

A.  **The Sardina Declaration Lack a Valid Signature.**

"To be adequate, [a] declaration must comply with the requirements of 28 U.S.C. § 1746, and must conclude with a valid signature." *West v. Reliant Fin. Corp.*, No. 20cv678-JAH-JLB, 2021 U.S. Dist. LEXIS 85346, at *8 n.1 (S.D. Cal. May 4, 2021) (citations omitted). The Sardina Declaration does not contain a valid signature and is therefore inadmissible. Mr. Sardina's "signature" is shown here:



D.I. 298-16 at 3. As can be seen, the "signature" is nothing more than typed text that is placed in a script font to make them appear to be legitimate original wet signatures, even if created using DocuSign. And to be clear, unlike an original handwritten signature, which could be used to uniquely identify the person who signed the document, here, the "signature" could have been signed by anyone. Moreover, there is no indication from the "DocuSign" signature that Mr. Sardina was the person who logged into an account and

approved that name being added to the declaration. For example, any person could have signed up with a DocuSign account, called themselves "Jesse Sardina" and then signed the document. There are no indicia from the document itself that it is authentic or that the signature actually belongs to Mr. Sardina. Thus, the as-filed declaration does not contain the individual signature of the purported declarant as required by law.

In this District, declarations e-filed must comply with Section 2(f) of this Court's Electronic Case Filing Administrative Policies and Procedures Manual, which provides "[i]f the original document requires the signature of a non-registered signatory, the filing party must scan and electronically file the original document." Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California, § 2.f.2 (Apr. 12, 2022) *available at* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf (last accessed Apr. 25, 2022). *See also Elvira v. City of Escondido*, No. 14-cv-00081-BAS(NLS), 2016 U.S. Dist. LEXIS 136215, at *23 n.3 (S.D. Cal. Sept. 30, 2016) (sustaining objections and noting the declaration "does not comply with 28 U.S.C. § 1746 because it is not signed, and it also does not comply with this Court's rule regarding electronic signatures—Section 2(f) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual.").

A typewritten signature on the signature line by a declarant who is not the registered e-filing user fails to comply with Local Rule 5.4(f), which requires all electronically filed documents comply with the Administrative Policies and Procedures Manual. *See Kohler v. Chelsea San Diego Fin., LLC*, No. 09cv2780 JAH (BLM), 2010 U.S. Dist. LEXIS 144551, at *11-12, *11 n.4 (S.D. Cal. Dec. 9, 2010). In *Kohler*, this Court found that a filed declaration containing "/s/ Chris Kohler" was unauthenticated and therefore inadmissible. Here, there is no difference in typing a witness's name and changing the font to a script font than in typing the user's name and putting a "/s/" in front of it. Even if shown to be a "Docusign signature," the "signature" still is nothing more than text placed into a fancy script format to make it look like it has been signed.

47339693.1

Finally, the Court previously recognized that a declaration of a non-attorney bearing only an electronic signature does not comport with Section 2.f of this District's Electronic Case Filing Administrative Policies and Procedures. D.I. 215 at 8-9. Though the Court declined to strike those non-compliant declarations noting the extraordinary circumstances of the then-ongoing pandemic (*id*.), the restrictions in place at the time of the Court's October 21, 2021 Order are no longer in place. *See*, *e,g,*, California Department of Public Health, Guidance for the use of Face Masks, Apr. 20, 2022 (noting that that the universal indoor masking requirement expired on February 15, 2022), *available at* https://www.cdph.ca.gov/programs/cid/dcdc/pages/covid-19/guidance-for-face-coverings.aspx (last accessed April 26, 2022); *see also* https://www.health.pa.gov/topics/disease/coronavirus/Pages/Guidance/Universal-Masking-FAQ.aspx ("The Updated Order of the Secretary of the Pennsylvania Department of Health Requiring Universal Face Coverings was lifted on June 28, 2021. There is no longer a statewide requirement to wear masks.") (last accessed Apr. 26, 2022). And specifically, restrictions in Delaware County, where PMI is located, were also lifted. See https://delcopa.gov/publicrelations/releases/2022/delcoimplementsupdatedmaskguidance.html (effective March 1, 2022, t mask requirements for fully vaccinated individuals relaxed) (last accessed April 26, 2022). Even PMI itself recognizes that the emergency has passed, or at least does not restrict in-person events, as demonstrated in an April 12, 2022 notice where PMI states, "PMI has returned to in-person events in North America as of April 2022." See https://www.pmi.org/about/coronavirus-single-source-message (last accessed Apr. 26, 2022). Simply stated, the extraordinary circumstances that existed in 2021 are no longer in effect and PMI may no longer ignore this District's requirements for signing declarations.

The Sardina Declaration is not properly signed and is therefore inadmissible and should be struck in its entirety.

### B. The Sardina Declaration Demonstrates a Lack of Personal Knowledge.

Mr. Sardina's declaration demonstrates that he lacks personal knowledge of the

47339693.1

KMS report and the circumstances surrounding the preparation of that one-off assessment.

For example, Mr. Sardina's declaration states that KMS provided daily testing reports, and also provided an assessment report. Sardina Decl. at ¶¶ 8-10. Regarding the KMS testing, Mr. Sardina's carefully worded declaration states that KMS sent its daily reports to PMI and that he "was part of the PMI team that received KMS's daily reports." *Id*. at ¶ 9. Mr. Sardina never states that he received the daily KMS testing reports, let alone that he had any personal knowledge of those testing documents. *See* Fed. R. Evid. 901.

Nevertheless, the "daily KMS testing reports" are **not** the document at issue and therefore his experience with them is irrelevant to the present motion. In contrast to the daily KMS testing reports, Mr. Sardina testified at his deposition that KMS prepared a separate assessment, which is the KMS report addressed later in Mr. Sardina's declaration. *See* Declaration of Jose L. Patiño in Support of Reply Brief in Support of Workplace Technologies Research, Inc.'s Motions *in Limine* ("Patiño Decl."), Ex. B at 29:15-31:2; Sardina Decl. at ¶ 10. Mr. Sardina's declaration fails to note that the KMS department that conducted the daily testing was **different** than the department that performed the assessment. *See* Patiño Decl., Ex. A at 250:21-23 ("We had KMS Technology as well perform an assessment, not through the quality assurance department that we were engaging for testing."). Mr. Sardina further testified at his deposition that PMI considered the KMS assessment to be related to WTRI's alleged breach of contract and that PMI treated the KMS assessment differently (including for damages purposes in this action) than the KMS testing, which Mr. Sardina distinguished as necessary regardless of whether any alleged breach occurred. *See* Patiño Decl., Ex. B, at 29:15-31:2. There is no indication in the record that KMS ever conducted a second assessment report, or even finalized the first KMS assessment report at issue in this motion. Indeed, Mr. Sardina testified that the PAL costs allocated to KMS included the cost for "an assessment," and the rest of the costs were for testing. *Id*.

There is also no indication that Mr. Sardina saw the KMS assessment report when PMI first received it. To the contrary, the unsigned KMS assessment report is dated June

47339693.1

20, 2016 (Sardina Decl. at ¶ 10; *id*., Ex. A at 1) and Mr. Sardina's declaration states that he received some document that might be the same one eight days later, on June 28, 2016, attached to an email from another PMI employee. Sardina Decl. at ¶ 12; *id*., Ex. B. In light of the testimony that 'the PMI team" was receiving daily testing reports from KMS, the delay of over a week before Mr. Sardina received the KMS assessment report (from a PMI employee and not KMS) suggests that he was not involved with the preparation of that document or that he had any familiarity with the circumstances surrounding that one-off assessment report. Given Mr. Sardina's testimony, it is hard to understand what basis Mr. Sardina has for opining that KMS prepared its assessment report "as part of its regular technical assessment work on the PAL project." Sardina Decl. at ¶ 10.

Mr. Sardina's declaration does not demonstrate that he has personal knowledge of how the stand-alone KMS assessment report was generated. Accordingly, Mr. Sardina's declaration should be excluded. *Garcia v. Cluck*, 826 F. App'x 606, 608 (9th Cir. 2020) (proper to exclude witness testimony regarding a document when the witness "lacked personal knowledge of how it was generated") (citing *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970)); *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) ("The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery.").

### III. THE UNTIMELY DOCUMENTARY "EVIDENCE" ATTACHED TO THE BAKEWELL DECLARATION SHOULD BE EXCLUDED.

Though it has been many months after the close of fact discovery, PMI attempts to introduce a number of new documents into evidence.[1] *See* D.I. 298-1, Declaration of Eric J. Bakewell in Support of Defendant and Counterclaimant Project Management Institute, Inc.'s Opposition to Workplace Technology Research, Inc.'s Motions *in Limine* ("Bakewell Declaration" or "Bakewell Decl."), Exhibits B, G, H, and M. PMI's attempts

---

[1] WTRI reserves its right to object at trial to all documents attached to the Bakewell Declaration and the Sardina Declaration, but for purposes of this filing will focus on certain discrete objections.

47339693.1

are improper and the newly-raised documents it seeks to introduce should be excluded in their entirety.

PMI cannot reasonably dispute that it is improper to offer new documentary evidence after the close of discovery. *Allegro Ventures, Inc. v. Almquist*, No. 11-cv-2009-L(WVG), 2014 U.S. Dist. LEXIS 64008, at *44 (S.D. Cal. May 8, 2014) ("The Court will not allow introduction of additional documentary evidence not produced during discovery."); *Memry Corp. v. Ky. Oil Tech., N.V.*, No. C-04-03843 RMW, 2007 U.S. Dist. LEXIS 89645, at *12 (N.D. Cal. Nov. 27, 2007) ("As a general proposition, no party will be allowed to offer facts or documents that were not disclosed in discovery that go beyond information provided in discovery."); *Jet Source Charter, Inc. v. Gemini Air Grp., Inc.*, No. 07 CV 433 JLS (JMA), 2010 U.S. Dist. LEXIS 62497, at *11 (S.D. Cal. June 23, 2010) ("the Court will only allow evidence to be introduced at trial which has previously been disclosed during discovery").

Moreover, the new documents attached to the Bakewell Declaration are unauthenticated and contain hearsay. A document is not authenticated simply because it is attached to a declaration of an attorney who states that the document is a "true and correct copy." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988). The Bakewell Declaration does not identify who can authenticate the documents or how it intends to overcome the rule against hearsay. *See* Fed. R. Evid. 802, 901.

In short, the newly-raised documents lack foundation, are unauthenticated and include hearsay. They should be excluded and not considered as part of the pending motions before the Court.

47339693.1

| | | |
|---|---|---|
| 1 | Dated: April 26, 2022 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

*/s/ Jose L. Patiño*
JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
REGIS C. WORLEY, JR., CA Bar No. 234401
    RegisWorley@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Plaintiff and Counter-Defendant WORKPLACE TECHNOLOGIES RESEARCH, INC.

47339693.1