JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
REGIS C. WORLEY, JR., CA Bar No. 234401
    RegisWorley@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Plaintiff and Counter-Defendant
WORKPLACE TECHNOLOGIES RESEARCH, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROJECT MANAGEMENT INSTITUTE, INC. <br><br> Defendant. <br><br>--- <br><br> PROJECT MANAGEMENT INSTITUTE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> WORKPLACE TECHNOLOGIES RESEARCH, INC.; and DOES 1-15 inclusive, <br><br> Counterdefendants. | Case No. 3:18-cv-01927-JO-MSB <br><br> **WORKPLACE TECHNOLOGIES RESEARCH, INC.'S RESPONSE TO PMI'S MOTIONS TO FILE DOCUMENTS UNDER SEAL [296], [299], AND [318]** <br><br> Judge:   Hon. Jinsook Ohta |

18cv1927

47358697.1

Plaintiff and Counter-Defendant Workplace Technologies Research, Inc. ("WTRI") hereby responds to the motions to seal filed by Defendant and Counterclaimant Project Management Institute, Inc. ("PMI").

## I. IDENTIFICATION OF DOCUMENTS PMI SEEKS TO FILE UNDER SEAL AND THE SUBSET THEREOF WTRI SEEKS TO FILE UNDER SEAL

### A. Motions to Seal Filed with PMI's Oppositions to WTRI's Motions *in Limine/Daubert* Motion

PMI has filed two (2) motions to file documents under seal, which identify no less than 25 documents. *See* D.I. 296, and D.I. 299 (together "PMI's Motions to Seal for Oppositions"). WTRI does not join PMI's requests as to any of the documents in PMI's Motions to Seal for Oppositions.

WTRI notes that some of the documents PMI seeks to file under seal are merely copies of documents PMI already publicly filed in this litigation and even include the prior ECF header information. *See*, *e.g.*, Declaration of Eric J. Bakewell in Support of Defendant and Counterclaimant Project Management Institute, Inc.'s Opposition to Plaintiff and Counterdefendant's Motion to Exclude PMI's Experts and/or Strike PMI's Experts' Testimony And Reports ("Bakewell Decl."), ¶¶ 14-16; Bakewell Decl. Ex. M (bearing headers for D.I. 184-11, D.I. 184-12, D.I. 184-13, D.I. 184-14), Ex. N (bearing headers for D.I. 184-15, D.I. 184-16, D.I. 184-17, D.I. 184-18), and O (bearing headers for D.I. 184-19, D.I. 184-20, D.I. 184-21, D.I. 184-22); D.I. 299 at 1 (requesting to seal Bakewell Decl. Exs. M, N, and O).

WTRI takes no position as to PMI's Motions to Seal for Oppositions.

### B. Motion to Seal Filed with PMI's Reply in Support of Motion *in Limine* No. 5

PMI has a motion to file a portion of PMI's Reply in Support of Motion *in Limine* No. 5 ("Reply No. 5") under seal. *See* D.I. 318. The portions of Reply No. 5 that PMI has marked for redaction are discussed below.

<u>Reply No. 5, Page 2</u>: The portion indicated for redaction cites to paragraphs 12 and

13 of the Expert Report of Ryan LaMotta. The Court previously found that while some portions of that expert report merit filing under seal, paragraphs 12 and 13 were not included in the protectable information. *See* D.I. 167 at 7. WTRI does not join PMI's request to file under seal the material on page 2 of Reply No. 5.

<u>Reply No. 5, Page 5</u>: The first two portions indicated for redaction take information from WTRI trial exhibit 520, which contains WTRI's non-public business information. Accordingly, **WTRI joins PMI's request** to seal the first two redacted portions on page 5 (at lines 2-3) of Reply No. 5.

The third portion indicated for redaction on page 5 cites to paragraph 10 of the Expert Report of Ryan LaMotta, which the Court did not previously include in its order granting a joint sealing motion. *See* D.I. 167 at 7. WTRI does not join PMI's request to file under seal the material on line 4 of page 5 of Reply No. 5.

<u>Reply No. 5, Pages 7-8</u>: Many of the proposed redactions at pages 7-8 of Reply No. 5 appear to refer to paragraph 10 of the Expert Report of Ryan LaMotta, which the Court did not previously include in its order granting a joint sealing motion. *See* D.I. 167 at 7. WTRI does not join PMI's request to file under seal the material citing to paragraph 10 of Mr. LaMotta's report.

Footnote 2, which appears on pages 7-8 also proposes redaction of a number taken from Section II of Reply No. 5. See D.I. 318 at n. 2 ("reducing figure by [ ] if granted"). **WTRI joins in PMI's request** to seal the portion of footnote 2 that refers to Section II of Reply No. 5 for the reasons set forth *supra* in regard to page 5.

## II. **LEGAL STANDARD**

Although there is a presumption to a public right of access to court documents, a motion to seal is proper upon a showing that compelling reasons support the need for secrecy. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "A trial court has broad discretion to permit sealing of court documents for the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Childs v. San Diego Family Hous., LLC*, No. 19cv2329 JM (MDD), 2020 U.S. Dist.

1  LEXIS 85571, at *4 (S.D. Cal. May 14, 2020) (quoting Fed. R. Civ. P. 26(c)(1)(G)).

2        For purposes of a motion to seal, the Ninth Circuit has defined a trade secret as "any
3  formula, pattern, device or compilation of information which is used in one's business,
4  and which gives him an opportunity to obtain an advantage over competitors who do not
5  know or use it." *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (quoting
6  Restatement of Torts § 757, cmt. b); *see also In re Incretin-Based Therapies Prods. Liab.*
7  *Litig.*, No. 13md2452 AJB (MDD), 2015 U.S. Dist. LEXIS 186540, at *378 (S.D. Cal.
8  Nov. 18, 2015).  Courts applying this definition "have concluded that detailed product-
9  specific financial information, customer information and internal reports are appropriately
10 sealable under the compelling reasons standard where that information could be used to
11 the company's competitive disadvantage." *In re Incretin-Based Therapies Prods.*, 2015
12 U.S. Dist. LEXIS 186540, at *378.  As this Court recognized, sealing is also appropriate
13 "to prevent judicial documents from being used 'as sources of business information that
14 might harm a litigant's competitive standing.'" *Childs*, 2020 U.S. Dist. LEXIS 85571, at
15 *5 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## III. ARGUMENT IN SUPPORT OF SEALING THE IDENTIFIED PORTIONS OF REPLY NO. 5

WTRI joins PMI's motion to seal the information proposed for redaction at lines 2-3 of page 5, as well as in footnote 2 citing to Section II of Reply No. 5, as these amounts reflect WTRI's confidential non-public business information.

### A. WTRI's Confidential Business Information Should be Sealed.

WTRI has taken affirmative action to protect its confidential business information from public release.  *See, e.g.,* D.I. 304-1, Declaration of Dr. Lia DiBello in Support of Workplace Technologies Research, Inc.'s Response to PMI's Motions to File Documents Under Seal ("DiBello Decl.") at ¶¶ 3-5.

WTRI's confidential pricing, revenue, and other financial information should be filed under seal.[1]  Due to the risk of competitive harm, confidential pricing and revenue

---

[1] *See*, Reply No. 5, page 5, lines 2-3 and footnote 2 (citing to Section II).

information is routinely sealed.  *See Quidel*, 2020 U.S. Dist. LEXIS 149064, at *7 (compelling reasons exists to seal confidential pricing information); *Orthopaedic Hosp.*, 2021 U.S. Dist. LEXIS 96555, at *7 (pricing information and "information about sales expectations" should be sealed under the "compelling reasons" standard to prevent competitive harm); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, No. 3:18-cv-00373-BEN-MSB, 2021 U.S. Dist. LEXIS 63778, at *99 (S.D. Cal. Mar. 31, 2021) (compelling reasons exist to file under seal a party's financial information); *Price v. Synapse Grp., Inc.*, No. 16-cv-1524-BAS-BLM, 2018 U.S. Dist. LEXIS 170413, at *4 (S.D. Cal. Oct. 1, 2018) (compelling reasons exist to file "pricing and financial information" under seal; *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd*, No. 3:18-cv-02109-BEN-LL, 2021 U.S. Dist. LEXIS 51249, at *8 (S.D. Cal. Feb. 18, 2021) (compelling reasons exist to file under seal "confidential, nonpublic information regarding the parties" sales, profits, income, and advertising expenditures").  WTRI further asserts that its financial information is maintained in confidence and that public release of its financial information would place WTRI at a competitive disadvantage, such as through being disadvantaged in its contract negotiations.  *See* DiBello Decl. at ¶ 4.

WTRI takes steps to protect its financial information, and it does not share this information publicly to avoid harm to its competitive standing.  *See* DiBello Decl. at ¶¶ 3-5.  Public disclosure of such information would permit competitors to access WTRI's confidential business information and thereby enable them to determine product-specific pricing information as well as profit and revenue information, which could be used by competitors to disadvantage WTRI, by, for example, undercutting WTRI's pricing and sales efforts.  *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (district court abused its discretion in ordering detailed financial information unsealed).  Compelling reasons exist to file such documents under seal, and courts regularly grant motions to seal confidential financial information such as the information the parties intend to file under seal here.  *See Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD, 2017 WL 50001287, at *6 (S.D. Cal. Nov. 2, 2017)

(granting motion to seal confidential financial information, including sales figures); *San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865 AJB (JMA), 2017 U.S. Dist. LEXIS 177985, at *3 (S.D. Cal. Oct. 25, 2017) ("compelling reasons exist to seal the documents as they contain private financial records of both parties").

Further, WTRI's confidential business information, which would result in competitive harm to WTRI if released to the public, would shed little to no light on the judicial process in the limited context of the pending motions *in limine* and *Daubert* motions. Indeed, those motions focus on admissibility and suitability of evidence and arguments at trial, as well as the experts' admissibility and reliability. In addition, WTRI seeks to seal only small portions of a single document from the dozens of documents PMI identified in its requests to seal. WTRI will work with PMI to prepare a public version of PMI's Reply No. 5 redacting only the minimal amount of information WTRI seeks to seal. As the material WTRI does seek to seal is not germane to the judicial process related to the motions *in limine* and *Daubert* motions, the threat of competitive harm from disclosure outweighs the public's right of access in this instance and amounts to compelling reasons to maintain the information at issue under seal.

For at least the above reasons, WTRI respectfully requests that the above-referenced portions of PMI's Reply No. 5 be filed under seal.

## IV. **RELIEF REQUESTED**

For all the reasons set forth above, WTRI respectfully submits that compelling reasons have been shown that supports an order by the Court permitting the following portions of each of the above-identified documents to be filed under seal:

- PMI's Reply No. 5, lines 2-3; and
- PMI's Reply No. 5, reference to Section II in footnote 2.

1  Dated: May 3, 2022

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Jose L. Patiño*
JOSE L. PATIÑO, CA Bar No. 149568
  JosePatino@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
  JustinGray@eversheds-sutherland.com
REGIS C. WORLEY, Jr., CA Bar No. 234401
  RegisWorley@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:      858.252.6503

Attorneys for Plaintiff and Counter-Defendant
WORKPLACE TECHNOLOGIES RESEARCH, INC.