JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
REGIS WORLEY, Jr., CA Bar No. 234401
    RegisWorley@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Plaintiff and Counter-Defendant
WORKPLACE TECHNOLOGIES RESEARCH, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROJECT MANAGEMENT INSTITUTE, <br><br> Defendant. | Case No. 3:18-cv-01927-JO-MSB <br><br> **WORKPLACE TECHNOLOGIES RESEARCH, INC.'S TRIAL BRIEF** <br><br> **[CIV. L.R. 16.1(F)(9)]** <br><br> Trial:     June 3, 2022 <br> Time:     1:30 p.m. <br> Place:     Courtroom 4C <br> Judge:     Hon. Jinsook Ohta |
| PROJECT MANAGEMENT INSTITUTE, <br><br> Counter-Claimant, <br><br> v. <br><br> WORKPLACE TECHNOLOGIES RESEARCH, INC.; and DOES 1-15 inclusive, <br><br> Counter-Defendants. | |

18cv1927

47435964.1

1   In accordance with Local Civil Rule 16.1(f)(9)(A), Plaintiff and Counter-Defendant
2   Workplace Technologies Research, Inc. ("WTRI") hereby submit its brief on significant
3   disputed issues of law, including foreseeable procedural and evidentiary issues.

4   **I.      Evidentiary Issue With the Deposition Testimony of Josh West**

5   On October 27, 2020, Defendant and Counterclaimant Project Management
6   Institute, Inc. ("PMI") deposed Josh West, a former WTRI employee.  The deposition was
7   held via Zoom and was scheduled to begin at 9:30 a.m. Eastern.  Shortly before 12:30 p.m.
8   Eastern, the videographer joined the Zoom deposition, noting that the videographer
9   received a notice that the deposition was scheduled to begin at 9:30 a.m. Pacific, not
10  Eastern, which was three hours after the deposition began.  While the deposition was
11  videotaped from that portion onward, approximately three hours were not recorded via
12  video.

13  To the extent that WTRI is unable to secure the live testimony of Mr. West, WTRI
14  intends to rely on Mr. West's deposition testimony, including portions that were recorded
15  on video and portions that were not.  A hierarchy exists for the presentation of deposition
16  testimony to a jury.  "Rule 32(c), by favoring audio and video recordings over the reading
17  of a cold transcript, therefore establishes a preference for testimony that is the most like
18  live testimony. Under this scheme, the presentation of deposition testimony in stenographic
19  form is third-best." *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of*
20  *Life Activists*, 290 F.3d 1058, 1118 (9th Cir. 2002); see also Fed. R. Civ. P. 32(c).
21  Accordingly, if live testimony is not available, WTRI intends that the portions of Mr.
22  West's testimony available on video will be played for the jury, whereas the remaining
23  portions may be read to the jury with WTRI's counsel reading the questions and a proxy
24  for Mr. West reading his responses from the transcript.

25  **II.     Evidentiary Issue With PMI's Source Code**

26  WTRI intends to provide evidence and testimony regarding PMI's source code.  The
27  Protective Order (D.I. 62) precludes WTRI from making additional paper copies of the
28  source code and prevents WTRI from digitizing the source code in any way.  *See* D.I. 62

47435964.1

at §§ 9(d)-(e).  Though the parties met and conferred to try to reach agreement on how WTRI could present evidence of PMI's source code to the Court and jury, the parties were unable to reach agreement.  *See id*. at § 3 (requiring the parties to meet and confer to discuss use of protected material at trial).

In order for WTRI to present its claims and defenses at trial, it must be able to introduce evidence of PMI's source code.  While WTRI does not oppose sealing the courtroom while such evidence is presented, WTRI is precluded by the Protective Order from creating copies of Ex. 273 to be included in the binder set for the Court and to be used to create witness binders.  WTRI is likewise precluded from making necessary copies for preparation of its case for trial and from digitizing the source code to permit its trial graphics technologists the ability to display the information to the jury.  In the interests of justice, the Court should facilitate the use and introduction of this vital evidence in support of WTRI's claims or defenses.

**III.    Evidentiary Issue Concerning the Presentation of the Parties' Proofs**

In order for the parties to prepare the order of the presentation of their respective evidence and witnesses, WTRI seeks confirmation that the order of proof will follow the conventional format:

- WTRI may make an opening statement;
- PMI may make an opening statement;
- WTRI will present its evidence supporting its case in chief (WTRI's allegations that PMI breached the contracts and violated the covenant of good faith and fair dealing);
- PMI will present its evidence rebutting WTRI's case in chief, as well as evidence supporting PMI's case in chief (PMI's allegations that WTRI breached the contracts, violated the covenant of good faith and fair dealing, and misappropriated PMI's trade secret);
- WTRI will then present evidence rebutting PMI's case in chief;
- WTRI will make its closing argument addressing its case in chief;

47435964.1

- PMI will make its closing argument rebutting WTRI's case in chief and addressing PMI's case in chief; and finally

- WTRI will make it closing argument rebutting PMI's case in chief.

*See* Judicial Council of California Civil Jury Instructions, No. 101 (2022 edition).

### IV. Evidentiary Issue Concerning Recalling of Witnesses to Facilitate Presentation of Evidence

Though each party's case in chief addresses alleged contract breaches, PMI's case in chief also raises alleged trade secret misappropriation. To prevent jury confusion and to promote efficient introduction of evidence, the parties should be permitted to recall witnesses to testify regarding the alleged trade secret misappropriation when PMI is putting on its case in chief.

Pursuant to Rule 611, the Court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to … make those procedures effective for determining the truth [and] avoid wasting time." Fed. R. Evid. 611(a); *see also United States v. Johnson*, No. 2:10-cr-00190-GMN-RJJ, 2012 U.S. Dist. LEXIS 119367, at *9 (D. Nev. Aug. 22, 2012) (proper to recall witness pursuant to Rule 611(a)). Here, by permitting witnesses to be recalled following WTRI's case in chief, evidence may be introduced at an appropriate time during the trial, thereby proving an efficient mechanism to introduce the evidence. Likewise, by avoid having to explain to the jury the relevance of trade secret information during WTRI's case in chief, allowing witnesses to be recalled (live or via prior deposition testimony) avoids wasting time, of which the parties were allocated a fixed amount. For at least these reasons, the Court should permit the parties to recall witnesses called during WTRI's case in chief.

### V. Evidentiary Issue Concerning Judicial Admissions

Each party seeks to introduce into evidence the other party's judicial admissions to obviate the burden of proving admitted issues and thereby saving trial time. Once the parties have reached agreement (or an impasse resolved by the Court) as to which facts have been admitted by the other party, the parties require a mechanism to present these

47435964.1

admissions to the jury.  WTRI proposes that each party may read into the record the adverse party's judicial admission and introduce a summary of the adverse party's judicial admissions as an exhibit.  *See* Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.").

## VI.    Evidentiary Issue Concerning Motions *in Limine*

During the May 11, 2022 hearing regarding the parties' motion *in limine*, the Court made a number of rulings but also reserved its decision on some of the motions.  Each of the motions on which the Court reserved has been briefed and is ripe for a decision.  WTRI respectfully identifies each of these unresolved motions as an evidentiary issue that will require resolution at trial at or before the attempted introduction of the evidence addressed by the motion.

## VII.    Procedural Issue Regarding Sean Hanle's Participation at Trial

The final pre-trial conference was held on April 27, 2022.  On May 24, 2022, Sean Hanle filed a notice of appearance on behalf of PMI.  Mr. Hanle should be precluded from conducting the trial.

"Unless otherwise ordered by the Court, counsel who will conduct the trial will appear at the pretrial hearing."  Civil Local Rule 16.1(f)(7).  Mr. Hanle did not appear at the pretrial hearing and WTRI is unaware of any request by Mr. Hanle to attend remotely (as one member of PMI's litigation team did at the first pretrial conference).  Having failed to comply with the local rules, Mr. Hanle should not be permitted to conduct the trial for PMI.

Dated:  May 27, 2022                                Respectfully submitted,

47435964.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EVERSHEDS SUTHERLAND (US) LLP**


*/s/ Jose L. Patiño*
JOSE L. PATIÑO, CA Bar No. 149568
   josepatino@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   scottpenner@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
REGIS WORLEY, Jr., CA Bar No. 234401
   RegisWorley@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA 92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Plaintiff and Counter-Defendant
WORKPLACE TECHNOLOGIES RESEARCH, INC.

6

18cv1927

47435964.1