Eric J. Bakewell (SBN 241529)
 EBakewell@willkie.com
Sean P. Hanle (SBN 298928)
 SHanle@willkie.com
Hannah L. McMeans (SBN 323551)
 HMcmeans@willkie.com
Benita S. Yu (SBN 329195)
 BYu@willkie.com
Emily Horak (SBN 340115)
 EHorak@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:  (310) 855-3000
Facsimile:   (310) 855-3099

*Attorneys for Defendant and Counterclaimant*
Project Management Institute, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>                    Plaintiff,<br><br>         v.<br><br>PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>                    Defendant.<br>_____<br>PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>                    Counterclaimant,<br><br>         v.<br><br>WORKPLACE TECHNOLOGIES RESEARCH, INC.; and DOES 1-15 inclusive,<br><br>                    Counterdefendants. | Case No. 3:18-CV-01927-JO-MSB<br><br>Hon. Jinsook Ohta<br>Courtroom No. 4C<br><br>**DEFENDANT AND COUNTERCLAIMANT PROJECT MANAGEMENT INSTITUTE, INC.'S MOTION TO LIMIT DAMAGES CONSISTENT WITH CONTRACTUAL TERMS**<br><br>Date:         June 6, 2022<br>Time:        8:30 a.m.<br>Courtroom: 4C<br><br>Action Filed:   August 20, 2018<br>Trial Date:      June 2, 2022 |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

RELEVANT BACKGROUND ....................................................................................3

    The Parties Enter Two Agreements For The Co-Development Of Software To Accelerate Project Management Practitioners' Learning ........3

    The Court Repeatedly Dismisses WTRI's Claims For Breach Of The Services Agreement's Implied Covenant, Fraudulent Misrepresentation, And Tortious Interference Without Leave To Amend ...............................4

    The Court Confirms WTRI Did Not Establish A Claim For Tortious Breach Of The Implied Covenant Of Good Faith And Fair Dealing ...........5

    WTRI Attempts To File A Fourth Amended Complaint And The Court Denies WTRI's Request ..................................................................................6

    WTRI's Only Remaining Claims Are Breach Of Contract Claims For Contracts With An Express And Unequivocal Damages Limitation............6

    WTRI's Damages Expert Calculates WTRI's Purported Added Costs and Lost Profits ..................................................................................................7

    The Court's Pretrial Rulings Limit The Parties To The Claims Pled, The Expert Opinions Disclosed, And The Evidence Produced ....................7

ARGUMENT..................................................................................................................7

I.    THE EXPRESS AND UNEQUIVOCAL CONTRACT PROVISIONS PRECLUDE NUMEROUS CATEGORIES OF DAMAGES INCLUDING LOST PROFITS..................................................................8

II.    "GROSS NEGLIGENCE" AND "WILLFUL MISCONDUCT" ARE TORT STANDARDS INAPPLICABLE IN CONTRACT ACTIONS .......9

III.    WTRI'S RECOVERABLE DAMAGES ARE SEVERLY LIMITED BY THE CONTRACTS' PROVISIONS....................................................12

CONCLUSION............................................................................................................13

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

53562489

i

PMI'S MOTION TO LIMIT DAMAGES PER CONTRACTAL TERMS

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Darnaa, LLC v. Google Inc.*
   236 F. Supp. 3d 1116 (N.D. Cal. 2017) ............................................................... 11

*Davo v. Globe Airport Sec. Servs.*
   295 F.2d 934 (9th Cir. 2002) ............................................................................... 10

*Erlich v. Menezes*
   21 Cal. 4th 543 (1999) ......................................................................................... 10

*Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*
   209 Cal. App. 4th 1118 (2012) ............................................................................ 11

*Frittelli, Inc. v. 350 N. Canon Drive, LP*
   202 Cal. App. 4th 35 (2011) ................................................................................ 10

*Grappo v. McMills*
   11 Cal. App. 5th 996 (2017) ................................................................................ 10

*Jhaveri v. ADT Sec. Servs., Inc.*
   No. 2:11-cv-4426, 2012 WL 843315 (C.D. Cal. Mar. 6, 2012) .......................... 10

*Newson v. Wal-Mart Stores, Inc.*
   No. CV-F-09-663, 2010 WL 1611149 (E.D. Cal. Apr. 20, 2010) ...................... 11

*ProPortion Foods, LLC v. Master Prot., LP*
   No. 2:19-cv-01768, 2019 WL 8137705 (C.D. Cal. Sept. 25, 2019) ................... 10

*Reserve Ins. Co. v. Pisciotta*
   30 Cal. 3d 800 (1982) .......................................................................................... 10

*United States ex rel. Integrated Energy, LLC v. Siemens Gov't Techs, Inc.*
   No. 15-01534, 2017 WL 10562969 (C.D. Cal. May 19, 2017) .......................... 11

**Statutes**

Cal. Civ. Code § 1668 ................................................................................................. 9

**PRELIMINARY STATEMENT**

Plaintiff Workplace Technologies Research, Inc. ("WTRI") pursues its remaining claims relating to purported breaches of the parties Development Agreement and Services Agreement while ignoring the clear and unmistakable limitations on recoverable damages contained in these agreements. The parties' contracts make clear that there can be no recovery for "lost revenue," "lost profits," or "any amounts in excess of the payments to be made to seller [WTRI] by purchaser [PMI]" pursuant to the parties' agreements.[1] Accordingly, any recovery by WTRI in this litigation is limited by the damages limitation provisions contained in the parties' agreements.

The contract language that expressly limits WTRI's damages at issue in this years-long litigation is unambiguous and unmistakable. Section 11 of the Development Agreement provides:

> Except for the indemnification obligations under this agreement and subject to the limitation noted below, neither party will be liable, in the aggregate, with respect to any subject matter of this agreement *under any contract, negligence, strict liability, or other legal or equitable theory* for any *direct, special, incidental, exemplary or consequential damages*, including, without limitation, *lost revenues, profits or data, cost of procurement of substitute goods, technology, or services, or any amounts in excess of the payments to be made to seller by purchaser pursuant to this agreement*. The parties agree that the limitations in this section are a bargained for exchange and a material condition and premise of this agreement. This limitation of liability clause shall not apply where liability arises as a direct result of the gross negligence or willful misconduct of the party against whom a claim or action for damages is brought.

Development Agreement § 11, ECF No. 47-1 (italics added and all caps formatting removed to improve readability). Section 8 of the Services Agreement similarly provides:

> In no event shall either party be liable to the other for any *general, special, indirect, incidental or consequential*

---

[1] Countercls., Ex. 1 at § 11, ECF No. 47-1 ("Development Agreement"). The Services Agreement contains a nearly identical limit. *See* Countercls., Ex. 3 at § 8, ECF No. 47-2 ("Services Agreement").

*damages* (including, without limitation, *indirect, special, punitive, or exemplary damages for loss of business, loss of profits, business interruption, or loss of data*) arising out of or connected in any way with this support services agreement, or any services rendered under this agreement, even if a party has been advised of the possibility of such damages. *The total liability of either party to the other party for all damages, losses, and causes of action (whether in contract, tort (including negligence) or otherwise) shall not exceed the total fees paid by PMI hereunder to WTRI.* This limitation of liability provision shall not apply in in [sic] the case of gross negligence or willful misconduct by the party against whom liability is claimed.

Services Agreement § 8, ECF No. 47-2 (italics added and all caps formatting removed to improve readability).

   Simply put, WTRI cannot recover "any direct [or general], special, incidental, exemplary or consequential damages" (including, but not limited to, lost profits or lost revenue) in this case on its remaining claims. To do otherwise, WTRI would need to clear two significant hurdles: (1) proving PMI breached either the Development Agreement or the Services Agreement or PMI breached the implied covenant of good faith and fair dealing as to the Development Agreement (a jury question); and (2) showing that its claims and requested damages somehow fall outside of the clear contract limitations (a judge question). And, there simply is no legitimate or colorable theory by which WTRI could avoid the contracts' damages limits. The Court already extinguished any tort liability in this case. Specifically, the Court ruled:

- "To the extent WTRI intended to assert a tortious breach, this claim is dismissed without prejudice as WTRI fails to respond to PMI's argument that it cannot state a tort claim. . . . [T]he SAC does not state a claim for tortious breach of the implied covenant of good faith and fair dealing." Order Granting In Part Den. In Part Def.'s Mot. Dismiss Second Am. Compl. 9:25-26, 13:27-28, ECF No. 32 ("Order Granting Mot. Dismiss Second Am. Compl.").

- "WTRI fails to plausibly plead fraud as an independent claim from its claims of breach of contract and breach of the implied covenant of good faith and

fair dealing in the Development Agreement." Order Granting Def.'s Mot. Dismiss Third Am. Compl. 8:19-20, ECF No. 42.

- "WTRI fails to plead a plausible claim for tortious interference with prospective business relations." Order Granting Def.'s Mot. Dismiss Third Am. Compl. 8:19-20, ECF No. 42.

- "Based on the argument made by WTRI in its motion, as well as the court's previous dismissals of WTRI's fraud claims, WTRI has not shown good cause under Rule 16(b)(4) to amend the scheduling order. . . . To the extent WTRI was diligent in bringing the instant motion after the close of discovery, its reason for seeking amendment is essentially that discovery has occurred, not that newly uncovered evidence or a new admission by PMI confirms facts that were not previously alleged to support claims that were not previously rejected." Order Mot. For Leave To File Fourth Am. Compl. 5:16-24, ECF No. 111.

WTRI has no remaining tort claims. Accordingly, the contracts' damages limits are fatal for WTRI's $20 million lottery ticket given that the overwhelming majority of WTRI's claimed damages (in excess of 90% of the damages quantified by WTRI's damages expert) are precluded by the express terms of the contracts.

## RELEVANT BACKGROUND

### The Parties Enter Two Agreements For The Co-Development Of Software To Accelerate Project Management Practitioners' Learning

WTRI and PMI entered two agreements relating to the co-development of an immersive accelerated learning technology platform for project management professionals. *See* Joint Final Pretrial Conference Order 33:22-24, ECF No. 324. The first agreement is called the "Software Technology Development And Purchase Agreement" ("Development Agreement") and has an effective date of September 8, 2015. *See id.* at 34:1-3. The second agreement is called the "Services Agreement" and has an effective date of December 15, 2016. *See id.* at 34:17-18. Both agreements contain limitation of liability clauses that prohibit

recovery of certain categories of damages (including lost profits) and cap recoverable damages at the amount owed under the contracts.  *See* Development Agreement § 11; Services Agreement § 8.

### **The Court Repeatedly Dismisses WTRI's Claims For Breach Of The Services Agreement's Implied Covenant, Fraudulent Misrepresentation, And Tortious Interference Without Leave To Amend**

On August 20, 2018, WTRI sued PMI and asserted claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraudulent misrepresentation; and (4) tortious interference with prospective business relations.  *See* Compl., ECF No. 1.

PMI moved to dismiss the Complaint for failure to state a claim.  *See* Def.'s Mot. Dismiss Compl., ECF No. 10.  WTRI filed a First Amended Complaint on October 25, 2018 which mooted PMI's outstanding motion to dismiss.  *See* First Am. Compl., ECF No. 12.

PMI subsequently and successfully moved to dismiss WTRI's three successive amended complaints.  The end result of the motion to dismiss practice was the Court provided detailed rulings on each of PMI's motions to dismiss which dismissed WTRI's claims for fraud, tortious interference, and breach of the implied covenant of good faith and fair dealing as to the Services Agreement without leave to amend.  *See* Order Granting Def.'s Mot. Dismiss Third Am. Compl. 8:26-9:1, ECF No. 42.  Specifically,

- PMI successfully moved to dismiss the First Amended Complaint for failure to state a claim which the Court granted on March 18, 2019.  *See* Def.'s Mot. Dismiss First Am. Compl., ECF No. 14; Order Granting In Part Den. In Part Def.'s Mot. Dismiss, ECF No. 24.

- PMI successfully moved to dismiss WTRI's Second Amended Complaint's claims for breach of the implied covenant of good faith and fair dealing as to the Services Agreement, fraudulent misrepresentation, and tortious

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

interference with prospective business relations. *See* Second Am. Compl., ECF No. 25; Order Granting In Part Den. In Part Def.'s Mot. Dismiss Second Am. Compl. 18:12-16, ECF No. 32.

- PMI successfully moved to dismiss WTRI's Third Amended Complaint's claims for breach of the implied covenant of good faith and fair dealing as to the Services Agreement, fraudulent misrepresentation, and tortious interference with prospective business relations. *See* Third Am. Compl., ECF No. 37; Order Granting Def.'s Mot. Dismiss Third Am. Compl. 8:22-23, ECF No. 42 ("The court previously cautioned WTRI that further unsuccessful attempts to amend the Complaint may demonstrate that the dismissed claims cannot be cured by amendment."). The Court dismissed WTRI's claims for breach of the implied covenant of good faith and fair dealing as to the Services Agreement, fraudulent misrepresentation, and tortious interference with prospective business relations without leave to amend after WTRI's fourth unsuccessful attempt to assert these same claims. *See* Order Granting Def.'s Mot. Dismiss Third Am. Compl. 8:25-9:1, ECF No. 42.

**<u>The Court Confirms WTRI Did Not Establish A Claim For Tortious Breach Of The Implied Covenant Of Good Faith And Fair Dealing</u>**

The Court explained in its order dismissing WTRI's claims in the Second Amended Complaint:

> As an initial matter, PMI argues the SAC fails to state a claim for *tortious* breach of the implied covenant of good faith and fair dealing. However, any fair reading of the SAC's implied covenant of good faith and fair dealing claim and WTRI's opposition to PMI's motion to dismiss makes it clear WTRI is not alleging a *tortious* breach occurred. . . . To the extent WTRI intended to assert a tortious breach, this claim is dismissed without prejudice as WTRI fails to respond to PMI's argument that it cannot state a tort claim.

Order Granting Mot. Dismiss Second Am. Compl. 9:1-4, 9:25-26, ECF No. 32 (emphasis original). The Court again confirmed that "the SAC does not state a claim for tortious breach of the implied covenant of good faith and fair dealing."

*See id.* at 13:27-28. WTRI did not attempt to assert a claim for tortious breach of the implied covenant after the Court dismissed this claim. *See generally* Third Am. Compl., ECF No. 37.

### WTRI Attempts To File A Fourth Amended Complaint And The Court Denies WTRI's Request

On December 3, 2020, WTRI sought leave to file a Fourth Amended Complaint so it could re-assert its claim for fraudulent misrepresentation and add a claim for fraudulent inducement based on alleged information learned during discovery. *See* Pl.'s Mot. For Leave To File Fourth Am. Compl., ECF No. 97. The Court denied WTRI's motion because it found that further amendments were futile and WTRI was essentially seeking a fifth opportunity to raise the same dismissed allegations. *See* Order Mot. For Leave To File Fourth Am. Compl. 5:20-24, ECF No. 111 (stating WTRI's "reason for seeking amendment is essentially that discovery has occurred, not that newly uncovered evidence or a new admission by PMI confirms facts that were not previously alleged to support claims that were not previously rejected").

### WTRI's Only Remaining Claims Are Breach Of Contract Claims For Contracts With An Express And Unequivocal Damages Limitation

All of WTRI's tort-based claims were dismissed without leave to amend. *See* Order Granting Def.'s Mot. Dismiss Third Am. Compl. 8:25-9:1, ECF No. 42; Order Mot. For Leave To File Fourth Am. Compl. 6:8-9, ECF No. 111. WTRI has no live tort claim. *See generally* Third Am. Compl., ECF No. 37 (showing operative complaint where only breach of contract and breach of implied covenant claims remain). Accordingly, all that remains are WTRI's breach of contract claims for the Development and Services Agreements and WTRI's breach of implied covenant claim for the Development Agreement. *See* Order Granting Def.'s Mot. Dismiss Third Am. Compl. 8:25-9:1 (dismissing WTRI's remaining claims without leave to amend).

**WTRI's Damages Expert Calculates WTRI's Purported Added Costs and Lost Profits**

WTRI disclosed an expert report from its purported damages expert Ryan LaMotta on December 11, 2020. *See* Expert Report of Ryan LaMotta, ECF No. 273-2. WTRI's damages expert identified four categories of damages: (1) time-based milestone payments; (2) costs incurred to perform tasks; (3) lost National Science Foundation ("NSF") grants; and (4) lost profits. *See id.* at ¶ 10. WTRI's damages expert disclosed no other categories of damages. *See generally id.*

**The Court's Pretrial Rulings Limit The Parties To The Claims Pled, The Expert Opinions Disclosed, And The Evidence Produced**

The Court confirmed that the parties are limited to the opinions disclosed in expert reports. *See id.* at 6:9-12 ("And if we're going to seek to introduce it, then it should be in his report."); June 2, 2022 Hr'g Tr. 10:15-11:7, ECF No. 339 ("But this is just to let you know that, as a general proposition, this Court is not going to allow expert testimony on opinions that haven't been fully disclosed.").

The Court also confirmed that WTRI cannot pursue its dismissed claims at trial. *See* May 11, 2022 Hr'g Tr. 30:9-12, ECF No. 325 ("I expect the parties to go trial on the claims that are live before the Court.").

# ARGUMENT

The narrow legal question for the Court to decide now is whether WTRI's damages are limited by the contracts' express and clear limitation of liability clauses. The Court must decide whether breach of contract or non-tortious breach of the implied covenant of good faith and fair dealing claims are within or outside of the express damages limits in the Development Agreement and the Services Agreement.

WTRI's claims and requested damages fall squarely within the damages limits contained in the Development Agreement and Services Agreement. The exceptions to the contractual damages limits – for "gross negligence" and "willful

misconduct" – purely relate to tort claims and are inapplicable in WTRI's breach of contract case. Therefore, WTRI's damages are plainly limited by the express contractual terms.

## I. THE EXPRESS AND UNEQUIVOCAL CONTRACT PROVISIONS PRECLUDE NUMEROUS CATEGORIES OF DAMAGES INCLUDING LOST PROFITS

The two contracts that apply to WTRI's live, contract-based claims are the Development Agreement and Services Agreement and both contracts contain limitation of liability clauses that expressly disallow the exact damages WTRI seeks. Section 11 of the Development Agreement provides:

> Except for the indemnification obligations under this agreement and subject to the limitation noted below, neither party will be liable, in the aggregate, with respect to any subject matter of this agreement *under any contract, negligence, strict liability, or other legal or equitable theory* for any *direct, special, incidental, exemplary or consequential damages*, including, without limitation, *lost revenues, profits or data, cost of procurement of substitute goods, technology, or services, or any amounts in excess of the payments to be made to seller by purchaser pursuant to this agreement*. The parties agree that the limitations in this section are a bargained for exchange and a material condition and premise of this agreement. This limitation of liability clause shall not apply where liability arises as a direct result of the gross negligence or willful misconduct of the party against whom a claim or action for damages is brought.

Development Agreement § 11, ECF No. 47-1 (italics added and all caps formatting removed to improve readability). Section 8 of the Services Agreement similarly provides:

> In no event shall either party be liable to the other for any *general, special, indirect, incidental or consequential damages* (including, without limitation, *indirect, special, punitive, or exemplary damages for loss of business, loss of profits, business interruption, or loss of data*) arising out of or connected in any way with this support services agreement, or any services rendered under this agreement, even if a party has been advised of the possibility of such damages. *The total liability of either party to the other party for all damages, losses, and causes of action (whether in contract, tort (including negligence) or otherwise) shall not exceed the total fees paid by PMI hereunder to WTRI*. This limitation of

> liability provision shall not apply in in [sic] the case of gross negligence or willful misconduct by the party against whom liability is claimed.

Services Agreement § 8, ECF No. 47-2.

Both contracts limit the category of damages that WTRI can recover and preclude recovery of "direct, [general,] special, incidental, exemplary or consequential damages." *See* Development Agreement § 11, ECF No. 47-1; Services Agreement § 8, ECF No. 47-2. Both contracts further explain what these categories include and prohibit recovery of "lost revenues, profits or data, cost of procurement of substitute goods, technology, or services" and "loss of business, loss of profits, business interruption, or loss of data." *See* Development Agreement § 11, ECF No. 47-1; Services Agreement § 8, ECF No. 47-2. And, both contracts limit WTRI's recovery to "the total fees paid by PMI hereunder to WTRI." *See* Development Agreement § 11, ECF No. 47-1; Services Agreement § 8, ECF No. 47-2. The only exception allowed under the contract is for "gross negligence" or "willful misconduct." *See* Development Agreement § 11, ECF No. 47-1; Services Agreement § 8, ECF No. 47-2. There are no other carve outs, exceptions, or ambiguity as to these terms. *See generally* Development Agreement, ECF No. 47-1; Services Agreement, ECF No. 47-2.

## II. "GROSS NEGLIGENCE" AND "WILLFUL MISCONDUCT" ARE TORT STANDARDS INAPPLICABLE IN CONTRACT ACTIONS

"Gross negligence" and "willful misconduct" have specific legal meanings in the context of limitation of liability clauses. *See* Cal. Civ. Code § 1668 (providing a contract cannot exempt liability for "fraud" or "willful injury to the person or property of another"). Public policy interests prevent parties from limiting liability for intentionally tortious conduct. *See Frittelli, Inc. v. 350 N. Canon Drive, LP*, 202 Cal. App. 4th 35, 43 (2011) ("[T]he statute invalidates contracts that purport to exempt an individual or entity from liability for future intentional wrongs."); *see also Reserve Ins. Co. v. Pisciotta*, 30 Cal. 3d 800, 814

(1982) ("It is axiomatic that absent a violation of public policy, a statute, or a constitutional provision, the parties to a private agreement may allocate risks in any manner they may choose.").

"Gross negligence" is not an independent cause of action and requires a statutory basis for liability that arises from an extreme departure from the ordinary standard of care. *See Grappo v. McMills*, 11 Cal. App. 5th 996, 1014-15 (2017) ("[G]ross negligence requires a want of even scant care or an extreme departure from the ordinary standard of conduct."). Gross negligence is a tortious cause of action and can only arise in the context of a breach of contract claim "when some independent duty arising from tort law is violated." *See Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999) ("If every negligent breach of a contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies."); *see also ProPortion Foods, LLC v. Master Prot., LP*, No. 2:19-cv-01768, 2019 WL 8137705, at *3 (C.D. Cal. Sept. 25, 2019) (recognizing that California courts no longer follower the rule that "a negligent failure to [perform a contract] may be both a breach of contract and a tort").

"Willful misconduct" is similarly not an independent tort cause of action but another aggravated form of negligence. *See Jhaveri v. ADT Sec. Servs., Inc.*, No. 2:11-cv-4426, 2012 WL 843315, at * 3 (C.D. Cal. Mar. 6, 2012) (finding contract claims only without pled claims for gross negligence or willful misconduct limits damages under limitation of liability clause). Willful misconduct requires a showing of a "positive intent actually to harm another or to do an act with a positive, active and absolute disregard for its consequences." *See Davo v. Globe Airport Sec. Servs.*, 295 F.2d 934, 941 (9th Cir. 2002) (finding complaint failed to claim willful misconduct).

Breach of the implied covenant is not a tort claim except in the narrow context of insurance. *See Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118, 1127 (2012) (holding limitation of liability clause limited

liability for breach of implied covenant). And, claims for breach of the implied covenant of good faith and fair dealing do not arise to the level of "gross negligence" or "willful misconduct" because the claim is simply a contract cause of action and is not a claim for "willful injury to person or property." *See United States ex rel. Integrated Energy, LLC v. Siemens Gov't Techs, Inc.*, No. 15-01534, 2017 WL 10562969, at *5 (C.D. Cal. May 19, 2017) (granting motion to enforce limitation of liability clause because breach of the implied covenant does not amount to fraud); *Darnaa, LLC v. Google Inc.*, 236 F. Supp. 3d 1116, 1124-25 (N.D. Cal. 2017) (finding limitation of liability clause precluded liability for breach of implied covenant of good faith and fair dealing); *Newson v. Wal-Mart Stores, Inc.*, No. CV-F-09-663, 2010 WL 1611149, at *4 (E.D. Cal. Apr. 20, 2010) (denying leave to amend to add willful misconduct cause of action because there is no tort recovery for breach of the implied covenant of good faith).

WTRI's operative Third Amended Complaint does not allege willful misconduct or gross negligence. *See generally* Third Am. Compl., ECF No. 37 (failing to allege negligence much less gross negligence or willful misconduct). First, WTRI fails to allege a cause of action for negligence, much less an aggravated form of negligence like gross negligence or willful misconduct. *See generally id.* WTRI has never alleged gross negligence or willful misconduct in this litigation. *See generally* Compl., ECF No. 1 (pleading claims for breach of contract, breach of implied covenant, fraudulent misrepresentation, and tortious interference); First Am. Compl., ECF No. 14 (alleging same four claims); Second Am. Compl., ECF No. 25 (pleading same four claims); Third Am. Compl., ECF No. 37 (pleading same claims); Mot. Leave To File Fourth Am. Compl., ECF No. 97 (attempting to revive dismissed claims but not alleging any new claims).

Moreover, the Court already held in this case that the only liability imposed by WTRI's claims is *contract* liability. *See* Order Granting Mot. Dismiss Second Am. Compl. 9:1-13, ECF No. 32 ("[T]he SAC does not specifically assert a tort

claim, nor does it allege a 'special relationship' giving rise to tort liability existed between the parties."). The Court then dismissed any unpled WTRI claim for tortious breach. *See id.* at 9 n.6 ("To the extent WTRI intended to assert a tortious breach, this claim is dismissed without prejudice as WTRI fails to respond to PMI's argument that it cannot state a tort claim."). WTRI did not attempt to revive tort claims related to its breach of the implied covenant claim after the Court dismissed this argument. *See generally* Third Am. Compl., ECF No. 37; Pl.'s Mot. For Leave To File Fourth Am. Compl., ECF No. 97.

And, the Court confirmed at the motion *in limine* hearing that only the operative claims – for WTRI, its breach of contract and breach of implied covenant as to the Development Agreement – go to trial. *See* May 11, 2022 Hr'g Tr. 30:9-12, ECF No. 325 ("I expect the parties to go trial on the claims that are live before the Court."). WTRI has no claim for "gross negligence" or "willful misconduct" because it failed to state any claims in either tort theory in any complaint filed in this action. Therefore, the damages limits of section 11 of the Development Agreement and section 8 of the Services Agreement apply.

### III. WTRI'S RECOVERABLE DAMAGES ARE SEVERLY LIMITED BY THE CONTRACTS' PROVISIONS

The contracts severely narrow WTRI's recoverable damages to the extent that: (1) WTRI cannot recover "any direct [or general], special, incidental, exemplary or consequential damages;" and (2) WTRI's damages cannot exceed the payments owed by PMI to WTRI under each agreement. *See* Countercls., Ex. 1 at § 11, ECF No. 47-1; Countercls., Ex. 3 at § 8, ECF No. 47-2. WTRI's damages thus face two substantial limits.

First, WTRI only disclosed and is limited to the damages quantified by its expert in his expert report. *See* May 11, 2022 Hr'g Tr. 6:9-12, ECF No. 325. WTRI's damages expert identified four categories of damages: (1) time-based milestone payments; (2) costs incurred to perform tasks; (3) lost National Science

Foundation ("NSF") grants; and (4) lost profits. *See* Expert Report of Ryan LaMotta ¶ 10, ECF No. 273-2. Each of these categories is expressly prohibited by the contracts' limitations of liability clauses. *See* Countercls., Ex. 1 at § 11, ECF No. 47-1 ("including, without limitation, lost revenues, profits or data, cost of procurement of substitute goods, technology, or services"); Countercls., Ex. 3 at § 8, ECF No. 47-2 ("including, without limitation, indirect, special, punitive, or exemplary damages for loss of business, loss of profits, business interruption, or loss of data").

Second, WTRI cannot recover more than PMI owed under each contract even if it could identify a permissible category of damages. *See* Countercls., Ex. 1 at § 11, ECF No. 47-1 ("or any amounts in excess of the payments to be made to seller by purchaser pursuant to this agreement"); Countercls., Ex. 3 at § 8, ECF No. 47-2 ("shall not exceed the total fees paid by PMI hereunder to WTRI"). The Development Agreement provided that PMI would pay WTRI at most $4,000,000.00 while the Services Agreement provided that PMI would pay WTRI at most $1,137,623.00.[2] Simply put, WTRI cannot recover $20 million in lost profit or lost revenue damages where the bargained-for contracts at issue expressly limits WTRI's damages.

## CONCLUSION

For the foregoing reasons, PMI respectfully requests the Court apply the contractual limitation of liability clauses within Section 11 of the Development Agreement and Section 8 of the Services Agreement and find that: (1) WTRI's

---

[2] These damages are further offset by the $2,137,623 that PMI directly paid WTRI under the agreements – payments that indisputably were made.

damages are limited to categories permitted by the contracts; and (2) WTRI's damages are capped at the amount owed under each contract.[3]

Dated:  June 3, 2022                           WILLKIE FARR & GALLAGHER LLP

By:  */s/ Eric J. Bakewell*
Eric J. Bakewell
Sean P. Hanle
Hannah L. McMeans
Benita S. Yu
Emily Horak

*Attorneys for Defendant and Counterclaimant*
Project Management Institute, Inc.

---

[3] Moreover, introduction of any evidence or any argument by WTRI about damages that are precluded by the Development Agreement and Services Agreement is irrelevant, unduly prejudicial, confusing and should be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.