1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9

10   WORKPLACE TECHNOLOGIES                    Case No.:  18cv1927 JO (MSB)
     RESEARCH, INC.,
11                                             **ORDER ON MOTIONS TO SEAL**
                                  Plaintiff,
12
     v.
13
     PROJECT MANAGEMENT INSTITUTE,
14   INC.,

15                                Defendant.

16   PROJECT MANAGEMENT INSTITUTE,
     INC.,
17
18                           Counter-Claimant,

19   v.

20   WORKPLACE TECHNOLOGIES
     RESEARCH, INC.,
21
                           Counter-Defendant.
22

23

24        Plaintiff Workplace Technologies Research, Inc. ("WTRI") and Defendant Project

25   Management Institute, Inc. ("PMI")'s filed a Joint Motion to Seal in connection with the

26   Parties' Motions in Limine and *Daubert* Motions.  (Doc. No. 328).  For the reasons set

27   forth below, the Parties' Joint Motion is **GRANTED-IN-PART** and **DENIED-IN-**

28   **PART.**

                                        1

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that "is more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1097–99. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* Nondispositive evidentiary motions—including "routine motions in limine" and *Daubert* motions may be "strongly correlative to the merits of a case." *Id.* at 1099.

The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599

**ANALYSIS**

Here, the Parties seek to seal three general categories of documents: (1) documents previously ordered sealed by the Court; (2) documents that contain, reference, or discuss non-public business information, including PMI's alleged trade secrets; and (3) "third-

2

party" documents that were marked "CONFIDENTIAL" under the Protective Order. (Doc. No. 328 at 5–9; 19–20).

The Court addresses each category of documents in turn.  First, the Court notes that in its prior August 10, 2021 Order, the Court already granted the Parties' request to seal certain documents which: (1) contained, referenced, or discussed non-public business information; and/or (2) contained confidential communications between WTRI and the National Science Foundation ("NSF").  (*See* Doc. No. 167 at 2–4).  The Parties do not point to anything that would call the Court's prior Order into question.  The Court, therefore, renews the findings in that Order here.

Second, the Parties request that the Court seal a new set of documents containing non-public information—including customer names, pricing information, and descriptions of PMI's alleged trade secrets.  As the Court noted in its prior Order, "[d]ocuments containing commercially sensitive information have been held sealable in this Circuit." *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021) (collecting cases); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of public access to court records); *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) ("Courts have long acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents.").

Here, the Court finds the Parties have sufficiently justified sealing limited portions of the Parties' exhibits that contain such confidential, non-public information.  Nevertheless, a number of the Parties' requests are not narrowly tailored "to remove from public view only the material that is protected." *Wasito* v. *City of San Diego,* No. 19-CV-2395 JLS (JLB), at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Ervine* v. *Warden,* 214 F. 6

3

Supp. 3d 917, 919 (E.D. Cal. 2016)).  The Court addresses these requests in more detail below.

Third, WTRI seeks to seal certain "third party" documents out of an "abundance of caution."  (Doc. No. 328 at 14).  It appears the "third party" documents WTRI is referencing are excerpts from the deposition transcript of Dr. Alicia Sanchez and Misael Labrador.  *Id.* at 8–9.  As an initial matter, it is unclear to the Court how these transcripts are "third-party documents" when they are transcripts of depositions taken in this case. Regardless, the Court has addressed WTRI's request—and PMI's response—below.

Finally, the Court notes numerous documents were lodged for sealing that: (1) the Parties did not address; (2) the Parties do not now oppose to publicly filing; and/or (3) were already publicly filed on the docket.[1]  Given the lack of opposition, the Court will order these documents to be publicly filed, to the extent they have not been already.

The Court has considered and ruled on each of the exhibits the Parties designated for sealing as set forth in the following table:

| Document | Portions | Order |
|---|---|---|
| Expert Rebuttal Report of Clark Aldrich (Patiño Decl., Ex. 1) (Doc. No. 252-2) | Section F.a | **GRANTED.**  Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Expert Report of Mickey A. Ferri, Ph.D. (Patiño Decl., Ex. 2) (Doc. No. 252-3) | Page 61, footnote 339; Page 85, ¶ 105(e) | **GRANTED.**  Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Expert Report of Carlyn Irwin (Patiño Decl., Ex. 4) (Doc. No. 252-4) | Page 20, footnote 80; Page 27, ¶ 63, first sentence that cites to footnote 111. | **GRANTED.**  Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Expert Report of Dr. Ricardo | ¶¶ 78, 81 | **GRANTED.**  Previously |

---

[1] The Parties' conduct resulted in the Court reviewing and addressing documents that should not have been lodged for sealing.  The Parties are admonished such conduct wastes judicial resources and should be avoided in future litigation.

| Document | Portions | Order |
|---|---|---|
| Valerdi (Patiño Decl., Ex. 6) (Doc. No. 252-5) | | sealed pursuant to the Court's August 10, 2021 Order. |
| Excerpts from the Deposition Transcript of Jeremiah Stepan (Patiño Decl., Ex. 12) (Doc. No. 252-6) | 195:19–204:22; 295:18–300:25; 305:1–312:25; 325:1–326:1 | **GRANTED.**  Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Excerpts from the Deposition Transcript of Ricardo Valerdi (Patiño Decl., Ex. 13) (Doc. No. 252-7) | 99:10–109:12; 185:7–188:25; 241:13–248:25 | **GRANTED.**  Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Excerpts from the Deposition Transcript of Chris Mancus (Patiño Decl., Ex. 16) (Doc. No. 252-8) | 74:11–79:20; 97:3–104:2; 153:1–155:25 | **GRANTED.**  Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Document produced by PMI in this litigation bearing Bates numbers PMI00017273–PMI00017304 (Patiño Decl., Ex. 18) (Doc. No. 252-9) | Entirety | In view of PMI's Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the Deposition Transcript of Alicia Sanchez (Patiño Decl., Ex. 19) (Doc. No. 252-10) | 191:8–200:21 | **GRANTED-IN-PART** and **DENIED-IN-PART.**<br><br>PMI seeks to seal 191:8–200:21, because this portion of the transcript purportedly "explain[s] how PMI's trade secret technology works." (Doc. No. 328-1 at 2).<br><br>PMI's request is **GRANTED** as to 191:8–194:21; 196:14–15; 198:6–198:17; 199:16–200:21.<br><br>It is **DENIED** as to the remainder of this request, which is not an explanation of |

5

| Document | Portions | Order |
|---|---|---|
| | | how PMI's trade secrets work but reflects testimony as to whether the witness would characterize PMI's "Flows" as confidential information, when these Flows were developed, how they were stored, and who had access to them.  PMI has provided no reason why these portions of the deposition transcript should be sealed. |
| Document produced by PMI in this litigation bearing Bates numbers PMI00017336–PMI00017345 (Patiño Decl., Ex. 22) (Doc. No. 252-11) | | In view of PMI's Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the Deposition Transcript of Misael Labrador (Patiño Decl., Ex. 23) (Doc. No. 252-12) | 37:1–38:3 | **GRANTED** |
| WTRI's Motion to Exclude/Strike (Doc. No. 252-1) | Page 14, footnote 4; page 19, lines 27–28; page 23, lines 8–9; page 24, lines 15–16; page 25, lines 11–12 | **GRANTED-IN-PART** and **DENIED-IN-PART.**<br><br>The Parties' request is **GRANTED** with respect to page 19, lines 27–28, page 23, lines 8–9, page 24, lines 15–16, and page 25, lines 11–12.<br><br>It is **DENIED** with respect to Page 14, footnote 4.  Although these sentences cite to materials previously sealed by the Court, the discussion in the footnote itself is directed as to which entity was responsible for a Web Portal. |

18cv1927 JO (MSB)

| Document | Portions | Order |
|---|---|---|
| | | The Court's prior concern with the confidentiality of these materials had to do with the content of the source code—rather than whether PMI, WTRI, or a third-party was responsible for creating the Web Portal. |
| WTRI's Motions in Limine (Doc. No. 252) | Page 13, footnote 8; page 20, lines 20–26; page 22, lines 19–20; page 22, lines 26–27; page 23, lines 1–2; page 23, lines 5–6 | **GRANTED-IN-PART** and **DENIED-IN-PART.**<br><br>**GRANTED** as to Page 13, footnote 8 and Page 22, lines 26–27.<br><br>**DENIED** with respect to the remainder of the sealing request.  Neither Party has provided any reason why the remaining identified excerpts should be sealed. |
| Document bearing Bates numbers WTRI00000051–WTRI00000071 (McMeans Decl., Ex. A) (Doc. No. 254-3 at 2–23). | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates number WTRI00013019 (McMeans Decl., Ex. B) (Doc. No. 254-3 at 24–25). | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates number WTRI00029242 (McMeans Decl., Ex. C) (Doc. No. 254-3 at 26–27). | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates numbers WTRI00058255–WTRI00058275 (McMeans | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed |

| Document | Portions | Order |
|---|---|---|
| Decl., Ex. D) (Doc. No. 254-3 at 28–49). | | publicly. |
| Document bearing Bates numbers WTRI00095039–WTRI00095076 (McMeans Decl., Ex. E) (Doc. No. 254-3 at 50–88). | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Notice of Motion/Motion in Limine No. 8 (Doc. Nos. 254, 254-1) | | In view of the Parties' Non-Opposition, these documents are **ORDERED** to be filed publicly. |
| Declaration of Hannah McMeans in Support of PMI's Motion in Limine No. 8 (Doc. No. 254-2) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/28/2020 deposition transcript of Dr. DiBello (Horak Decl., Ex. A) (Doc. No. 257-1) | 85:25; 86:2; 251:3 | **GRANTED** |
| Excerpts from LaMotta expert report (Horak Decl., Ex. B) (Doc. No. 257-2) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 4/27/2021 deposition transcript of Mr. LaMotta (Horak Decl., Ex. C) (Doc. No. 257-3) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Motion in Limine No. 1 (Doc. No. 257) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/28/2020 deposition transcript of Dr. DiBello (Horak Decl., Ex. B) | 121:13; 121:15; 122:6; 128:3; 131:10; 226:10; | **GRANTED** |

8

| Document | Portions | Order |
|---|---|---|
| (Doc. No. 264-1) | 226:22 | |
| Excerpts from the 9/29/2020 deposition transcript of Dr. Lehmann (Horak Decl., Ex. C) (Doc. No. 264-2) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from LaMotta expert report (Horak Decl., Ex. D) (Doc. No. 264-3) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 4/27/2021 deposition transcript of Mr. LaMotta (Horak Decl., Ex. E) (Doc. No. 264-4) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from 11/24/2021 Joint Proposed Pretrial Conference Order (Horak Decl., Ex. F) (Doc. No. 264-5) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates number WTRI00098477 (Horak Decl., Ex. H) (Doc. No. 264-6) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Motion in Limine No. 4 (Doc. No. 264) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from LaMotta expert report (Horak Decl., Ex. A) (Doc. No. 268-1) | ¶¶ 82; 91–93; 95–96 | **GRANTED.** Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Excerpts from the 4/27/2021 deposition transcript of Mr. LaMotta (Horak Decl., Ex. B) (Doc. No. 268-2) | 283:9–14; 284:9–12; 284:16–21; 284:25-285:19; 286:1; 287:22 | **GRANTED.** |
| Document bearing Bates number WTRI00041351 (Horak Decl., Ex. C) (Doc. No. 268-3) | WTRI00041351 | **GRANTED-IN-PART** and **DENIED-IN-PART.** |

18cv1927 JO (MSB)

| Document | Portions | Order |
|---|---|---|
| | | WTRI's request to seal the entirety of this page because it "identifies customers" is not narrowly tailored. WTRI is instead **DIRECTED** to publicly re-file this document with specific customer names redacted. |
| Document bearing Bates number WTRI00094198 (Horak Decl., Ex. D) (Doc. No. 268-4) | Entirety | **GRANTED-IN-PART** and **DENIED-IN-PART.** WTRI's request to seal the entirety of this document because it "identifies potential customers" is not narrowly tailored. WTRI is instead **DIRECTED** to publicly re-file this document with specific customer names redacted. |
| Document bearing Bates number WTRI00141333 (Horak Decl., Ex. E) (Doc. No. 268-5) | Entirety | **GRANTED-IN-PART** and **DENIED-IN-PART.** WTRI's request to seal the entirety of this document because it "identifies potential customers" is not narrowly tailored. WTRI is instead **DIRECTED** to publicly re-file this document with specific customer names redacted. |
| Document bearing Bates number WTRI00448157 | February 22, 2018 e-mail | **GRANTED-IN-PART** and **DENIED-IN-PART.** |

10

| Document | Portions | Order |
|---|---|---|
| (Horak Decl., Ex. F) (Doc. No. 268-6) | (WTRI00448158– WTRI00448160) | WTRI's request to seal the entirety of the February 22, 2018 e-mail, because it "identifies customers" is not narrowly tailored.<br><br>WTRI is instead **DIRECTED** to publicly re-file this document with specific customer names redacted. |
| PMI's Motion in Limine No. 2 (Doc. No. 268) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/28/2020 deposition transcript of Dr. DiBello (Horak Decl., Ex. C) (Doc. No. 273-1) | 251:3; 255:3 | **GRANTED** |
| Excerpts from LaMotta expert report (Horak Decl., Ex. D) (Doc. No. 273-2) | ¶¶ 79; 82; 91–93; 95–96; 102; Footnote 192; ¶ 103 | **GRANTED.** Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Excerpts from the 4/27/2021 deposition transcript of Mr. LaMotta (Horak Decl., Ex. E) (Doc. No. 273-3) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from Irwin expert report (Horak Decl., Ex. F) (Doc. No. 273-4) | Entirety | **GRANTED-IN-PART** and **DENIED-IN-PART.**<br><br>WTRI's request to seal the entirety of this exhibit, which includes numerous pages of non-confidential information, including a table of contents, is not narrowly tailored. |

18cv1927 JO (MSB)

| Document | Portions | Order |
|---|---|---|
| | | WTRI is instead **DIRECTED** to publicly re-file this document with specific customer names and pricing information redacted. |
| Document identified by Bates number WTRI00448657 | Entirety | This document was not lodged on the docket. Accordingly, the court takes no position as to whether it can properly be sealed in its entirety. |
| PMI's Motion in Limine No. 5 (Doc. No. 273) | Page 6, lines 18 and 20 | **GRANTED.** |
| Index of Exhibits ISO PMI's Motion in Limine No. 9 (Doc. No. 278) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/28/2020 deposition transcript of Dr. DiBello (Bakewell Decl., Ex. A) (Doc. No. 278-1) | 121:13; 121:15; 122:6; 128:3 | **GRANTED.** |
| Excerpts from the 10/6/2020 deposition transcript of Dr. DiBello (Bakewell Decl., Ex. B) (Doc. No. 278-2) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/25/2020 deposition transcript of Mr. Chamberlain (Bakewell Decl., Ex. C) (Doc. No. 278-3) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 4/27/2021 deposition transcript of Mr. LaMotta (Bakewell Decl., Ex. D) (Doc. No. 278-4) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from LaMotta expert report (Bakewell Decl., Ex. E) | ¶¶ 113, 114 | **GRANTED.** Previously sealed pursuant to the Court's |

| Document | Portions | Order |
|---|---|---|
| (Doc. No. 278-5) | | August 10, 2021 Order. |
| Excerpts from the deposition transcript of Dr. Lehmann Bakewell Decl., Ex. F) (Doc. No. 278-6) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Motion in Limine No. 9 (Doc. No. 277) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Declaration of EJB ISO PMI's Motion in Limine No. 9 (Doc. Nos. 277-1) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| E-mail chain between Matthew Busch, Justin Gray, Eric Bakewell and Hannah McMeans dated August 25-31, 2020 (McMeans Decl., Ex. A) (Doc. No. 281-4) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Declaration of Matthew J. Busch in Support of PMI's Ex Parte Application to Extend the Deadline to Serve Written Discovery Requests (McMeans Decl., Ex. B) (Doc. No. 281-5) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 10/1/2020 deposition transcript of Mr. Rossi (McMeans Decl., Ex. C) (Doc. No. 281-6) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 10/2/2020 deposition transcript of Mr. Burke (McMeans Decl., Ex. D) (Doc. No. 281-7) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 3/11/2021 deposition transcript of Mr. Mancus (McMeans Decl., Ex. | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed |

13

| Document | Portions | Order |
|---|---|---|
| E) (Doc. No. 281-8) | | publicly. |
| Excerpts from the expert report of Mr. Ferrara (McMeans Decl., Ex. F) (Doc. No. 281-9) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the supplemental expert report of Mr. Ferrara (McMeans Decl., Ex. G) (Doc. No. 281-10) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the expert report of Dr. Greenspun (McMeans Decl., Ex. H) (Doc. No. 281-11) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the second supplemental expert report of Dr. Greenspun (McMeans Decl., Ex. I) (Doc. No. 281-12) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| WTRI's 30(b)(6) Notice of Deposition of PMI dated 9/8/2020 (McMeans Decl., Ex. J) (Doc. No. 281-13) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| WTRI's 30(b)(6) Notice of Deposition of PMI dated 2/1/2021 (McMeans Decl., Ex. K) (Doc. No. 281-14) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Notice of Motion in Limine No. 6/Motion in Limine No. 6 (Doc. No. 281, 281-1) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Declaration of Hannah McMeans in support of PMI's Motion in Limine No. 6 (Doc. No. 281-2) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |

14

| Document | Portions | Order |
|---|---|---|
| Excerpts from the 4/28/2021 deposition transcript of Mr. Ferrara (Yu Decl., Ex. A) (Doc. No. 288-2 at 1–22) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 5/3/2021 deposition transcript of Dr. Greenspun (Yu Decl., Ex. B) (Doc. No. 288-2 at 23–50) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 4/7/2021 expert report of Mr. Ferrara (Yu Decl., Ex. C) (Doc. No. 288-2 at 51–62) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 4/7/2021 expert report of Dr. Greenspun (Yu Decl., Ex. D) (Doc. No. 288-2 at 63–73) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 12/11/2020 expert report of Mr. LaMotta (Yu Decl., Ex. E) (Doc. No. 288-2 at 74–86) | ¶¶ 79; 82; 91–93; 95–96; 102; Footnote 192; ¶ 103, 105 | **GRANTED.** Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Excerpts from the 4/27/2021 deposition transcript of Mr. LaMotta (Yu Decl., Ex. F) (Doc. No. 288-2 at 87–126) | 268:16–19; 284:9–12; 284:16–21; 284:25–285:19 | **GRANTED.** Previously sealed pursuant to the Court's August 10, 2021 Order. |
| Excerpts from the 4/7/2021 expert report of Dr. Surati (Yu Decl., Ex. G) (Doc. No. 288-2 at 127–136) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 4/23/2021 deposition transcript of Dr. Surati (Yu Decl., Ex. H) (Doc. No. 288-2 at 137–175) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from 12/11/2020 expert report of Dr. Raisinghani (Yu Decl., Ex. I) (Doc. No. 288-2 at 176–181) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |

18cv1927 JO (MSB)

| Document | Portions | Order |
|---|---|---|
| Excerpts from 4/7/2021 expert report of Dr. Raisinghani (Yu Decl., Ex. J) (Doc. No. 288-2 at 182–219) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from 4/20/2021 deposition of Dr. Raisinghani (Yu Decl., Ex. K) (Doc. No. 288-2 at 220–240) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Daubert Motion (Doc. No. 288) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Index of Exhibits ISO PMI's *Daubert* Motion (Doc. No. 288-1) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| WTRI's Opposition to PMI's MILs (Doc. No. 295) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/30/2020 deposition transcript of Mr. Weiss (Patiño Decl., Ex. 1) (Doc. No. 295-1) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Index of Exhibits to Bakewell Declaration (Doc. No. 297) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |

16

| Document | Portions | Order |
|---|---|---|
| Document bearing Bates numbers N0004413–N0004415 (Bakewell Decl., Ex. A) (Doc. No. 297-1) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| KMS Technology Webpage (Bakewell Decl., Ex. B) (Doc. No. 297-2) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 10/2/2020 deposition transcript of Ms. Holloway (Bakewell Decl., Ex. C) (Doc. No. 297-3) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/28/2020 deposition transcript of Dr. DiBello (Bakewell Decl., Ex. D) (Doc. No. 297-4) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates numbers WTRI00031171–WTRI00031179 (Bakewell Decl., Ex. E) (Doc. No. 297-5) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates numbers WTRI00114404–WTRI00114413 (Bakewell Decl., Ex. F) (Doc. No. 297-6) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| WTRI webpage last accessed on April 19, 2022 (Bakewell Decl., Ex. G) (Doc. No. 297-7) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| WTRI webpage last accessed on April 19, 2022 (Bakewell Decl., Ex. H) (Doc. No. 297-8) | | Despite the fact this document was lodged for sealing, no Party has provided any reason |

17

18cv1927 JO (MSB)

| Document | Portions | Order |
|---|---|---|
| | | for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates numbers PMI00091993– PMI00091994 (Bakewell Decl., Ex. I) (Doc. No. 297-5) (Doc. No. 297-9) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates numbers PMI00180159– PMI00180162 (Bakewell Decl., Ex. J) (Doc. No. 297-10) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates numbers PMI00203097– PMI00203098 (Bakewell Decl., Ex. K) (Doc. No. 297-11) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/30/2020 deposition transcript of Mr. Weiss (Bakewell Decl., Ex. L) (Doc. No. 297-12) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Email dated November 23, 2021 with Subject "Re: WTRI v. PMI: PMI's Witness List and Deposition Requests" (Bakewell Decl., Ex. M) (Doc. No. 297-13) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Index of Exhibits to Sardina Declaration (Doc. No. 297-14) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates | | In view of the Parties' Non- |

18

18cv1927 JO (MSB)

| Document | Portions | Order |
|---|---|---|
| numbers PMI0007273–PMI00017304 (Sardina Decl., Ex. A) (Doc. No. 297-15) | | Opposition, this document is **ORDERED** to be filed publicly. |
| Document bearing Bates number PMI00581150 (Sardina Decl., Ex. B) (Doc. No. 297-16) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Opposition to WTRI's Motions in Limine (Doc. No. 298) | | This document was already filed publicly. |
| Excerpts from the 12/11/2020 expert report of Ms. Irwin (Bakewell Decl., Ex. A) (Doc. No. 300-3) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 4/29/2021 deposition transcript of Ms. Irwin (Bakewell Decl., Ex. B) (Doc. No. 300-4) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 12/11/2020 expert report of Mr. Stepan (Bakewell Decl., Ex. C) (Doc. No. 300-5) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 5/6/2021 deposition transcript of Mr. Stepan (Bakewell Decl., Ex. D) (Doc. No. 300-6) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 12/11/2020 expert report of Dr. Ferri (Bakewell Decl., Ex. E) (Doc. No. 300-7) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 12/11/2020 expert report of Dr. Raisinghani (Bakewell Decl., Ex. F) (Doc. No. 300-8) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/28/2020 deposition transcript of Dr. | | In view of the Parties' Non-Opposition, this document is |

| Document | Portions | Order |
|---|---|---|
| DiBello (Bakewell Decl., Ex. G) (Doc. No. 300-9) | | **ORDERED** to be filed publicly. |
| Excerpts from 10/2/2020 deposition transcript of Jesse Sardina (Bakewell Decl., Ex. H) (Doc. No. 300-10) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/29/2020 deposition transcript of Ms. Redden (Bakewell Decl., Ex. I) (Doc. No. 300-11) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from 9/25/2020 deposition transcript of Sterling Chamberlain (Bakewell Decl., Ex. J) (Doc. No. 300-12) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 10/1/2020 deposition transcript of Mr. Rossi (Bakewell Decl., Ex. K) (Doc. No. 300-13) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Excerpts from the 9/23/2020 deposition transcript of Mr. Carter-Bey (Bakewell Decl., Ex. L) (Doc. No. 300-14) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Declaration from Mr. Aldrich dated 8/16/2021 (with exhibits) (Bakewell Decl., Ex. M) (Doc. No. 300-15) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Declaration from Dr. Valerdi dated 8/16/2021 (with exhibits) (Bakewell Decl., Ex. N) (Doc. No. 300-16) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |

18cv1927 JO (MSB)

| Document | Portions | Order |
|---|---|---|
| Declaration from Mr. Fincher dated 8/16/2021 (with exhibits) (Bakewell Decl., Ex. O) (Doc. No. 300-17) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| PMI's Opposition to WTRI's Daubert Motion (Doc. No. 300) | | In view of the Parties' Non-Opposition, this document is **ORDERED** to be filed publicly. |
| Evidentiary Objections (Doc. No. 300-1) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| Index of Exhibits (Doc. No. 300-2) | | Despite the fact this document was lodged for sealing, no Party has provided any reason for why it should be sealed. For these reasons, this document is **ORDERED** to be filed publicly. |
| PMI's Reply In Support Of MIL No. 5 (Doc. No. 319) | Page 5, lines 2–4; Pages 7-8, Footnote 2 | **GRANTED** |

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' Joint Motion to Seal.  Within **_thirty days_** of the electronic docketing of this Order:

1.      To the extent they have not already, the Parties are **ORDERED** to publicly file all content not covered by this Order.  The Parties' filings should clearly identify each document, and which document it replaces.

2.      The Clerk of Court shall **FILE** the currently lodged documents under seal: Doc. Nos. 252-2; 252-3; 252-4; 252-5; 252-6; 252-7; 252-8; 252-10; 252-12; 252-1; 252;

18cv1927 JO (MSB)

257-1; 264-1; 268-1; 268-2; 268-3; 268-4; 268-5; 268-6; 273-1; 273-2; 273-4; 273; 278-1; 278-5; 288-2; 319.

**IT IS SO ORDERED.**

Dated:   June 3, 2022

Hon. Jinsook Ohta
United States District Judge

18cv1927 JO (MSB)