Eric J. Bakewell (SBN 241529)
  EBakewell@willkie.com
Sean P. Hanle (SBN 298928)
  SHanle@willkie.com
Hannah L. McMeans (SBN 323551)
  HMcmeans@willkie.com
Benita S. Yu (SBN 329195)
  BYu@willkie.com
Emily Horak (SBN 340115)
  EHorak@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:   (310) 855-3000
Facsimile:    (310) 855-3099

*Attorneys for Defendant and
Counterclaimant*
Project Management Institute, Inc.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC., | Case No. 3:18-CV-01927-JO-MSB |
| Plaintiff, | Hon. Jinsook Ohta<br>Courtroom No. 4C |
| v. | **DEFENDANT AND COUNTERCLAIMANT PROJECT MANAGEMENT INSTITUTE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| PROJECT MANAGEMENT INSTITUTE, INC., | |
| Defendant. | |
| PROJECT MANAGEMENT INSTITUTE, INC., | [*Filed Concurrently With Notice Of Motion; Declaration of Eric J. Bakewell In Support of Motion*] |
| Counterclaimant, | Date:   October 12, 2022<br>Time:   9:00 a.m.<br>Courtroom:  4C |
| v. | Action Filed:   August 20, 2018<br>Trial Date:   June 2, 2022 |
| WORKPLACE TECHNOLOGIES RESEARCH, INC.; and DOES 1-15 inclusive, | PER CHAMBERS: NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |
| Counterdefendants. | |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................... 1

RELEVANT BACKGROUND ........................................................................... 2

    WTRI Offers No Evidence Of Its Past Financials Or Future
Confirmed Contracts At Trial .......................................................................... 2

    The Jury Is Not Presented With Any Tort Claims At Trial ...................... 3

    PMI Moves For Judgment As A Matter Of Law And The Court
Defers ................................................................................................................ 4

    The Jury Awards WTRI $3,179,500 In Damages .................................... 4

ARGUMENT ..................................................................................................... 4

I.    JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW
BECAUSE WTRI FAILED TO MEET ITS BURDENS TO
RECOVER LOST PROFITS ................................................................. 5

    A.    The Admitted Evidence Did Not Include The Types Required
For WTRI To Recover Lost Profits ........................................... 5

    B.    WTRI Argued At Trial That Its Lost Profits Were Caused By
An Unpled Breach Of The Services Agreement ........................ 9

II.    WTRI FAILED TO ESTABLISH A CAUSAL CONNECTION
BETWEEN THE REQUESTED (AND AWARDED) DAMAGES
AND PMI'S ALLEGED BREACHES .................................................. 10

III.    JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW
AS TO GROSS NEGLIGENCE OR WILLFUL MISCONDUCT ........... 11

    A.    Gross Negligence And Willful Misconduct Issues Are Not
Proper Jury Questions In This Case .......................................... 11

    B.    Evidence Offered By WTRI Did Not Prove PMI's Gross
Negligence (Much Less Willful Misconduct) As A Matter Of
Law ............................................................................................. 13

    C.    WTRI's Damages Are Contractually Limited Without Gross
Negligence Or Willful Misconduct ........................................... 14

CONCLUSION ................................................................................................. 17

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*
738 F.3d 960 (9th Cir. 2013)..................................................................7

*Armstrong v. United States*
2008 WL 5047680 (N.D. Cal. Nov. 24, 2008) ................................12

*Aspect Sys., Inc. v. Lam Rsch. Corp.*
404 F. App'x 136 (9th Cir. 2010)..........................................................7

*Berkley v. Dowds*
152 Cal. App. 4th 518 (2007)..............................................................12

*Bigge Crane & Rigging Co. v. Workers' Comp. Appeals Bd.*
188 Cal. App. 4th 1330 (2010)....................................................12, 14

*Carlsen v. Koivumaki*
227 Cal. App. 4th 879 (2014)..............................................................12

*City of Santa Barbara v. Superior Court*
41 Cal. 4th 747 (2007) .........................................................................12

*Digital Envoy, Inc. v. Google, Inc.*
2005 WL 2999364 (N.D. Cal. Nov. 8, 2005) ................................15

*Erlich v. Menezes*
21 Cal. 4th 543 (1999) ...................................................................12, 13

*Ever Win Int'l Corp. v. Prong, Inc.*
2017 WL 1654063 (C.D. Cal. Jan. 6, 2017) ................................6, 8

*FiTeq Inc. v. Venture Corp.*
2016 WL 693256 (N.D. Cal. Feb. 22, 2016) ......................................6

*Freeman & Mills, Inc. v. Belcher Oil Co.*
11 Cal. 4th 85 (1995) ...........................................................................11

*Gray v. Hudson*
28 F. 4th 87 (9th Cir. 2022)...................................................................5

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

*Grupe v. Glick*
  26 Cal. 2d 680 (1945) ...................................................................................6

*Haley v. Casa Del Rey Homeowners Ass'n*
  153 Cal. App. 4th 863 (2007)........................................................................10

*Highfields Capital I, LP v. SeaWorld Ent., Inc.*
  2022 WL 1037210 (S.D. Cal. Apr. 6, 2022)..................................................10

*Humetrix, Inc. v. Gemplus S.C.A.*
  268 F.3d 910 (9th Cir. 2001).........................................................................7

*Jacked Up, LLC v. Sara Lee Corp.*
  291 F. Supp. 3d 795 (N.D. Tex. Feb. 15, 2018)............................................6

*McClaran v. Plastic Indus., Inc.*
  97 F.3d 347 356-57 (9th Cir. 1996)...............................................................7

*Pickern v. Pier 1 Imports (U.S.), Inc.*
  457 F. 3d 963 (9th Cir. 2006).........................................................................9

*Polar Bear Prods., Inc. v. Timex Corp.*
  384 F.3d 700 (9th Cir. 2004)..........................................................................6

*ProPortion Foods, LLC v. Master Prot., LP*
  2019 WL 8137705 (C.D. Cal. Sept. 25, 2019) ........................................12, 14

*Reserve Ins. Co. v. Pisciotta*
  30 Cal. 3d 800 (1982)...................................................................................13

*Sargon Enters., Inc. v. Univ. of S. Cal.*
  55 Cal. 4th 747 (2012) ...................................................................................6

*Valenzuela v. ADT Sec. Servs., Inc.*
  475 F. App'x 115 (9th Cir. 2012)..................................................................13

*Verso Paper LLC v. HireRight, Inc.*
  2011 U.S. Dist. LEXIS 55067 (C.D. Cal. May 20, 2011)..............................12

*Vu v. Cal. Commerce Club, Inc.*
  58 Cal. App. 4th 229 (1997)....................................................................10, 11

*Weisgram v. Marley Co.*
  528 U.S. 440 (2000)......................................................................................11

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

*Yujin Robot Co., Ltd. v. Synet Elec., Inc.*
    744 F. App'x 338 (9th Cir. 2018)................................................................7, 8

**Rules**

Fed. R. Civ. P. 8................................................................................................9, 10

Fed. R. Civ. P. 50..................................................................................................5

Fed. R. Evid. 302..................................................................................................6

**Statutes**

Cal. Civ. Code § 1668.........................................................................................13

Cal. Civ. Code § 3301..........................................................................................6

Cal. Evid. Code § 500........................................................................................5, 9

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

55554557          PMI'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

**PRELIMINARY STATEMENT**

The judgment resulting from the jury's finding cannot stand given inherent and fatal defects with the judgment as it relates to issues of damages and gross negligence or willful misconduct.  To wit:

- Damages could not be awarded because: (1) the types of evidence required for Plaintiff and Counterdefendant Workplace Technologies Research, Inc. ("WTRI") to recover lost profits were never admitted into the record; (2) the lost profits sought at trial stemmed from an unpled purported breach by Defendant and Counterclaimant Project Management Institute, Inc. ("PMI") of the parties' License Agreement; and (3) WTRI failed to establish a causal connection between PMI's alleged breaches and WTRI's purported damages; and

- No finding of gross negligence or willful misconduct by PMI was proper because: (1) no tort claims or theories were properly before the jury; (2) what WTRI offered at trial is insufficient as a matter of law to prove gross negligence or willful misconduct; and (3) the parties' contracts severely limit (and, in this situation, eliminate) WTRI's damages in the absence of gross negligence or willful misconduct.

Accordingly, PMI renews its motion for judgment as a matter of law as to the jury's findings of damages and gross negligence or willful misconduct for both the Development and Services Agreements.

A fundamental legal disconnect exists between WTRI's claims in its operative Third Amended Complaint that the jury was supposed to adjudicate and the jury's actual verdict.  WTRI was required to prove its alleged lost profits with evidence of its financials or evidence of concrete commitments to purchase the product at issue for money, but WTRI never offered this evidence despite asking the jury for lost profits and the jury awarding such lost profits.  The jury awarded damages to WTRI even though WTRI never showed a causal connection between

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1   its claimed damages and the breaches it sought to prove at trial as it is legally

2   required to do to recover damages.  Moreover, WTRI alleged in its operative

3   complaint that PMI breached Exhibit C to the Services Agreement (the Services

4   Detail and Delivery Schedule), yet at trial WTRI claimed its damages actually

5   stemmed from a breach of Exhibit A (the License Agreement).  WTRI only had

6   breach of contract claims against PMI, yet WTRI apparently "proved" tort claims

7   for gross negligence or willful misconduct at trial.

8       These fatal disconnects warrant granting PMI's renewed motion for

9   judgment as a matter of law.  WTRI cannot recover the damages awarded by the

10  jury when WTRI failed to make the requisite showing under the law.  WTRI also

11  cannot legally recover for torts when tort claims were not pled or tried.  The jury's

12  findings regarding gross negligence or willful misconduct and the jury's awards of

13  damages must, therefore, be set aside as a matter of law.[1]

## RELEVANT BACKGROUND

### WTRI Offers No Evidence Of Its Past Financials Or Future Confirmed Contracts At Trial

17      WTRI claimed at trial that it was entitled to "lost profits of [$]15.2 million

18  up to [$]30 million."  *See* Declaration of Eric Bakewell ("Bakewell Decl."), Ex E

19  at 2175:5-6 (hereinafter "Trial Tr.").  Yet, WTRI did not enter any of its past or

20  current financials into evidence (a fact WTRI's own damages expert acknowledged

21  on the stand).  *See id.* at 700:14-706:3, 708:4-6, 710:7-11, 711:4-9, 718:18-21,

22  756:22-757:5, 757:21-25, 764:13-766:12, 772:14-20.  Moreover, WTRI failed to

23  enter any evidence of customer contracts, emails from customers, purchase orders,

24  or memoranda of understanding to prove future sales.  *See id.* at 682:12-25,

25  764:13-766:12.  Instead, WTRI relied only on projections to "prove" its lost

26  profits.  *See id.* at 725:21-23, 756:22-757:25.

27

28

---

[1] PMI requests that all damages awarded be set aside but alternatively seeks, as explained herein, that the damages awarded for breach of the Services Agreement ($2,250,000) or breach of the Development Agreement ($929,500) be set aside.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

Additionally, WTRI argued at trial that its lost profits damages were caused by a breach of the License Agreement. *See, e.g.*, Trial Tr. 2158:22-2159:14. However, WTRI did not plead a breach of the License Agreement (Exhibit A to the Services Agreement) and instead only pled a breach of Exhibit C to the Services Agreement. *See* ECF No. 37, ¶¶ 171-77. The jury instructions regarding PMI's purported breach of the Services Agreement limited WTRI to a breach of Exhibit C (not the License Agreement) and included no references to the License Agreement. *See* Jury Instruction No. 29, ECF No. 396.

**The Jury Is Not Presented With Any Tort Claims At Trial**

WTRI's only claims pending before the jury were contract claims. The operative Third Amended Complaint contained the pending claims for breach of contract under the Development Agreement, breach of implied covenant of good faith and fair dealing under the Development Agreement, and breach of contract under the Services Agreement. *See* ECF No. 37.[2] The tort claims WTRI alleged in its First Amended Complaint, Second Amended Complaint, and Third Amended Complaint were dismissed (ultimately, without leave to amend). *See* ECF Nos. 24 at 25:7-8, 32 at 18:14-16, and 42 at 8:25-9:1. WTRI moved to file a Fourth Amended Complaint in December 2020 containing claims for fraudulent misrepresentation and fraudulent inducement after the completion of discovery (and more than two years after filing suit), but that attempt to revive tort claims was also shut down by the Court because WTRI had not shown any new facts learned in discovery to support those claims. *See* ECF No. 111 at 3:26-5:25, 6:8-9. WTRI had no tort claims pending at trial. Moreover, WTRI did not assert in any of its complaints claims for negligence, much less gross negligence or willful misconduct. *See generally* ECF Nos. 24, 32, and 42. Nor did WTRI's damages expert, Ryan LaMotta, offer testimonial evidence as to how PMI's purported gross

---

[2] The Court granted PMI's motion to dismiss WTRI's claims for breach of the implied covenant of good faith and fair dealing in the Services Agreement, fraud, and tortious interference from the Third Amended Complaint. *See* ECF No. 42.

WILKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

negligence or willful misconduct caused WTRI's damages. *See generally* ECF Nos. 370 at 602:5-749:5; 371 at 756:18-774:3; 387 at 1945:25-1999:24.

**PMI Moves For Judgment As A Matter Of Law And The Court Defers**

PMI made an oral motion for judgment as a matter of law at the close of WTRI's case. *See* Trial Tr. 985:8-986:6. PMI moved for judgment as a matter of law on the grounds that: (1) WTRI failed to establish that PMI breached the Development Agreement; (2) WTRI failed to establish that PMI breached the Services Agreement; (3) WTRI's evidence of damages was too speculative; (4) WTRI failed to establish that PMI breached the implied covenant of good faith and fair dealing in the Development Agreement; and (5) there was no evidence presented of PMI's gross negligence or willful misconduct. *See id.*

The Court exercised its discretion to allow the jury to return a verdict and to defer PMI's motion for judgment as a matter of law until after receiving the jury's verdict. *See id.* at 986:14-20 ("So the court in its discretion is going to defer this. And we're going to let the jury come back with a verdict on this issue. . . . After the jury comes back with the verdict, if necessary, then we'll get full briefing on the issues that you have placed on the record.").

**The Jury Awards WTRI $3,179,500 In Damages**

On June 27, 2022, the jury found for WTRI on its contract claims. *See* ECF No. 397. The jury found PMI's conduct amounted to gross negligence or willful misconduct as to both the Development Agreement and the Services Agreement. *See* ECF No. 413 at 2:20-27, 4:15-22. The jury awarded WTRI $929,500 as to the Development Agreement and $2,250,000 as to the Services Agreement for a total of $3,179,500. *Id.* at 3:1-2, 4:23-24. The Court entered the judgment on July 12, 2022. *See generally id.*

**ARGUMENT**

PMI is entitled to judgment as a matter of law on the issues of WTRI's lost profit damages claims, WTRI's damages more generally, and gross negligence or

WILKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

willful misconduct.  The jury did not have a legally sufficient basis for finding that: (1) WTRI was entitled to the damages it awarded; or (2) PMI acted with gross negligence or willful misconduct.  *See* Fed. R. Civ. P. 50(a) (stating a court may grant motion for judgment as a matter of law on a claim where "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue"); *Gray v. Hudson*, 28 F. 4th 87, 95-96 (9th Cir. 2022) (vacating jury's damages award where jury had no "legally sufficient evidentiary basis" to rule in plaintiff's favor).

PMI initially moved for judgment as a matter of law on the issues of WTRI not providing sufficient evidence of damages, gross negligence, and willful misconduct during trial and hereby renews its motion for judgment as a matter of law on these grounds.  *See* Fed. R. Civ. P. 50(b) (movant may file a renewed motion for judgment as a matter of law if court does not grant motion made under Rule 50(a)).  The Court should direct the entry of judgment as a matter of law on these issues and vacate the jury's damages award.  *Id.*

## I.   JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW BECAUSE WTRI FAILED TO MEET ITS BURDENS TO RECOVER LOST PROFITS

WTRI bore the burden to prove its alleged damages at trial including its request for lost profits.  WTRI's failure to prove lost profits is two-fold.  WTRI failed to introduce the types of evidence required to recover lost profits.  WTRI also failed to connect its alleged lost profits to the live claims tried before the jury. Accordingly, WTRI cannot recover lost profits as a matter of law and the jury's award of $2,250,000 must be stricken.

### A.   The Admitted Evidence Did Not Include The Types Required For WTRI To Recover Lost Profits

WTRI failed to satisfy its evidentiary burden at trial to prove its alleged lost profits.  *See* Cal. Evid. Code § 500 (placing burden on party to prove facts for each

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

element of claim); *see also* Fed. R. Evid. 302 (providing state law governs burden for state law claim). A plaintiff must prove with reasonable certainty the occurrence and extent of their lost profits. *See* Cal. Civ. Code § 3301 ("No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."); *Grupe v. Glick*, 26 Cal. 2d 680, 693 (1945) (establishing standard for recovery of lost profits).

Established businesses like WTRI must prove their alleged lost profits with evidence of past revenue and provable future sales. *See Sargon Enters., Inc. v. Univ. of S. Cal.*, 55 Cal. 4th 747, 774 (2012) (allowing evidence of historical data like business volume and supply to prove lost profits); Trial Tr. 74:14-16 (Dr. DiBello testifying that she founded WTRI in 1997). Future sales are provable where their nature and occurrence can be shown by evidence of reasonable reliability. *See Grupe*, 26 Cal. 2d at 692-93 (remanding for further fact finding around purported lost profit). Future sales must be proven by contracts or purchase orders. *See Sargon Enters., Inc.*, 55 Cal. 4th at 778 (finding that company launching new product was not an unestablished business and was thus limited to proving its track record of profits at $101,000 per year); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 710 (9th Cir. 2004) (excluding lost profit damages in copyright case where there was no evidence of licenses and presumption of success was dreamed).

Projections and alleged enthusiasm like WTRI presented at trial are insufficient to satisfy a plaintiff's burden of proof to show lost profits. *See Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 801, 805 (N.D. Tex. Feb. 15, 2018) (finding expert opinion too speculative where there were no contracts with buyers and projections were based on the buyer's alleged enthusiasm); *Ever Win Int'l Corp. v. Prong, Inc.*, 2017 WL 1654063, at *3 (C.D. Cal. Jan. 6, 2017) (excluding lost profit damages where there was no evidence of renewed contracts rendering lost profits speculative); *FiTeq Inc. v. Venture Corp.*, 2016 WL 693256,

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

at *2, *7 (N.D. Cal. Feb. 22, 2016) (excluding lost profit claims for between $18 and $78 million where product was still in development and projections were based on projections submitted to obtain a government grant).

Numerous Ninth Circuit cases demonstrate that judgment as a matter of law is necessary where a plaintiff like WTRI fails to introduce evidence of past sales and confirmed contracts for future sales to corroborate its alleged lost profits. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970-71 (9th Cir. 2013) (upholding lost profit award under nearly identical New York standard when plaintiff admitted evidence of past sales performance); *Aspect Sys., Inc. v. Lam Rsch. Corp.*, 404 F. App'x 136, 139 (9th Cir. 2010) (upholding lost profit award where plaintiff offered evidence of "historical revenue data"); *Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001) (upholding lost profit award when plaintiff offered evidence of contracts plaintiff had closed, projects for which plaintiff had received commitments, and contracts in negotiation at the time of the breach); *McClaran v. Plastic Indus., Inc.*, 97 F.3d 347 356-57 (9th Cir. 1996) (striking damages award under nearly identical Tennessee legal standard where plaintiff's projections contradicted admitted evidence of plaintiff's past sales). Moreover, the Ninth Circuit granted judgment as a matter of law when a jury's $2 million verdict "was comprised of future lost profit damages unsupported by any of the kind of evidence required under California law." *Yujin Robot Co., Ltd. v. Synet Elec., Inc.*, 744 F. App'x 338, 340 (9th Cir. 2018). The Ninth Circuit explained that testimony from the plaintiff's president was insufficient to meet plaintiff's evidentiary burden under California law especially where plaintiff only offered into evidence one purchase order. *See id.* at 341.

WTRI failed at trial to offer the types of evidence necessary to meet its evidentiary burden for lost profits, and WTRI's errors must now be cleaned up through judgment as a matter of law. WTRI did not admit any evidence of its past financials. *See generally* Pl. Ex. List, ECF No. 393; Def. Ex. List, ECF No. 394;

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

Ct. Ex. List, ECF No. 395.  Similarly, WTRI did not admit any contracts or purchase orders to prove future sales.  *See generally id.*; Trial Tr. 246:3-4, 247:23-248:21 (Dr. DiBello testifying there are no purchase orders or contracts); *id.* at 1561:14-1563:18 (Dr. DiBello admitting email shows lost customer was caused by merger not PMI).  WTRI's damages expert agreed there was no evidence of future contracts or past financials in the record before the jury.  *See* Trial Tr. 682:12-25; *see also id.* at 700:14-706:3, 708:4-6, 710:7-11, 711:4-9, 718:18-21, 756:22-757:5, 757:21-25, 764:13-766:22, 772:14-20 ("I don't have a number of actual historical customers.").  WTRI's witnesses could not authenticate and admit into evidence the few documents WTRI attempted to offer of its past financials.  *See id.* 255:4-256:22, 492:11-493:8 (failing to authenticate and introduce WTRI trial exhibits 468 and 2390).  Moreover, any evidence of WTRI's financials or concrete commitments to purchase the PAL product for money is solely within WTRI's possession, custody, or control so there is no excuse for WTRI's failure to admit this evidence as required to recover lost profits.[3]

WTRI's entire lost profit claim rested on the projections that were merely a guess.  *See* Trial Tr. 559:21-561:5 ("[Projections] are only best guesses at that point of time that they are actually created.").  WTRI failed to meet its evidentiary burden as a matter of law because WTRI chose to only introduce projections and failed to introduce evidence of past sales or future contracts to support its claim for lost profits.  *See Yujin Robot Co., Ltd.*, 744 F. App'x at 340 (striking lost profit award when plaintiff did not offer evidence of contracts); *Ever Win Int'l Corp.*, 2017 WL 1654063, at *3 (excluding lost profit damages where plaintiff did not

---

[3] The record at trial also showed that PMI contemporaneously asked for proof of commitments to pay money for the PAL project.  *See* Bakewell Decl. Ex. D (Trial Ex. 95) at 4 ("As discussed in our call, I'm unclear on who promised the 18 companies you are referring to Icebochz, and in what capacity?  We offered use of Proteum/Icebochz in exchange for feedback and testimonials.  I am unaware of any (tangible) commercial (providing Icebochx [*sic*] in exchange for money paid) conversations and/or agreements.").  WTRI could not provide evidence when asked in March 2018 and it could not provide evidence over four years later at trial in June 2022.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1    admit evidence of renewed contracts).  Accordingly, judgment as a matter of law

2    must be granted to set aside the jury's $2,250,000 award based on lost profits.

3    **B.    WTRI Argued At Trial That Its Lost Profits Were Caused By An**

4    **Unpled Breach Of The Services Agreement**

5    WTRI alleged certain breaches in its operative complaint but decided at trial

6    to rest its entire damages claim on an unpled breach.  WTRI bore the burden at trial

7    to prove its lost profits were caused by PMI's breaches.  *See* Cal. Evid. Code § 500

8    (placing burden on party to prove facts for each element of claim).  WTRI is

9    limited to the breaches it pled in its operative Third Amended Complaint.  *See* Fed.

10   R. Civ. P. 8(a)(2) (requiring pleading to provide "short and plain statement of the

11   claim"); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F. 3d 963, 968 (9th Cir. 2006)

12   (preventing plaintiff from providing generic examples in pleading without

13   specifically alleging which examples apply to its claim).

14   WTRI pled four breaches of the Services Agreement in the Third Amended

15   Complaint claiming PMI breached the agreement by not: (1) performing its

16   obligations; (2) completing a functional Agile product under Exhibit C;

17   (3) recruiting pilot participants; and (4) collecting user feedback from pilot

18   participants.  *See* Third Am. Compl. ¶¶ 171-176, ECF No. 37; Jury Instruction No.

19   29, ECF No. 396.  Yet, WTRI offered a new theory at trial by suddenly arguing

20   that its lost profits stemmed from a breach of the License Agreement attached to

21   the Services Agreement as Exhibit A.  *See* Trial Tr. 669:11-670:6 (WTRI's

22   damages expert testifying "I have identified that the15.2 million in lost profits from

23   the Proteum and Icebochz products flows from the License Agreement, from the

24   Services Agreement specifically."); *see also id.* at 2060:5-9, 2157:2-8, 2158:22-25

25   ("PMI's shelving of both Proteum and Icebochz and preventing WTRI from having

26   access to the code was a direct violation of the License Agreement portion of the

27   Services Agreement.").

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

9

WTRI cannot as a matter of law recover for lost profits caused by a breach of the License Agreement because this issue was not pled or presented to the jury to decide.  *See* Fed. R. Civ. P. 8(a)(2) (requiring pleading to provide "short and plain statement of the claim"); *Highfields Capital I, LP v. SeaWorld Ent., Inc.*, 2022 WL 1037210, at *11 (S.D. Cal. Apr. 6, 2022) (excluding testimony about damages unrelated to the damages sought in pleading); *see also* Jury Instruction No. 29, ECF No. 396 (presenting only four breaches for the jury to decide none of which are a breach of the License Agreement).  WTRI did not otherwise claim or present evidence at trial that its four pled breaches caused its lost profits.  *See generally* ECF Nos. 367-374, 380, 382, 385-387, 389; *see also* Trial Tr. 669:11-670:6.  Accordingly, judgment as a matter of law should be granted to correct the disconnect between the claims actually presented to the jury to decide and the jury's damages award caused by unpled breaches.

## II.    WTRI FAILED TO ESTABLISH A CAUSAL CONNECTION BETWEEN THE REQUESTED (AND AWARDED) DAMAGES AND PMI'S ALLEGED BREACHES

WTRI did not show PMI's purported breaches of the parties' agreements caused any of its alleged damages because WTRI's damages claims were untethered to the alleged breaches.  WTRI's damages expert, Ryan LaMotta, testified at trial that WTRI's proffered damages were not tied to any particular breach of the parties' agreements.  *See, e.g.*, Trial Tr. 759:4-11.

WTRI bore the burden to show that PMI's alleged breaches caused WTRI's damages.  *See Haley v. Casa Del Rey Homeowners Ass'n*, 153 Cal. App. 4th 863, 871-72 (2007) ("A proximate cause of loss or damage is something that is a substantial factor in bringing about that loss or damage."); *Vu v. Cal. Commerce Club, Inc.*, 58 Cal. App. 4th 229, 233 (1997) ("Causation of damages in contract cases . . . requires that the damages be proximately caused by the defendant's breach, and that their causal occurrence be at least reasonably certain.").  WTRI

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

had to prove at trial with reasonable certainty that PMI breached a contract or implied covenant and must then prove that the specific breach proximately caused the alleged damage.  *See Vu*, 58 Cal. App. 4th at 235 (finding gamblers could not show that card club caused their gambling losses).  Instead, WTRI presented a damages "wish list" with the amounts and categories of damages it hoped to obtain without linking any of its wish list items to the purported contractual breaches driving those claims.  The jury's award of damages to WTRI is legally improper.

## III.   JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW AS TO GROSS NEGLIGENCE OR WILLFUL MISCONDUCT

WTRI is not entitled to the damages awarded by the jury (or at a minimum is not entitled to the full amount awarded) because WTRI is contractually barred from recovering for the damages sought unless PMI engaged in gross negligence or willful misconduct.  The jury could not have found PMI liable for gross negligence or willful misconduct because WTRI did not assert tort claims and, thus, this issue should not have been before the jury.

### A.   Gross Negligence And Willful Misconduct Issues Are Not Proper Jury Questions In This Case

The jury's finding that there was gross negligence or willful misconduct is not legally viable under WTRI's contract claims – which do not present any tort issues.[4]  *See Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000) (holding Federal Rule of Civil Procedure 50 "allows the trial court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result").

Gross negligence or willful misconduct are tortious causes of action not alleged in this case and are inapplicable to WTRI's asserted contract claims.  Gross

---

[4] WTRI's claim for breach of the implied covenant of good faith and fair dealing in the Development Agreement does not give rise to tort claims.  *See Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 102 (1995) (adopting "a general rule precluding tort recovery for noninsurance contract breach" where there is no violation of "an independent duty arising from principles of tort law").

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

negligence or willful misconduct are aggravated forms of negligence.  *See City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 776 (2007) (noting that gross negligence is "aggravated" as opposed to "merely ordinary" negligence); *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 895 (2014) ("Willful misconduct is an aggravated form of negligence."); *see also Bigge Crane & Rigging Co. v. Workers' Comp. Appeals Bd.*, 188 Cal. App. 4th 1330, 1349 (2010) ("'Willful misconduct' means something different from and more than negligence, however gross.").

WTRI failed to satisfy the more demanding requirements for gross negligence or willful negligence claims by not even alleging, let alone proving, a claim for any type of negligence or willful misconduct.  *See Frittelli, Inc.*, 202 Cal. App. 4th at 52 (noting that gross negligence require more than pleading the elements of negligence); *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007) (stating the requirements for willful misconduct "are similar to negligence but stricter"); *see also Verso Paper LLC v. HireRight, Inc.*, 2011 U.S. Dist. LEXIS 55067, at *10 (C.D. Cal. May 20, 2011) (noting "[g]ross negligence is a higher standard" than ordinary negligence); *Armstrong v. United States*, 2008 WL 5047680, at *5 (N.D. Cal. Nov. 24, 2008) (stating willful misconduct under California law is "a very high standard" to meet); *see generally* ECF No. 37.

WTRI's contract claims alone cannot raise questions about gross negligence or willful misconduct because contract law is distinct from tort law.  *See Erlich v. Menezes*, 21 Cal. 4th 543, 550 (1999) ("[T]he distinction between tort and contract is well grounded in common law, and divergent objectives underlie the remedies created in the two areas."); *see also ProPortion Foods, LLC v. Master Prot., LP*, 2019 WL 8137705, at *3 (C.D. Cal. Sept. 25, 2019) (recognizing that California courts do not follow the rule that "a negligent failure to [perform a contract] may be both a breach of contract and a tort").  A "conduct amounting to a breach of contract becomes tortious *only when* it also violates a duty *independent* of the contract arising from principles of tort law." *Erlich*, 21 Cal. 4th at 551 (emphasis

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

added).  WTRI failed to demonstrate PMI owed WTRI any duty independent of the parties' contracts by only asserting contract claims and, essentially, pointing only to the contracts at issue.  *See Valenzuela v. ADT Sec. Servs., Inc.*, 475 F. App'x 115, 117 (9th Cir. 2012) (affirming summary judgment for the defendant on the plaintiff's gross negligence claim where defendant's alleged legal duty did not arise from a duty independent of the parties' contract).

In addition, gross negligence or willful misconduct have specific legal meanings in the context of limitation of liability clauses.  *See* Cal. Civ. Code § 1668 (providing a contract cannot exempt liability for "fraud" or "willful injury to the person or property of another").  California law prohibits parties from contracting limitations on liability for intentionally tortious conduct.  *See id.*; *Frittelli, Inc.*, 202 Cal. App. 4th at 43 ("[T]he statute invalidates contracts that purport to exempt an individual or entity from liability for future intentional wrongs.").  The public policy interest captured in California Civil Code Section 1668 further establishes that gross negligence or willful misconduct are grounded in tort – not in contract.  *See Erlich*, 21 Cal. 4th at 550-51 ("Whereas contract actions are created to enforce the intentions of the parties to the agreement, tort law is primarily designed to vindicate 'social policy.'"); *Reserve Ins. Co. v. Pisciotta*, 30 Cal. 3d 800, 814 (1982) ("It is axiomatic that absent a violation of public policy, a statute, or a constitutional provision, the parties to a private agreement may allocate risks in any manner they may choose.").

**B.**      **Evidence Offered By WTRI Did Not Prove PMI's Gross Negligence (Much Less Willful Misconduct) As A Matter Of Law**

Nothing in the record supports the jury's finding that PMI acted with gross negligence or willful misconduct.

WTRI argued that PMI acted with gross negligence because of a laundry list of purportedly wrongful conduct.  *See* Trial Tr. 2097:5-2106:19.  But, this laundry list of contentions (and any evidence WTRI cites to support the contentions) does

WILKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1  not prove PMI's gross negligence even construed in the light most favorable to

2  WTRI because WTRI never pled or proved the elements of gross negligence.[5]  *See*

3  *Frittelli, Inc.*, 202 Cal. App. 4th at 52.  Notably, WTRI never established that PMI

4  owed it a duty independent of the parties' contracts to support its insistence that

5  PMI acted with gross negligence.  *See ProPortion Foods, LLC*, 2019 WL 8137705,

6  at *3 (holding the plaintiff's gross negligence claim "is based on essentially the

7  same factual allegations as its breach of contract cause of action" and so does not

8  identify "a breach of any independent duty").

9      WTRI also failed to offer any evidence that PMI's purported misconduct

10  arose to willful misconduct because none of the evidence admitted at trial proved

11  that PMI intended to harm WTRI.  *See Bigge Crane & Rigging Co.*, 188 Cal. App.

12  4th at 1349 (stating willful misconduct is "conduct of a quasi-criminal nature, the

13  intentional doing of something either with the knowledge that it is likely to result

14  in serious injury or with a wanton and reckless disregard of its possible

15  consequences").

16      **C.**    **WTRI's Damages Are Contractually Limited Without Gross**

17      **Negligence Or Willful Misconduct**

18      The damages awarded to WTRI have no legal basis because the contracts the

19  parties signed do not allow certain categories of damages (like lost profits) to be

20  awarded *unless* there is gross negligence or willful misconduct.  *See Bakewell*

21  *Decl.* Ex. A ("Trial Ex. 315") ¶ 11; *id.* at Ex. C ("Trial Ex. 518") ¶ 8; *see also* ECF

22  No. 336 at 9:6-12:11 (PMI's trial brief explaining limitations on WTRI's

23  damages); *see generally* ECF No. 340 (PMI's Motion to Limit Damages

24

25  [5] WTRI claimed PMI's gross negligence included: (1) failing to develop Enterprise
Architecture under the Development Agreement starting in September 2015; (2)
26  lacking the skills to develop the Enterprise Architecture; (3) retaining third-party
company Neudesic which lacked the skills to develop the Enterprise Architecture;
27  (4) making development decisions based on a SonarQube analysis it did not
understand (and should have understood); (5) concluding the PAL source code
28  would not scale without performing any testing to reach that conclusion; (6)
rejecting and retaining the software without analyzing the acceptance criteria in
good faith; and (7) making incompetent and poor staffing choices.  *See id.*

    PMI'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Consistent with Contractual Terms).  WTRI did not assert any claim for gross negligence or willful misconduct.  Therefore, issues regarding PMI's gross negligence or willful misconduct should never have been before the jury.  And, the damages that the jury could have awarded to WTRI should have been limited to exclude any claim for lost profits.  *See Digital Envoy, Inc. v. Google, Inc.*, 2005 WL 2999364, at *6 (N.D. Cal. Nov. 8, 2005) (holding the plaintiff is precluded from recovering actual damages because the limitation of liability provision in the parties' agreement only permits recovery for losses in instances of the defendant's willful misconduct, which the plaintiff did not establish).

PMI established at trial that it paid WTRI more than $2.1 million in accordance with the parties' agreements.  *See, e.g.*, Trial Tr. 810:13-17.  PMI paid WTRI $1 million under the Development Agreement.  *See* Trial Ex. 315 ¶ 2.5(a); *see, e.g.*, Trial Tr. 167:3-9; 215:13-16.  PMI exercised its right to reject and retain the software under the Development Agreement and was not obligated to pay any additional amount under the Development Agreement.  *See* Bakewell Decl. Ex. B ("Trial Ex. 401") (providing that if PMI "elects to retain ownership of the rejected version" of the software, PMI "shall owe no further payments to [WTRI] under this Agreement"); *see, e.g.*, Trial Tr. 555:2-12, 555:18-556:7.  PMI also paid WTRI the full amount owed ($1,137,623) under the Services Agreement.  *See* Trial Ex. 518 ¶ 4.1; *see, e.g.*, Trial Tr. 222:6-17.

The jury's damages award to WTRI for breach of the Development Agreement is improper as a matter of law because WTRI cannot recover for such damages under the agreement's liability limitations clause without establishing gross negligence or willful misconduct on PMI's part.  *See* Trial Ex. 315 at ¶ 11. The Development Agreement provides that no party:

> will be liable, in the aggregate, with respect to any subject matter of this agreement under any contract, negligence, strict liability or other legal or equitable theory for any direct, special, incidental, exemplary or consequential damages, including, . . . any amounts in

WILKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

excess of the payments to be made to [WTRI] by [PMI] pursuant to this Agreement.  The parties agree that the limitations in this section are a bargained for exchange and a material condition and premise of this Agreement.

*Id.*  The Development Agreement's liability limitations clause is inapplicable only "where liability arises as a direct result of the gross negligence or willful misconduct of the party against whom a claim or action for damages is brought." *Id.*  PMI paid WTRI all that WTRI is owed under the Development Agreement. *See* Trial Ex. 401; *see, e.g.*, Trial Tr. 555:2-12, 555:18-556:7.  PMI was not required to pay WTRI any additional amount under the Development Agreement because PMI rejected and retained the software at issue as contractually permitted. *See* Trial Ex. 401.  Thus, absent a showing of PMI's gross negligence or willful misconduct, WTRI cannot receive "any amounts in excess of the payments to be made" to WTRI by PMI pursuant to the Development Agreement.  *See* Trial Ex. 315 ¶ 11.  WTRI did not even plead, let alone establish, PMI's gross negligence or willful misconduct.

Similarly, WTRI is not entitled to damages for breach of the Services Agreement because WTRI's damages theory was entirely based on lost profits – a category of damages that is precluded by the Services Agreement absent gross negligence or willful misconduct.  *See* Trial Ex. 518 ¶ 8 (limiting liability for damages based for "loss of profits" except for "in the case of gross negligence or willful misconduct by the party against whom liability is claimed"); Trial Tr. 607:1-4 (WTRI's damages expert explaining the "first" "bucket" of his damages calculations for "lost profits that WTRI suffered as a result of its inability to sell the Proteum product and the IceBochz product"), 670:3-6, 670:18-671:3 (WTRI's damages expert clarifying that WTRI's claim for damages for breach of the Services Agreement is derived from "lost profits from the Proteum and IceBochz products"), 2175:3-11 (stating that WTRI seeks an award "for lost profits of 15.2 million up to 30 million" for breach of the Services Agreement).  As with the

1   Development Agreement, WTRI did not allege, much less prove, gross negligence

2   or willful misconduct which precludes recovery of damages based on lost profits.

3       WTRI's failure to prove PMI's gross negligence or willful misconduct

4   contractually precludes it from obtaining the $3.179 million breach-of-contract

5   damages awarded by the jury.  At a minimum, WTRI is not entitled to the entire

6   damages award because WTRI's recovery is restricted by the liability limitation

7   clauses in the Development and Services Agreements – contractual provisions to

8   which WTRI agreed.  *See, e.g.*, Trial Tr. 192:1-15; 193:14-15; 197:6-8; 198:8-19.

9   WTRI is thus not entitled to the jury's damages award as a matter of law.

10   ## CONCLUSION

11       For the foregoing reasons, PMI respectfully requests that the Court: (1) set

12   aside the damages awarded to WTRI in its entirety, or, in the alternative, set aside

13   either the damages award of $929,500 under the Development Agreement or lost

14   profit damages award of $2,250,000 under the Services Agreement; and (2) set

15   aside judgment on the issue of gross negligence or willful misconduct.

16   Dated:  August 9, 2022          WILLKIE FARR & GALLAGHER LLP

17

18   By:  */s/ Eric J. Bakewell*
         Eric J. Bakewell

19       Sean P. Hanle
         Hannah L. McMeans

20       Benita S. Yu
         Emily Horak

21       *Attorney for Defendant and*

22       *Counterclaimant*
         Project Management Institute, Inc.

23

24

25

26

27

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

55554557          PMI'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW