UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>Defendant. | Case No.:  18cv1927 JO (MSB)<br><br>**ORDER ON MOTION TO APPROVE BOND AND STAY ENFORCEMENT**<br><br>**(Doc. No. 421)** |
| PROJECT MANAGEMENT INSTITUTE, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>WORKPLACE TECHNOLOGIES RESEARCH, INC.,<br><br>Counter-Defendant. | |

Defendant Project Management Institute, Inc. ("PMI") filed a Motion to Approve Bond and Stay Enforcement. (Doc. No. 421). Plaintiff Workplace Technologies Research, Inc. ("WTRI") filed a Notice of Non-Opposition. (Doc. No. 424). For the reasons set forth below, PMI's Motion is **GRANTED**.

///

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce judgments. *See* Fed. R. Civ. P. 62. Under Federal Rule of Civil Procedure 62(b):

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

"District courts have inherent discretionary authority in setting supersedeas bonds[.]" *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

## ANALYSIS

PMI requests that the Court stay enforcement of the judgment in this action on the condition of bond for $3,179,500—an amount equal to the judgment entered against PMI. (Doc. Nos. 413 at 2; 421-1 at 2). The Court must examine whether this bond amount is sufficient to protect WTRI's interests in collecting its judgment.

"The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988); *see also Rachel*, 831 F.2d at 1505 n.1. While Rule 62(b) is silent on the amount of bond required to protect the prevailing party, courts have required bond amounts in the range of "1.25 to 1.5 times the judgment." *Cotton v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (internal quotation marks omitted). Courts typically set a bond amount higher than the judgement because the amount is "intended to encompass the judgment, costs on appeal, interest, and damages for delay." *Salinas v. Pac. Castle Newport I, LLC*, No. SACV 14-01233-CJC(ANx), 2016 U.S. Dist. LEXIS 194321, at *24 (C.D. Cal. Oct. 20, 2016).

Here, although PMI's proposed bond amount is below the typical benchmark, the court finds PMI's request reasonable for two reasons. First, WTRI, the prevailing plaintiff, does not oppose PMI's motion. (Doc. No. 424). As bond requirements serve

1 | the purpose of protecting the interests of the prevailing party, WTRI's non-opposition
2 | carries significant weight with the Court. Second, both Parties recognize the amount of
3 | bond will likely need to be revisited pending the court's resolution of the Parties' post-
4 | trial motions and any subsequent appeals. (Doc. Nos. 421-1 at 2 n.1; 424 at 2).

5 | For the above reasons, PMI's Motion is **GRANTED** and a bond in the amount of $3,179,500 is approved. PMI is directed to file the original bond with the Clerk of Court within **fourteen days** of the entry of this Order. Upon the filing of the bond, the enforcement of the judgment in this case will be **STAYED** pending the resolution of the Parties' post-trial motions and any subsequent appeals.

If necessary, the court will revisit the amount of bond—after appropriate meet and confer efforts and briefing from the Parties—at a later point in time following the Court's disposition of the Parties' post-trial motions.

**IT IS SO ORDERED.**

Dated: August 26, 2022

Hon. Jinsook Ohta
United States District Judge